# Exhibit 10

# 104.00 Confidential Review of Eligibility

The Exchange will undertake a free confidential review of the eligibility for listing of any company that requests such a review and provides the documents listed in Section 104.01 (for domestic companies) or Section 104.02 (for non-U.S. companies). A company may submit an original listing application only after it has been cleared to do so by the Exchange after completion of a free confidential eligibility review. (See Section 702.00 for a description of the original listing application process for an issuer which does not at the time of application have any other class of securities listed on the Exchange.)

    Amended: August 15, 2013 (NYSE-2013-33).

# 104.01 Domestic Companies

The following is a general outline of the information needed for the purpose of conducting a confidential eligibility review:

(1) Copy of the charter and by-laws.

(2) Specimens of bonds or stock certificates, if any.

(3) The annual reports to shareholders for the last five years. (Two copies of the latest year.)

(4) The latest available prospectus covering an offering under the Securities Act of 1933 (where available) and latest Form 10-K filed with the SEC.

(5) The proxy statement for the most recent annual meeting.

(6) Supplementary data to assist the Exchange in determining the character of the share distribution and the number of publicly-held shares.

    (a) Identification of 10 largest holders of record, including beneficial owners (if known) of holdings of record nominees.

    (b) List of holdings of 1,000 shares or more in the names of Exchange member organizations.

    (c) NASDAQ or other registered securities exchanges' volume and price range during each of the last two years.

(d) Summary, by principal groups, of stock owned or controlled by:

  (1) Directors or officers and their immediate families.

  (2) Other concentrated holdings of 10 % or more.

(e) Shares held under investment letters (Securities Act of 1933) and not reported elsewhere under Item 5(d).

(f) Estimate of number of non-officer employees owning stock and the total shares held.

(g) Company shares held in profit-sharing, savings, pension, or other similar funds or trusts established for benefit of officers, employees, etc. Indicate basis on which employees' participation is allocated or vested circumstances under which employees may receive company shares, and provision for 'pass through' of voting rights to employees or other methods of voting shares.

The form of listing application and information regarding supporting documents required in connection with the listing of domestic companies are available on the Exchange's website or from the Exchange upon request.

  Amended: August 15, 2013 (NYSE-2013-33).

## 104.02 Non-U.S. Companies

The following is a general outline of the information needed for the purpose of conducting a confidential eligibility review:

(1) Copy of the charter and by-laws or equivalent constitutional documents (translated into English).

(2) Specimens of certificates traded or to be traded in the U.S. market, if any. Also, a copy of any depository agreement, if applicable.

(3) The annual reports to shareholders for the last five years. (Two copies of the latest year.) If no English version is available, provide translation for last three years' reports.

(4) The latest available prospectus covering an offering under the Securities Act of 1933 and latest annual SEC filing, if any. Where no SEC documents are available, provide a copy of the most recent document utilized in connection with an offering of securities to the public or existing shareholders as well as any filings made with any regulatory authority.

(5) The proxy statement or equivalent material made available to shareholders for the most recent annual (general) meeting (translated into English).

(6) Supplementary data to assist the Exchange in determining the character of the share distribution and the number of publicly-held shares. This information should be provided for both U.S. and worldwide holdings.

   (a) Names of the 10 largest holders.

   (b) Exchange member organizations holding 1,000 or more shares or other units.

   (c) A list of the stock exchanges or other markets upon which the company's securities are currently traded as well as the price range and volume of those securities over the past five years.

   (d) Stock owned or known to be controlled by:

      (1) Directors, officers and their immediate families.

      (2) Other holdings of 10% or more.

   (e) Any type of restriction (and the details thereof) relating to shares of the company.

   (f) Estimate of non-officer employee ownership.

   (g) Company shares held in profit sharing, savings, pension, or similar plans for benefit of the company's employees.

(7) If the company has any partially-owned subsidiaries, detail ownership (public or private) of the remainder (as well as any director or officer ownership therein).

(8) A list of the company's principal bankers and a statement of the holdings of the applicant's stock by any one of these bankers which is in excess of 5%.

(9) The identity of any regulatory agency which regulates the company or any portion of its operations. Describe the extent and impact of such regulation on taxation, accounting, foreign exchange control, etc.

(10) Identification of the company's directors and principal officers by name, title and principal occupation.

(11) Total number of employees and general status of labor relations.

(12) A description of pending material litigation and opinion as to potential impact upon the company as operations.

The form of listing application and information regarding supporting documents required in connection with the listing of non-U.S. companies are available on the Exchange's website or from the Exchange upon request.

Amended: August 15, 2013 (NYSE-2013-33).

## 105.00 Limited Partnership Rollup

105.00Limited Partnership Rollup
The Exchange will not list a security issued in a limited partnership rollup transaction, as that term is defined in paragraphs (4) and (5) of section 14(h) of the Securities Exchange Act of 1934, unless such transaction was conducted in accordance with procedures designed to protect the rights of limited partners. The Exchange will consider a rollup transaction to have been conducted in accordance with such procedures only if: (a) a broker-dealer registered with the Securities and Exchange Commission participates in the transaction; and (b) the Exchange receives a written opinion of outside counsel stating that such broker-dealer's participation in the rollup transaction was conducted in compliance with rules of a national securities association designed to protect the rights of limited partners, as specified in the Limited Partnership Rollup Reform Act of 1933.

## 106.01 Stock Symbol Selection

Subject to availability, the Exchange will assign the stock symbol requested by the company. The company should provide the Exchange with a first, second and third choice. The Exchange currently uses one, two and three letter combinations.

## 106.02 Designated Market Maker ("DMM") Allocation

The Exchange has developed procedures to ensure that the allocation of stocks to DMM units is carried out objectively and with the highest degree of professionalism. Selecting the best available DMM unit is of the utmost importance to the Exchange because of the principal role DMMs play in providing the finest marketplace for securities trading.

As soon as the Exchange makes the allocation decision, the company is immediately notified by telephone and in writing of the name of the DMM firm, selected background information on the firm and the reasons why the firm was selected.

Amended: December 8, 2015 (NYSE-2015-63).