# Exhibit 12

| OMB APPROVAL | |
|---|---|
| OMB Number: | 3235-0256 |
| Expires: | April 30, 2026 |
| Estimated average burden hours per response……....153.42 | |

# UNITED STATES
# SECURITIES AND EXCHANGE COMMISSION
### Washington, D.C. 20549

## FORM F-3

## REGISTRATION STATEMENT UNDER THE SECURITIES ACT OF 1933

_____

(Exact name of registrant as specified in its charter)

_____

(Translation of Registrant's name into English)

_____

(State or other jurisdiction of incorporation or organization)  (I.R.S. Employer Identification Number)

_____

(Address and telephone number of Registrant's principal executive offices)

_____

(Name, address, and telephone number of agent for service)

Approximate date of commencement of proposed sale to the public _____

If only securities being registered on this Form are being offered pursuant to dividend or interest reinvestment plans, please check the following box. ☐

If any of the securities being registered on this Form are to be offered on a delayed or continuous basis pursuant to Rule 415 under the Securities Act of 1933, check the following box. ☐

If this Form is filed to register additional securities for an offering pursuant to Rule 462(b) under the Securities Act, please check the following box and list the Securities Act registration statement number of the earlier effective registration statement for the same offering. ☐

If this Form is a post-effective amendment filed pursuant to Rule 462(c) under the Securities Act, check the following box and list the Securities Act registration statement number of the earlier effective registration statement for the same offering. ☐

If this Form is a registration statement pursuant to General Instruction I.C. or a post-effective amendment thereto that shall become effective upon filing with the Commission pursuant to Rule 462(e) under the Securities Act, check the following box. ☐

SEC 1983 (02-25)    Potential persons who are to respond to the collection of information contained in this Form are not required to respond unless the Form displays a currently valid OMB control number.

If this Form is a post-effective amendment to a registration statement filed pursuant to General Instruction I.C. filed to register additional securities or additional classes of securities pursuant to Rule 413(b) under the Securities Act, check the following box. ☐

Indicate by check mark whether the registrant is an emerging growth company as defined in Rule 405 of the Securities Act of 1933.

Emerging growth company ☐

If an emerging growth company that prepares its financial statements in accordance with U.S. GAAP, indicate by check mark if the registrant has elected not to use the extended transition period for complying with any new or revised financial accounting standards† provided pursuant to Section 7(a)(2)(B) of the Securities Act. ☐

† The term "new or revised financial accounting standard" refers to any update issued by the Financial Accounting Standards Board to its Accounting Standards Codification after April 5, 2012.

GENERAL INSTRUCTIONS

I.  Eligibility Requirements for Use of Form F-3

     This instruction sets forth registrant requirements and transaction requirements for the use
of Form F-3. Any foreign private issuer, as defined in Rule 405 (§230.405 of this chapter), which
meets the requirements of I.A. below (the "Registrant Requirements") may use this Form for the
registration of securities under the Securities Act of 1933 (the "Securities Act") which are
offered in any transaction specified in I.B. below (the "Transaction Requirements"), provided
that the requirements applicable to the specified Transaction are met. With respect to majority-
owned subsidiaries, see Instruction I.A.5 below. With respect to well- known seasoned issuers
and majority-owned subsidiaries of well-known seasoned issuers, see Instruction I.C. below.

     In addition, this Form shall not be used for an offering of asset-backed securities, as
defined in 17 CFR 229.1101.

     A.  Registrant Requirements

     Except as set forth below, all registrants must meet the following conditions in order to use
this Form F-3 for registration under the Securities Act of securities offered in the transactions
specified in I.B. below:

     1.  The registrant has a class of securities registered pursuant to Section 12(b) of the
         Securities Exchange Act of 1934 (the "Exchange Act") or has a class of equity
         securities registered pursuant to Section 12(g) of the Exchange Act or is required to
         file reports pursuant to Section 15(d) of the Exchange Act and has filed at least one
         annual report on Form 20-F, on Form 10-K, or, in the case of registrants described in
         General Instruction A(2) of Form 40-F, on Form 40-F under the Exchange Act.

     2.  The registrant: (a) has been subject to the requirements of Section 12 or 15(d) of the
         Exchange Act and has filed all the material required to be filed pursuant to Sections
         13, 14 or 15(d) of the Exchange Act for a period of at least twelve calendar months
         immediately preceding the filing of the registration statement on this Form; and (b)
         has filed in a timely manner all reports required to be filed during the twelve calendar
         months and any portion of a month immediately preceding the filing of the
         registration statement and, if the registrant has used (during those twelve calendar
         months and that portion of a month) Rule 12b-25(b) (§240.12b-25(b) of this chapter)
         under the Exchange Act with respect to a report or a portion of a report, that report or
         portion thereof has actually been filed within the time period prescribed by the Rule.

     3.  Neither the registrant nor any of its consolidated or unconsolidated subsidiaries have,
         since the end of their last fiscal year for which certified financial statements of the
         registrant and its consolidated subsidiaries were included in a report filed pursuant to
         Section 13(a) or 15(d) of the Exchange Act: (a) failed to pay any dividend or sinking
         fund installment on preferred stock; or (b) defaulted (i) on any installment or
         installments on indebtedness for borrowed money, or (ii) on any rental on one or
         more long term leases, which defaults in the aggregate are material to the financial

position of the registrant and its consolidated and unconsolidated subsidiaries, taken as a whole.

4. If the registrant is a successor registrant, it shall be deemed to have met conditions l, 2 and 3 above if: (a) its predecessor and it, taken together, do so, provided that the succession was primarily for the purpose of changing the state or other jurisdiction of incorporation of the predecessor or forming a holding company and that the assets and liabilities of the successor at the time of succession were substantially the same as those of the predecessor; or (b) all predecessors met the conditions at the time of succession and the registrant has continued to do so since the succession.

5. Majority-owned Subsidiaries. If a registrant is a majority-owned subsidiary, security offerings may be registered on this Form if:

    (i) the registrant-subsidiary itself meets the Registrant Requirements and the applicable Transaction Requirement;

    (ii) the parent of the registrant-subsidiary meets the Registrant Requirements and the conditions of Transaction Requirement I.B.2. (Primary Offerings of Non-Convertible Securities Other than Common Equity) are met;

    (iii) the parent of the registrant-subsidiary meets the Registrant Requirements and the applicable Transaction Requirement, and provides a full and unconditional guarantee, as defined in Rule 3-10 of Regulation S-X (§210.3-10 of this chapter), of the payment obligations on the securities being registered, and the securities being registered are non-convertible securities, other than common equity;

    (iv) the parent of the registrant-subsidiary meets the Registrant Requirements and the applicable Transaction Requirement, and the securities of the registrant subsidiary being registered are full and unconditional guarantees, as defined in Rule 3-10 of Regulation S-X, of the payment obligations on the parent's non-convertible securities, other than common equity, being registered; or

    (v) the parent of the registrant-subsidiary meets the Registrant Requirements and the applicable Transaction Requirement, and the securities of the registrant subsidiary being registered are guarantees of the payment obligations on the nonconvertible securities, other than common equity, being registered by another majority owned subsidiary of the parent where the parent provides a full and unconditional guarantee, as defined in Rule 3-10 of Regulation S-X, of such non-convertible securities.

Note 1: In the situation described in paragraphs I.A.5(iii) through (v) above, the parent or majority-owned subsidiary guaran- tor is the issuer of a separate security consisting of the guarantee, which must be concurrently registered, but may be registered on the same registration statement as are the guaranteed non-convertible securities. Both the parent or majority-owned subsidiary shall each disclose the information required by this Form as if each were the only registrant except that if the majority-owned subsidiary will not be eligible to file annual reports

on Form 20-F or Form 40-F after the effective date of the registration statement, then it shall disclose the information specified in Form S-3. The requirements of Rule 3-10 of Regulation S-X are applicable to financial statements for a subsidiary of a parent company that issues securities guaranteed by the parent company or guarantees securities issued by the parent company.

6. Electronic filings. In addition to satisfying the foregoing conditions, a registrant subject to the electronic filing requirements of Rule 101 of Regulation S-T (§§232.101 of this chapter) shall have:

(i) Filed with the Commission all required electronic filings, including electronic copies of documents submitted in paper pursuant to a hardship exemption as provided by Rule 201 or Rule 202(d) of Regulation S-T (§232.201 or §232.202(d) of this chapter); and

(ii) Submitted electronically to the Commission all Interactive Data Files required to be submitted pursuant to Rule 405 of Regulation S-T (§232.405 of this chapter) during the twelve calendar months and any portion of a month immediately preceding the filing of the registration statement on this Form (or for such shorter period of time that the registrant was required to submit such files).

B. Transaction Requirements

Security offerings meeting any of the following conditions and made by registrants meeting the Registrant Requirements above may be registered on this Form:

1. Primary Offerings by Certain Registrants. Securities to be offered for cash by or on behalf of a registrant, provided that the aggregate market value worldwide of the voting and non-voting common equity held by non-affiliates of the registrant is the equivalent of $75 million or more. In the case of securities registered pursuant to this paragraph, the financial statements included in this registration statement must comply with Item 18 of Form 20-F.

Instruction.

For the purposes of this Form, "common equity" is as defined in Securities Act Rule 405 (§230.405 of this chapter). The aggregate market value of the registrant's outstanding voting and non-voting common equity shall be computed by use of the price at which the common equity was last sold, or the average of the bid and asked prices of such common equity, in the principal market for such common equity as of a date within 60 days prior to the date of filing. See the definition of "affiliate" in Securities Act Rule 405.

2. Primary Offerings of Non-Convertible Securities Other than Common Equity. Non-convertible securities, other than common equity, to be offered for cash by or on behalf of a registrant, provided the registrant:

(i)  has issued (as of a date within 60 days prior to the filing of the registration statement) at least $1 billion in non- convertible securities, other than common equity, in primary offerings for cash, not exchange, registered under the Securities Act, over the prior three years; or

(ii)  has outstanding (as of a date within 60 days prior to the filing of the registration statement) at least $750 million of non-convertible securities, other than common equity, issued in primary offerings for cash, not exchange, registered under the Securities Act; or

(iii)  is a wholly-owned subsidiary of a well-known seasoned issuer (as defined in 17 CFR 230.405); or

(iv)  is a majority-owned operating partnership of a real estate investment trust that qualifies as a well-known seasoned issuer (as defined in 17 CFR 230.405).

*Instruction.*

For purposes of Instruction I.B.2(i) above, an insurance company, as defined in Section 2(a)(13) of the Securities Act, when using this Form to register offerings of securities subject to regulation under the insurance laws of any State or Territory of the United States or the District of Columbia ("insurance contracts"), may include purchase payments or premium payments for insurance contracts, including purchase payments or premium payments for variable insurance contracts (not including purchase payments or premium payments initially allocated to investment options that are not registered under the Securities Act), issued in offerings registered under the Securities Act over the prior three years.

For purposes of Instruction I.B.2(ii) above, an insurance company, as defined in Section 2(a)(13) of the Securities Act, when using this Form to register offerings of insurance contracts, may include the contract value, as of the measurement date, of any outstanding insurance contracts, including variable insurance contracts (not including the value allocated as of the measurement date to investment options that are not registered under the Securities Act), issued in offerings registered under the Securities Act.

3.  Transactions Involving Secondary Offerings. Outstanding securities to be offered for the account of any person other than the issuer, including securities acquired by standby underwriters in connection with the call or redemption by the issuer of warrants or a class of convertible securities. The financial statements included in this registration statement must comply with Item 18 of Form 20-F. In addition, Form F-3 may be used by affiliates to register securities for resale pursuant to the conditions specified in General Instruction C to Form S-8 (§239.16b of this chapter). In the case of such securities, the financial statements included in this registration statement must comply with Item 18 of Form 20-F (§249.220f of this chapter).

4.  Rights Offerings, Dividend or Interest Reinvestment Plans, and Conversions or Warrants. Securities to be offered: (a) Upon the exercise of outstanding rights granted

by the issuer of the securities to be offered, if such rights are granted pro rata to all existing security holders of the class of securities to which the rights attach; or (b) pursuant to a dividend or interest reinvestment plan; or (c) upon the conversion of outstanding convertible securities or upon the exercise of outstanding transferable warrants issued by the issuer of the securities to be offered, or by an affiliate of such issuer. The financial statements included in this registration statement must comply with Item 18 of Form 20-F. The registration of securities to be offered or sold in a standby underwriting in the United States or similar arrangement is not permitted pursuant to this paragraph. See paragraphs B.1., B.2., and B.3. of this Instruction.

5. Limited Primary Offerings by Certain Other Registrants. Securities to be offered for cash by or on behalf of a registrant; provided that:

   (a) the aggregate market value of securities sold by or on behalf of the registrant pursuant to this Instruction I.B.5. during the period of 12 calendar months immediately prior to, and including, the sale is no more than one-third of the aggregate market value worldwide of the voting and non-voting common equity held by non-affiliates of the registrant;

   (b) the registrant is not a shell company (as defined in §230.405 of this chapter) and has not been a shell company for at least 12 calendar months previously and if it has been a shell company at any time previously, has filed current Form 10 information with the Commission at least 12 calendar months previously reflecting its status as an entity that is not a shell company; and

   (c) the registrant has at least one class of common equity securities listed and registered on a national securities exchange.

**Instructions.**

1. "Common equity" is as defined in Securities Act Rule 405 (§230.405 of this chapter). For purposes of computing the aggregate market value of the registrant's outstanding voting and non-voting common equity pursuant to General Instruction I.B.5., registrants shall use the price at which the common equity was last sold, or the average of the bid and asked prices of such common equity, in the principal market for such common equity as of a date within 60 days prior to the date of sale. See the definition of "affiliate" in Securities Act Rule 405 (§230.405 of this chapter).

2. For purposes of computing the aggregate market value of all securities sold by or on behalf of the registrant in offerings pursuant to General Instruction I.B.5. during any period of 12 calendar months, registrants shall aggregate the gross proceeds of such sales; provided, that, in the case of derivative securities convertible into or exercisable for shares of the registrant's common equity, registrants shall calculate the aggregate market value of any underlying equity shares in lieu of the market value of the derivative securities. The aggregate market value of the underlying equity shall be calculated by multiplying the maximum number of common equity shares into which the derivative securities are convertible or for which they are exercisable as of a date within 60 days prior to the date of sale, by the same per share

market price of the registrant's equity used for purposes of calculating the aggregate market value of the registrant's outstanding voting and non-voting common equity pursuant to Instruction 1 to General Instruction I.B.5. If the derivative securities have been converted or exercised, the aggregate market value of the underlying equity shall be calculated by multiplying the actual number of shares into which the securities were converted or received upon exercise, by the market price of such shares on the date of conversion or exercise.

3. If the aggregate market value of the registrant's outstanding voting and nonvoting common equity computed pursuant to General Instruction I.B.5. equals or exceeds $75 million subsequent to the effective date of this registration statement, then the one-third limitation on sales specified in General Instruction I.B.5(a) shall not apply to additional sales made pursuant to this registration statement on or subsequent to such date and instead the registration statement shall be considered filed pursuant to General Instruction I.B.1.

4. The term "Form 10 information" means the information that is required by Form 10 or Form 20-F (§249.210 or 249.220f of this chapter), as applicable to the registrant, to register under the Securities Exchange Act of 1934 each class of securities being registered using this Form. A registrant may provide the Form 10 information in another Commission filing with respect to the registrant.

5. The date used in Instruction 2 to General Instruction I.B.5. shall be the same date used in Instruction 1 to General Instruction I.B.5.

6. A registrant's eligibility to register a primary offering on Form F-3 pursuant to General Instruction I.B.5. does not mean that the registrant meets the requirements of Form F-3 for purposes of any other rule or regulation of the Commission apart from Rule 415(a)(1)(x) (§230.415(a)(1)(x) of this chapter).

7. Registrants must set forth on the outside front cover of the prospectus the calculation of the aggregate market value of the registrant's outstanding voting and non voting common equity pursuant to General Instruction I.B.5. and the amount of all securities offered pursuant to General Instruction I.B.5. during the prior 12 calendar month period that ends on, and includes, the date of the prospectus.

8. For purposes of General Instruction I.B.5(c), a "national securities exchange" shall mean an exchange registered as such under Section 6(a) of the Securities Exchange Act of 1934.

*C. Automatic Shelf Offerings by Well-Known Seasoned Issuers*

Any registrant that is a well-known seasoned issuer, as defined in Rule 405, at the most recent eligibility determination date specified in paragraph (2) of that definition may use this Form for registration under the Securities Act of securities offerings, other than pursuant to Rule 415(a)(1)(vii) or (viii) (§230.415(a)(1)(vii) or (viii) of this chapter), as follows:

1. The securities to be offered are:

(a) Any securities to be offered pursuant to Rule 415, Rule 430A, or Rule 430B (§230.415, §230.430A, or §230.430B of this chapter) by:

    (i) A registrant that is a well-known seasoned issuer by reason of paragraph (1)(i)(A) of the definition in Rule 405; or

    (ii) A registrant that is a well-known seasoned issuer only by reason of paragraph (1)(i)(B) of the definition in Rule 405 if the registrant also is eligible to register a primary offering of its securities pursuant to Transaction Requirement I.B.1 of this Form;

(b) Non-convertible securities, other than common equity, to be offered pursuant to Rule 415, Rule 430A, or Rule 430B by a registrant that is a well-known seasoned issuer only by reason of paragraph (1)(i)(B) of the definition in Rule 405 and does not fall within General Instruction I.B.1 of this Form;

(c) Securities of majority-owned subsidiaries of the parent registrant to be offered pursuant to Rule 415, Rule 430A, or Rule 430B if the parent registrant is a well-known seasoned issuer and the securities of the majority-owned subsidiary being registered meet the following requirements:

    (i) Securities of a majority-owned subsidiary that is a well-known seasoned issuer at the time it becomes a registrant, other than by virtue of paragraph (1)(ii) of the definition of well-known seasoned issuer in Rule 405;

    (ii) Securities of a majority-owned subsidiary that are non-convertible securities, other than common equity, and the parent registrant provides a full and unconditional guarantee, as defined in Rule 3-10 of Regulation S-X, of the payment obligations on such non-convertible securities;

    (iii) Securities of a majority-owned subsidiary that are a guarantee of:

        (A) Non-convertible securities, other than common equity of the parent registrant being registered;

        (B) Non-convertible securities, other than common equity, of another majority-owned subsidiary being registered and the parent has provided a full and unconditional guarantee, as defined in Rule 3-10 of Regulation S-X, of the payment obligations on such non-convertible securities; or

    (iv) Securities of a majority-owned subsidiary that meet the conditions of Transaction Requirement I.B.2. of this Form (Primary Offerings of Non-Convertible Securities Other than Common Equity).

(d) Securities to be offered for the account of any person other than the issuer ("selling security holders"), provided that the registration statement and the

prospectus are not required to separately identify the selling security holders or the securities to be sold by such persons until the filing of a prospectus, prospectus supplement, post-effective amendment to the registration statement, or report under the Exchange Act that is incorporated by reference into the registration statement and prospectus, identifying the selling security holders and the amount of securities to be sold by each of them, and if included in a report under the Exchange Act that is incorporated by reference, a prospectus or prospectus supplement is filed, as required by Rule 430B, pursuant to Rule 424(b)(7) (§230.424(b)(7) of this chapter).

2. The registrant pays the registration fee pursuant to Rules 456(b) and 457(r) or in accordance with Rule 456(a).

3. If the registrant is a majority-owned subsidiary, it is required to file and has filed reports pursuant to Section 13 or Section 15(d) of the Exchange Act and satisfies the requirements of the Form with regard to incorporation by reference or information about the majority-owned subsidiary is included in the registration statement (or a post-effective amendment to the registration statement).

4. The registrant may register additional securities or classes of its or its majority-owned subsidiaries' securities on a post- effective amendment pursuant to Rule 413(b) (§203.413(b) of this chapter).

5. An automatic shelf registration statement and post-effective amendment will become effective immediately pursuant to Rule 462(e) and (f) (§230.462(e) and (f) of this chapter) upon filing. All filings made on or in connection with automatic shelf registration statements on this Form become public upon filing with the Commission.

II. Application of General Rules and Regulations

A. Attention is directed to the General Rules and Regulations under the Securities Act, particularly Regulation C (§230.400 et seq. of this chapter) thereunder. That Regulation contains general requirements regarding the preparation and filing of registration statements.

B. Attention is directed to Regulation S-K (§229 of this chapter) and Form 20-F (§249.220f of this chapter) for the requirements applicable to the content of registration statements under the Securities Act. Where this Form directs the Registrant to furnish information required by Regulation S-K or Form 20-F and the Item of Regulation S-K or Form 20-F so provides, information need only be furnished to the extent appropriate. Notwithstanding Items 501 and 502 of Regulation S-K, no table of contents and cross-reference sheet are required to be included in the prospectus or the registration statement prepared on this Form. In addition to the information expressly required to be included in a registration statement on this Form F-3, registrants also may provide such other information as they deem appropriate.

C. [Reserved]

D.  A registrant must file the Form F-3 registration statement in electronic format via the Commission's Electronic Data Gathering and Retrieval System (EDGAR) in accordance with the EDGAR rules set forth in Regulation S-T (17 CFR Part 232), except that a registrant that has obtained a hardship exception under Regulation S-T Rule 201 or 202 (17 CFR 232.201 or 232.202) may file the registration statement in paper. For assistance with EDGAR questions, call the Filer Support Office at (202) 551-8900.

E.  The Form F-3 registration statement must be in the English language, as required by Regulation S-T Rule 306 (17 CFR 232.306) for electronic filings and Securities Act Rule 403(c) (17 CFR 230.403(c)), generally. If the registration statement requires the inclusion, as an exhibit or attachment, of a document that is in a foreign language, the registrant must provide instead either an English translation or an English summary of the foreign language document in accordance with Securities Act Rule 403(c) (17 CFR 230.403(c)) for both electronic and paper filings. The registrant may submit a copy of the unabridged foreign language document along with the English translation or English summary as permitted by Regulation S-T Rule 306(b) (17 CFR 232.306(b)) for electronic filings or by Securities Act Rule 403(c)(4) (17 CFR 230.403(c)(4)) for paper filings.

F.  [Reserved]

G.  Information in Automatic and Non-Automatic Shelf Registration Statement.

Where securities are being registered on this Form pursuant to General Instruction I.A.5, I.B.1, I.B.2, I.B.5, or I.C., information is only required to be furnished as of the date of initial effectiveness of the registration statement to the extent required by Rule 430A or Rule 430B. Required information about a specific transaction must be included in the prospectus in the registration statement by means of a prospectus that is deemed to be part of and included in the registration statement pursuant to Rule 430A or Rule 430B, a post-effective amendment to the registration statement, or an Exchange Act report incorporated by reference into the registration statement and the prospectus and identified in a prospectus filed, as required by Rule 430B, pursuant to Rule 424(b) (§230.424 (b) of this chapter), provided, however, that information specified by Item 9(b) of this Form or Rule 424(g) (§230.424(g) of this chapter) shall be placed in an exhibit to one of these documents other than an Exchange Act report incorporated by reference into the registration statement. Each post-effective amendment or final prospectus filed pursuant to Rule 424(b), in either case filed to provide required information about a specific transaction, must include in the exhibit required by Item 9(b) of this Form or Rule 424(g) (§230.424(g) of this chapter), respectively, the maximum aggregate amount or maximum aggregate offering price of the securities to which the post-effective amendment or prospectus relates and each such prospectus must indicate in such exhibit that it is a final prospectus for the related offering.

H.  Selling Security Holder Offerings.

Where a registrant eligible to register primary offerings on this Form pursuant to General Instruction I.B.1 registers securities offerings on this Form pursuant to General Instruction I.B.1 or I.B.3 for the account of persons other than the registrant, if the offering of the securities, or securities convertible into such securities, that are being registered on behalf of

the selling security holders was completed and the securities, or securities convertible into such securities, were issued and outstanding prior to the original date of filing the registration statement covering the resale of the securities, the registrant may, as permitted by Rule 430B(b), in lieu of identifying selling security holders prior to effectiveness of the resale registration statement, refer to unnamed selling security holders in a generic manner by identifying the initial transaction in which the securities were sold. Following effectiveness, the registrant must include in a prospectus filed pursuant to Rule 424(b)(7), a post-effective amendment to the registration statement, or an Exchange Act report incorporated by reference into the prospectus that is part of the registration statement (which Exchange Act report is identified in a prospectus filed, as required by Rule 430B, pursuant to Rule 424(b)(7)), the names of previously unidentified selling security holders and amounts of securities that they intend to sell. If this Form is being filed pursuant to General Instruction I.C. by a well-known seasoned issuer to register securities being offered for the account of persons other than the issuer, the registration statement and the prospectus included in the registration statement do not need to designate the securities that will be offered for the account of such persons, identify them, or identify the initial transaction in which the securities, or securities convertible into such securities, were sold until the registrant files a post-effective amendment to the registration statement, a prospectus pursuant to Rule 424(b), or an Exchange Act report (and prospectus filed, as required by Rule 430B, pursuant to Rule 424(b)(7)) containing information for the offering on behalf of such persons.

III. Dividend or Interest Reinvestment Plans: Filing and Effectiveness of Registration Statement; Requests for Confidential Treatment

Original registration statements on this Form F-3 solely with respect to securities offered pursuant to dividend or interest reinvestment plans shall become effective automatically upon filing (Rule 456, §230.456 of this chapter) pursuant to the provisions of Section 8(a) of the Act (Rule 462, §230.462 of this chapter). Post-effective amendments to such a registration statement on this Form shall become effective upon the date of filing (Rule 464, §230.464 of this chapter). Delaying amendments are not permitted in connection with either original filings or amendments on such a registration statement (Rule 473(d), §239.473(d) of this chapter), and any attempt to interpose a delaying amendment of any kind will be ineffective. All filings made on or in connection with this Form become public upon filing with the Commission. As a result, requests for confidential treatment made under Rule 406 (§230.406 of this chapter) must be processed with the Commission staff prior to the filing of the registration statement. The number of copies of the registration statement and of each amendment required by Rules 402 and 472 (§§230.402 and 230.472 of this chapter) shall be filed with the Commission: Provided however, that the number of additional copies referred to in Rule 402(b) may be reduced from ten to three and the number of additional copies referred to in Rule 472(a) may be reduced from eight to three, one of which shall be marked clearly and precisely to indicate changes.

IV. Registration of Additional Securities and Additional Classes of Securities

A. Registration of Additional Securities Pursuant to Rule 462(b).

With respect to the registration of additional securities for an offering pursuant to Rule 462(b) under the Securities Act, the registrant may file a registration statement consisting

only of the following: the facing page; a statement that the contents of the earlier registration statement, identified by file number, are incorporated by reference; required opinions, consents, and filing fee-related information; the signature page; and any price-related information omitted from the earlier registration statement in reliance on Rule 430A that the registrant chooses to include in the new registration statement. The information contained in such a Rule 462(b) registration statement shall be deemed to be a part of the earlier registration statement as of the date of effectiveness of the Rule 462(b) registration statement. Any opinion or consent required in the Rule 462(b) registration statement may be incorporated by reference from the earlier registration statement with respect to the offering, if: (i) such opinion or consent expressly provides for such incorporation; and (ii) such opinion relates to the securities registered pursuant to Rule 462(b). See Rule 439(b) under the Securities Act [17 CFR 230.439(b)].

B.  Registration of Additional Securities or Classes of Securities or Additional Registrants After Effectiveness.

A well-known seasoned issuer relying on General Instruction I.C. of this Form may register additional securities or classes of securities, pursuant to Rule 413(b) by filing a post-effective amendment to the effective registration statement. The well- known seasoned issuer may add majority-owned subsidiaries as additional registrants whose securities are eligible to be sold as part of the automatic shelf registration statement by filing a post-effective amendment identifying the additional registrants, and the registrant and the additional registrants and other persons required to sign the registration statement must sign the post-effective amendment. The post-effective amendment must consist of the facing page; any disclosure required by this Form that is necessary to update the registration statement to reflect the additional securities, additional classes of securities, or additional registrants; any required opinions and consents; and the signature page. Required information, consents or opinions may be included in the prospectus and the registration statement through a post-effective amendment or may be provided through a document incorporated or deemed incorporated by reference into the registration statement and the prospectus that is part of the registration statement, or, as to the required information only, contained in a prospectus filed pursuant to Rule 424(b) that is deemed part of and included in the registration statement and prospectus that is part of the registration statement.

## PART I—INFORMATION REQUIRED IN PROSPECTUS

## Item 1.  Forepart of the Registration Statement and Outside Front Cover Page of Prospectus.

Set forth in the forepart of the registration statement and on outside front cover page of the prospectus the information required by Item 501 of Regulation S-K (§229.501 of this chapter).

## Item 2. Inside Front and Outside Back Cover Pages of Prospectuses.

Set forth on the inside front cover page of the prospectus or, where permitted, on the outside back cover page, the information required by Item 502 of Regulation S-K (§229.502 of this chapter).

**Item 3.  Summary Information and Risk Factors.**

Furnish the information required by Items 105 and 503 of Regulation S-K (§ 229.105 and § 229.503 of this chapter).

**Item 4. Information About the Offering.**

Furnish the information about the offering required by the following items of Form 20-F: Item 2 (Offer Statistics and Expected Timetable), Item 3.B (Capitalization and Indebtedness), Item 3.C (Reasons for the Offer and Use of Proceeds), Item 7.C (Interests of Experts and Counsel), Item 9 (The Offer and Listing), Item 10 (Additional Information) and Item 12 (Description of Securities Other than Equity Securities). You do not have to repeat in the prospectus any information called for by these items if the same information is contained in a report being incorporated by reference into this registration statement.

**Item 5. Material Changes.**

(a) Describe any and all material changes in the registrant's affairs that have occurred since the end of the latest fiscal year for which certified financial statements are included in this registration statement in accordance with Item 6 of this Form and that have not been described in a report on Form 6-K (§249.306 of this chapter), Form 10-Q (§249.308a of this chapter) or Form 8-K (§249.308 of this chapter) filed under the Exchange Act and incorporated by reference pursuant to Item 6 of this Form.

(b) (1) Include in the prospectus, if not included in documents incorporated by reference into the prospectus pursuant to Item 6 or a prospectus previously filed pursuant to Rule 424(b) or (c) under the Securities Act or, where no prospectus was required to be filed pursuant to Rule 424(b), the prospectus included in the registration statement at effectiveness, or a Form 6-K filed during either of the two preceding years:

    (i)   information required by Rule 3-05 and Article 11 of Regulation S-X (§210 of this chapter) where the registrant has effected or is about to effect a transaction for which such information is required;

    (ii)   restated financial statements if there has been a change in accounting principles or a correction of an error where such change or correction requires a material retroactive restatement of financial statements;

    (iii)   restated financial statements where one or more business combinations accounted for by the pooling of interest method of accounting have been consummated subsequent to the most recent fiscal year and the acquired businesses, considered in the aggregate, are significant under Rule 11-01(b) of Regulation S-X; or

    (iv)   any financial information required because of a material disposition of assets outside the normal course of business.

(2) If the financial statements included in this registration statement in accordance with Item 6 are not sufficiently current to comply with the requirements of Item 8.A of Form 20-F, financial statements necessary to comply with that rule shall be presented (i) directly in the prospectus, (ii) through incorporation by reference of a Form 6-K identified in the prospectus as containing such financial statements, or (iii) through incorporation by reference of an amended Form 20-F, Form 40-F or Form 10-K, in which case the prospectus shall disclose that the Form 20-F, Form 40-F or Form 10-K has been so amended.

Instructions

1. Financial statements or information required to be furnished by this Item shall be reconciled pursuant to Item 18 of Form 20-F.

2. Material changes to be disclosed pursuant to Item 5(a) include changes in and disagreements with registrant's certifying accountant. Disclosure pursuant to Item 16F of Form 20-F should be provided as of the date of the registration statement or prospectus.

**Item 6. Incorporation of Certain Information by Reference.**

(a) The registrant's latest Form 20-F, Form 40-F, Form 10-K or Form 10 filed pursuant to the Exchange Act shall be incorporated by reference. Any report on Form 10-Q or Form 8-K filed since the date of filing of the annual report incorporated by reference also shall be incorporated by reference. If capital stock is to be registered and securities of the same class are registered under Section 12 of the Exchange Act, the description of such class of securities which is contained in a registration statement filed under the Exchange Act, including any amendment or reports filed for the purpose of updating such description, shall be incorporated by reference.

Instruction

If the registrant's latest filing on Form 20-F, Form 40-F or Form 10-K is amended to include the information specified in Item 18 of Form 20-F, the prospectus shall state that the Item 20-F, Form 40-F or Form 10-K has been so amended. Reference is made to the Transaction Requirements in General Instruction I.B. that, in some cases, require the financial statements in the Form 20-F, Form 40-F or Form 10-K to comply with Item 18 of Form 20-F as a condition for eligibility to use Form F-3.

(b) The prospectus shall also state that all subsequent annual reports filed on Form 20-F, Form 40-F or Form 10-K, and all subsequent filings on Forms 10-Q and 8-K filed by the registrant pursuant to the Exchange Act, prior to the termination of the offering, shall be deemed to be incorporated by reference into the prospectus.

(c) The registrant may incorporate by reference any Form 6-K meeting the requirements of this Form. If the registrant intends to incorporate any Form 6-K subsequently submitted to the Commission, the prospectus shall state that the registrant may incorporate such Forms 6-K by identifying in such Forms that they are being incorporated by reference into this Form.

(d) You must state

    (1)  that you will provide to each person, including any beneficial owner, to whom a prospectus is delivered, a copy of any or all of the information that has been incorporated by reference in the prospectus but not delivered with the prospectus;

    (2)  that you will provide this information upon written or oral request;

    (3)  that you will provide this information at no cost to the requester; and

    (4)  the name, address, and telephone number to which the request for this information must be made.

    Note to Item 6(d). If you send any of the information that is incorporated by reference in the prospectus to security holders, you also must send any exhibits that are specifically incorporated by reference in that information.

(e) You must

    (1)  identify the reports and other information that you file with the SEC; and

    (2)  state that the SEC maintains an Internet site that contains reports, proxy and information statements, and other information regarding issuers that file electronically with the SEC and state the address of that site (http://www.sec. gov). Disclose your Internet address, if available.

(f) Any information required in the prospectus in response to Item 3 through Item 5 of this Form may be included in the prospectus through documents filed pursuant to Sections 13(a), 14, or 15(d) of the Exchange Act that are incorporated or deemed incorporated by reference into the prospectus that is part of the registration statement.

Instructions

1. Attention is directed to the requirements of Section 10(a)(3) of the Securities Act.

2. Attention is directed to Rule 439 (§230.439 of this chapter) regarding consent to use material incorporated by reference.

**Item 7. Disclosure of Commission Position on Indemnification for Securities Act Liabilities.**

Furnish the information required by Item 510 of Regulations S-K (§229.510 of this chapter).

PART II—INFORMATION NOT REQUIRED IN PROSPECTUS

**Item 8. Indemnification of Directors and Officers.**

Furnish the information required by Item 702 of Regulation S-K (§229.702 of this chapter).

**Item 9. Exhibits.**

(a) Subject to the rules regarding incorporation by reference, furnish the exhibits required by Item 601 of Regulation S-K (§229.601 of this chapter).

(b) Furnish the following information, in substantially the tabular form indicated, as to each type and class of securities being registered in the manner required by Item 601(b)(107) of Regulation S-K, provided, however that if this is an exhibit to a post-effective amendment and the only disclosure presented is pursuant to General Instruction II.G of this Form and instruction 1.D below, the disclosure may be in solely narrative rather than substantially tabular form.

Calculation of Filing Fee Tables

..................
(Form Type)

........................................................................
(Exact Name of Registrant as Specified in its Charter)

........................................................................
(Translation of Registrant's Name into English)

## Table 1: Newly Registered and Carry Forward Securities

| | Security Type | Security Class Title | Fee Calculation or Carry Forward Rule | Amount Registered | Proposed Maximum Offering Price Per Unit | Maximum Aggregate Offering Price | Fee Rate | Amount of Registration Fee | Carry Forward Form Type | Carry Forward File Number | Carry Forward Initial effective date | Filing Fee Previously Paid In Connection with Unsold Securities to be Carried Forward |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Newly Registered Securities** | | | | | | | | | | | | |
| Fees to Be Paid | X | X | X | X | X | X | X | X | | | | |
| Fees Previously Paid | X | X | X | X | X | X | | X | | | | |
| **Carry Forward Securities** | | | | | | | | | | | | |
| Carry Forward Securities | X | X | X | X | | X | | | X | X | X | X |
| | Total | Offering | Amounts | | | X | | X | | | | |
| | Total | Fees | Previously Paid | | | | | X | | | | |
| | Total | Fee | Offsets | | | | | X | | | | |
| | Net | Fee | Due | | | | | X | | | | |

Table 2: Fee Offset Claims and Sources

| | Registrant or Filer Name | Form or Filing Type | File Number | Initial Filing Date | Filing Date | Fee Offset Claimed | Security Type Associated with Fee Offset Claimed | Security Title Associated with Fee Offset Claimed | Unsold Securities Associated with Fee Offset Claimed | Unsold Aggregate Offering Amount Associated with Fee Offset Claimed | Fee Paid with Fee Offset Source |
|---|---|---|---|---|---|---|---|---|---|---|---|
| **Rules 457(b) and 0-11(a)(2)** | | | | | | | | | | | |
| Fees Offset Claims | | X | X | X | | X | | | | | |
| Fees Offset Sources | X | X | X | | X | | | | | | X |
| **Rule 457(p)** | | | | | | | | | | | |
| Fee Offset Claims | X | X | X | X | | X | X | X | X | X | |
| Fees Offset Sources | X | X | X | | X | | | | | | X |

Table 3: Combined Prospectuses

| Security Type | Security Class Title | Amount of Securities Previously Registered | Maximum Aggregate Offering Price of Securities Previously Registered | Form Type | File Number | Initial Effective Date |
|---|---|---|---|---|---|---|
| X | X | X | X | X | X | X |

**Instructions to the Calculation of Filing Fee Tables and Related Disclosure ("Instructions"):**

1. General Requirements.

    A. Applicable Table Requirements.

    The "X" designation indicates the information required to be disclosed, as applicable, in tabular format. Add as many rows of each table as necessary.

    B. Security Types.

        i. For securities that are initially being registered, choose a security type permitted to be registered on this Form from the following list of security types to respond to the applicable table requirement:

            a. Asset-Backed Securities;

            b. Debt;

            c. Debt Convertible into Equity;

            d. Equity;

            e. Exchange-Traded Vehicle Securities;

            f. Face Amount Certificates;

            g. Limited Partnership Interests;

            h. Mortgage Backed Securities;

            i. Non-Convertible Debt;

            j. Other; and

            k. Unallocated (Universal) Shelf.

        ii. When a table requires both security type and title of each class of securities, choose a security type from the list in Instruction 1.B.i and provide this information for each unique combination of security type and title of each class of securities. For example, it would be appropriate to provide the following on separate lines of Table 1:

           Equity                Class A Preferred Shares

           Equity                Class B Preferred Shares

    C. Fee Rate.

    For the current fee rate, see https://www.sec.gov/ofm/Article/feeamt.html.

D.  Maximum Aggregate Amounts and Offering Prices in Connection with Post-Effective Amendments.

If required by General Instruction II.G of this Form, provide in narrative format the maximum aggregate amount or maximum aggregate offering price of the securities to which the post-effective amendment relates. With respect to final prospectuses, see Rule 424(g)(2) (§230.424(g)(2) of this chapter).

E.  Explanations.

If not otherwise explained in response to these instructions, disclose specific details relating to the fee calculation as necessary to clarify the information presented in each table, including references to the provisions of Rule 457 (§230.457 of this chapter) and any other rule being relied upon. All disclosure these Instructions require that is not specifically required to be presented in tabular format must appear in narrative format immediately after the table(s) to which it corresponds except the narrative disclosure referenced in Instruction 1.D must appear directly beneath the heading of this exhibit if the exhibit does not otherwise require a table.

2.  Table 1: Newly Registered and Carry Forward Securities Table and Related Disclosure.

A.  Newly Registered Securities.

For securities that are initially being registered on this Form, provide the following information.

i.  Fees to Be Paid and Fees Previously Paid

a.  Fees to Be Paid.

Provide the information Table 1 requires under the heading "Newly Registered Securities" for the line item "Fees to Be Paid" for securities to be registered for which filing fees have not already been paid in connection with the initial filing of this Form or a pre-effective amendment.

b.  Fees Previously Paid.

c.  Provide the information Table 1 requires under the heading "Newly Registered Securities" for the line item "Fees Previously Paid" for securities to be registered for which filing fees have already been paid in connection with the initial filing of this Form or a pre-effective amendment.

ii.  Fee Calculation or Carry Forward Rules.

a.  Rule 457(a).

For a fee calculated as specified in Rule 457(a) (§230.457(a) of this chapter), enter "457(a)".

b.   Rule 457(o).

If relying on Rule 457(o) under the Securities Act (§230.457(o) of this chapter) to register securities on this Form by maximum aggregate offering price, enter "457(o)". You may omit from any such row the Amount Registered and the Proposed Maximum Offering Price Per Unit.

c.   Rule 457(r).

If relying on Rule 456(b) and Rule 457(r) under the Securities Act (§§230.456(b) and 230.457(r) of this chapter) to defer a fee, enter "457(r)" and see Instruction 2.A.iii.c.

d.   Rule 457(u).

If an offering of an indeterminate amount of exchange-traded vehicle securities is being registered, enter "457(u)".

Separately, state that the registration statement covers an indeterminate amount of securities to be offered or sold and that the filing fee will be calculated and paid in accordance with Rule 456(d) and Rule 457(u) (§ 230.456(d) and § 230.457(u) of this chapter).

e.   Other.

If relying on a rule other than Rule 457(a), (o), (r) or (u), enter "Other".

iii.  Other Tabular Information.

a.   Provide the following information in the table for each unique combination of security type and title of each class of securities to be registered as applicable except as otherwise provided by Instruction 2.A.iii.b or c:

1.   The security type of the class of securities to be registered;

2.   The title of the class of securities to be registered;

3.   The amount of securities being registered expressed in terms of the number of securities, proposed maximum offering price per unit and resulting proposed maximum aggregate offering price, or, if the related filing fee is calculated in reliance on Rule 457(o), the proposed maximum aggregate offering price;

4.   The fee rate; and

5.   The registration fee.

b.   When registering two or more classes of securities pursuant to General Instruction I.B.1., I.B.2., I.B.5., or I.C. of this Form for an offering pursuant to

Securities Act Rule 415(a)(1)(x) (§230.415(a)(1)(x) of this chapter), and where this Form is not filed by a well-known seasoned issuer that elects to defer payment of fees as permitted by Rule 456(b), Rule 457(o) permits the calculation of the registration fee to be based on the maximum aggregate offering price of all the newly registered securities listed in Table 1. In this event, Table 1 must list each of the classes of securities being registered, in tandem with its security type but may omit the proposed maximum aggregate offering price for each class. Following that list, Table 1 must list the security type "Unallocated (Universal) Shelf" and state the maximum aggregate offering price for all of the classes of securities on a combined basis.

   c. A well-known seasoned issuer registering securities on an automatic shelf registration statement pursuant to General Instruction I.C. of this Form may, at its option, defer payment of registration fees as permitted by Rule 456(b) (§230.456(b) of this chapter). If a registrant elects to pay all or any portion of the registration fees on a deferred basis, Table 1 in the initial filing must cite Rule 457(r), as required by Instruction 2.A.ii.c, and identify the classes of securities being registered, in tandem with their respective security types, and the registrant must state, in response to this instruction, that it elects to rely on Securities Act Rules 456(b) and 457(r), but Table 1 does not need to specify any other information with respect to those classes of securities. When the issuer files a post-effective amendment or a prospectus in accordance with Rule 456(b)(1)(ii) (§230.456(b)(1)(ii) of this chapter) to pay a deferred fee, the amended Table 1 must specify either the dollar amount of securities being registered if paid in advance of or in connection with an offering or offerings or the aggregate offering price for all classes of securities in the referenced offering or offerings and the applicable registration fee, which shall be calculated based on the fee payment rate in effect on the date of the fee payment.

   iv. Pre-Effective Amendments.

   If a pre-effective amendment is filed to concurrently (i) increase the amount of securities of one or more registered classes or add one or more new classes of securities; and (ii) decrease the amount of securities of one or more registered classes, a registrant that did not rely on Rule 457(o) to calculate the filing fee due for the initial filing or latest pre-effective amendment to such filing may recalculate the total filing fee due for the registration statement in its entirety and claim an offset pursuant to Rule 457(b) in the amount of the filing fee previously paid in connection with the registration statement. This recalculation procedure is not available, however, if a pre-effective amendment is filed only to increase the amount of securities of one or more registered classes or add one or more new classes. A pre-effective amendment that uses this recalculation procedure must include the revised offering amounts as securities to be registered for which filing fees have not already been paid in connection with the initial filing of this Form or a pre-effective amendment for purposes of Table 1. If you use this recalculation procedure, separately disclose that you are using it and expressly reference this Instruction 2.A.iv.

   B. Carry Forward Securities.

   If relying on Rule 415(a)(6) under the Securities Act (§230.415(a)(6) of this chapter) to carry forward to this registration statement unsold securities from an earlier registration statement, enter "415(a)(6)" in the table and provide, in a separate row for each registration statement from which securities are to be carried forward, and for each unique combination of security type and title of each class of securities to be carried forward, the following information:

i. The security type of the class of securities to be carried forward;

ii. The title of the class of securities to be carried forward;

iii. The amount of securities being carried forward expressed in terms of the number of securities (under the column heading "Amount Registered") and the amount of the maximum aggregate offering price, as specified in the fee table of the earlier filing, associated with those securities (under the column heading "Maximum Aggregate Offering Price") or, if the related filing fee was calculated in reliance on Rule 457(o), the amount of securities carried forward expressed in terms of the maximum aggregate offering price (under the column heading "Maximum Aggregate Offering Price");

iv. The Form type, file number, and initial effective date of the earlier registration statement from which the securities are to be carried forward; and

v. The filing fee previously paid in connection with the registration of the securities to be carried forward.

C. Totals.

i. Total Offering Amounts.

Provide the sum of the maximum aggregate offering price for both the newly registered and carry forward securities and the aggregate registration fee for the newly registered securities.

ii. Total Fees Previously Paid.

Provide the aggregate of registration fees previously paid for the newly registered securities.

iii. Total Fee Offsets.

Provide the aggregate of the fee offsets that are claimed in Table 2 pursuant to Instruction 3.

iv. Net Fee Due.

Provide the difference between (a) the aggregate registration fee for the newly registered securities from the Total Offering Amounts row; and (b) the sum of (i) the aggregate of registration fees previously paid for the newly registered securities from the Total Fees Previously Paid row; and (ii) the aggregate fee offsets claimed from the Total Fee Offsets row.

3. Table 2: Fee Offset Claims and Sources.

A. Terminology.

For purposes of this Instruction 3 and Table 2, the term "submission" means any (i) initial filing of, or amendment (pre-effective or post-effective), to a fee-bearing document; or (ii)

fee-bearing form of prospectus filed under Rule 424 under the Securities Act (§230.424 of this chapter), in all cases that was accompanied by a contemporaneous fee payment. For purposes of these instructions to Table 2, a contemporaneous fee payment is the payment of a required fee that is satisfied through the actual transfer of funds, and does not include any amount of a required fee satisfied through a claimed fee offset. Instructions 3.B.ii and 3.C.ii require a filer that claims a fee offset under Rule 457(b) or (p) under the Securities Act (§230.457(b) or (p) of this chapter) or Rule 0-11(a)(2) under the Exchange Act (§240.0-11(a)(2) of this chapter) to identify previous submissions with contemporaneous fee payments that are the original source to which the fee offsets claimed on this filing can be traced. See Instruction 3.D for an example.

B. Rules 457(b) and 0-11(a)(2).

If relying on Rule 457(b) under the Securities Act (§230.457(b) of this chapter) or Rule 0-11(a)(2) under the Exchange Act (§240.0-11(a)(2) of this chapter) to offset some or all of the filing fee due on this registration statement by amounts paid in connection with earlier filings (other than this Form F-3 unless pursuant to Instruction 2.A.iv) relating to the same transaction, provide the following information:

i. Fee Offset Claims.

For each earlier filed Securities Act registration statement or Exchange Act document relating to the same transaction from which a fee offset is being claimed, provide the information that Table 2 requires under the heading "Rules 457(b) and 0-11(a)(2)" for the line item "Fee Offset Claims". The "Fee Offset Claimed" column requires the dollar amount of the previously paid filing fee to be offset against the currently due fee.

Note to Instruction 3.B.i.

If claiming an offset from a Securities Act registration statement, provide a detailed explanation of the basis for the claimed offset.

ii. Fee Offset Sources.

With respect to amounts claimed as an offset under Rule 457(b) or Rule 0-11(a)(2), identify those submissions with contemporaneous fee payments that are the original source to which those amounts can be traced. For each submission identified, provide the information that Table 2 requires under the heading "Rules 457(b) and 0-11(a)(2)" for the line item "Fee Offset Sources". The "Fee Paid with Fee Offset Source" column requires the dollar amount of the contemporaneous fee payment made with respect to each identified submission that is the source of the fee offset claimed pursuant to Rule 457(b) or 0-11(a)(2).

C. Rule 457(p).

If relying on Rule 457(p) under the Securities Act (§230.457(p) of this chapter) to offset some or all of the filing fee due on this registration statement with the filing fee previously paid for unsold securities under an earlier filed registration statement, provide the following information:

i.  Fee Offset Claims.

For each such earlier filed registration statement from which the registrant is claiming a filing fee offset, provide the information Table 2 requires under the heading "Rule 457(p)" for the line item "Fee Offset Claims". The "Fee Offset Claimed" column requires the dollar amount of the previously paid filing fee to be offset against the currently due fee.

Notes to Instruction 3.C.i.

1.  Provide a statement that the registrant has either withdrawn each prior registration statement or has terminated or completed any offering that included the unsold securities under the prior registration statements.

2.  If you were not the registrant under the earlier registration statements, entering information under the heading "Rule 457(p)" pursuant to Instruction 3.C.i affirms that you are that registrant's successor, majority-owned subsidiary, or parent owning more than 50% of the registrant's outstanding voting securities eligible to claim a filing fee offset. See the definitions of "successor" and "majority-owned subsidiary" in Rule 405 under the Securities Act (§230.405 of this chapter).

ii.  Fee Offset Sources.

With respect to amounts claimed as an offset under Rule 457(p), identify those submissions with contemporaneous fee payments that are the original source to which those amounts can be traced. For each submission identified, provide the information Table 2 requires under the heading "Rule 457(p)" for the line item "Fee Offset Sources". The "Fee Paid with Fee Offset Source" column requires the dollar amount of the contemporaneous fee payment made with respect to each identified submission that is the source of the fee offset claimed pursuant to Rule 457(p).

D.  Fee Offset Source Submission Identification Example.

A filer:

- Initially files a registration statement on Form F-1 on 1/15/20X1 (assigned file number 333-123456) with a fee payment of $10,000;

- Files pre-effective amendment number 1 to the Form F-1 (333-123456) on 2/15/20X1 with a fee payment of $15,000 and the registration statement goes effective on 2/20/20X1;

- Initially files a registration statement on Form F-1 on 1/15/20X4 (assigned file number 333-123467) with a fee payment of $25,000 and relies on Rule 457(p) to claim an offset of $10,000 related to the unsold securities registered on the previously filed Form F-1 (333-123456) and apply it to the $35,000 filing fee due and the registration statement goes effective on 2/15/20X4.

- Initially files a registration statement on Form F-1 (assigned file number 333-123478) on 1/15/20X7 with a fee payment of $15,000 and relies on Rule 457(p) to claim an

offset of $30,000 related to the unsold securities registered on the most recently effective Form F-1 (333-123467) filed on 1/15/20X4 and apply it to the $45,000 filing fee due.

For the registration statement on Form F-1 with file number 333-123478 filed on 1/15/20X7, the filer can satisfy the submission identification requirement when it claims the $30,000 fee offset from the Form F-1 (333-123467) filed on 1/15/20X4 by referencing any combination of the Form F-1 (333-123467) filed on 1/15/20X4, the pre-effective amendment to the Form F-1 (333-123456) filed on 2/15/20X1 or the initial filing of the Form F-1 (333-123456) on 1/15/20X1 in relation to which contemporaneous fee payments were made equal to $30,000.

One example could be:

- the Form F-1 (333-123467) filed on 1/15/20X4 in relation to the payment of $25,000 made with that submission; and

- the pre-effective amendment to the Form F-1 (333-123456) filed on 2/15/20X1 in relation to the payment of $5,000 out of the payment of $15,000 made with that submission (it would not matter if the filer cited to this pre-effective amendment and/or the initial submission of this Form F-1 (333-123456) on 1/15/20X1 as long as singly or together they were cited as relating to a total of $5,000 in this example).

In this example, the filer could not satisfy the submission identification requirement solely by citing to the Form F-1 (333-123467) filed on 1/15/20X4 because even though the offset claimed and available from that filing was $30,000, the contemporaneous fee payment made with that filing ($25,000) was less than the offset being claimed. As a result, the filer must also identify a prior submission or submissions with an aggregate of contemporaneous fee payment(s) of $5,000 as the original source(s) to which the rest of the claimed offset can be traced.

4. Table 3: Combined Prospectuses.

If this Form includes a combined prospectus pursuant to Rule 429 under the Securities Act of 1933 (§230.429 of this chapter), provide the information that Table 3 requires for each earlier effective registration statement that registered securities that may be offered and sold using the combined prospectus. Include a separate row for each unique combination of security type and title of each class of those securities. The amount of securities previously registered that may be offered and sold using the combined prospectus, must be expressed in terms of the number of securities (under column heading "Amount of Securities Previously Registered"), or, if the related filing fee was calculated in reliance on Rule 457(o), must be expressed in terms of the maximum aggregate offering price (under column heading "Maximum Aggregate Offering Price of Securities Previously Registered").

Note to Instruction 4.

Table 1 should not include the securities registered on an earlier effective registration statement that may be offered and sold using the combined prospectus under Rule 429.

**Item 10. Undertakings.**

Furnish the undertakings required by Item 512 of Regulation S-K (§229.512 of this chapter).

# SIGNATURES

Pursuant to the requirements of the Securities Act of 1933, the registrant certifies that it has reasonable grounds to believe that it meets all of the requirements for filing on Form F-3 and has duly caused this registration statement to be signed on its behalf by the undersigned, thereunto duly authorized, in the City of _____, State of _____

on _____, 20_____.

_____
(Registrant)

By _____
(Signature)

_____
(Title)

Pursuant to the requirements of the Securities Act of 1933, this registration statement has been signed by the following persons in the capacities and on the dates indicated.

_____
(Signature)

_____
(Title)

_____
(Date)

Instructions.

1. The registration statement shall be signed by the registrant, its principal executive officer or officers, its principal financial officer, its controller or principal accounting officer, at least a majority of the board of directors or persons performing similar functions, and its authorized representative in the United States. Where the registrant is a limited partnership, the registration statement shall be signed by a majority of the board of directors of any corporate general partner signing the registration statement.

2. The name of each person who signs the registration statement shall be typed or printed beneath his signature. Any person who occupies more than one of the specified positions shall indicate each capacity in which he signs the registration statement. Attention is directed to Rule 402 concerning manual signatures and Item 601 of Regulation S-K concerning signatures pursuant to powers of attorney.