# Exhibit 15

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

IN RE APPLICATION OF COMMISSIONS )  Case No: __-mc-____
IMPORT-EXPORT S.A. FOR JUDICIAL )
ASSISTANCE PURSUANT TO 28 U.S.C. )
§ 1782 )

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT
INSPECTION OF PREMISES IN A CIVIL ACTION**

To:          New York Stock Exchange LLC
By Serving:  CO United Agent Group Inc.
             600 Mamaroneck Avenue #400, Harrison, NY 10528

**X** Production: YOU ARE COMMANDED to produce at the time, date, and place set forth below the
following documents, electronically stored information, or objects, and to permit inspection, copying,
testing, or sampling of the material referenced in **Exhibit A**.

| **Place: If not Produced Electronically**[1] | **Date and Time:** |
|---|---|
| Veritext Legal Solutions<br>7 Times Square, 16th Floor<br>New York, NY 10036 | November 16, 2025, at 10:00 a.m. |

WHEREAS, TotalEnergies SE. TotalEnergies Holdings SAS, and TotalEnergies EP Congo
(collectively "TotalEnergies") are the successors-in-interest to obligations owed under a certain 1986
Guaranty between the Republic of the Congo (the "ROC"), Caisse Congolaise d'Amortissement (the
"CCA"), and Commissions Import-Export S.A. ("Commisimpex"), assigning to Commisimpex, in the
event of default by the ROC and CCA on certain promissory notes, certain revenues otherwise owed by
TotalEnergies and its predecessors to the ROC.

WHEREAS, two International Chamber of Commerce International Court of Arbitration awards
have been entered against the ROC and CCA due to their default, and those awards and the Guaranty
have been served upon TotalEnergies, in connection with which TotalEnergies is now facing possible
entry of judgment for approximately $2,000,000,000 in the French Commercial Court of Nanterre.

NOW THEREFORE, WE COMMAND YOU, to produce for examination all documents and
communications referenced in **Exhibit A** (attached).

TAKE FURTHER NOTICE that failure to comply with the subpoena is punishable as a
contempt of court.

---

[1] Documents may be produced by electronic submission to mcohen@sequorlaw.com or secure electronic download.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

---

The name, address, email address, and telephone number of the attorneys representing **Commissions Import-Export S.A.,** who issues or requests this subpoena, are: Tara Plochocki, tplochocki@sequorlaw.com; David Short, dshort@sequorlaw.com; and Robert Kearney, rkearney@sequorlaw.com; 650 Massachusetts Avenue, N.W., Suite 600, Washington, D.C. 20001; Tel: 305-372-8282.

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*:
_____

on *(date)* _____ .

☐  I served the subpoena by delivering a copy to the named person as follows:
_____

_____

_____

_____ on *(date)* _____ ; or

☐  I returned the subpoena unexecuted because:
_____

_____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

. . .

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

## <u>EXHIBIT A</u>

## <u>DEFINITIONS & INSTRUCTIONS</u>

1. **You.** "You" shall mean the person or entity to whom this subpoena is directed.

2. **Document.** "Document" shall mean a document or electronic information—including writings, graphs, charts, photographs, images, other data or data compilations, telegrams, emails, computerized instant messages, text messages, memoranda, summaries, original or preliminary notes, summaries of negotiations, summaries of investigations, contracts, agreements, brochures, pamphlets, advertisements, including preliminary drafts or revisions of any of the foregoing if the copy is in any way different—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.

3. **TotalEnergies.** "TotalEnergies" shall mean TotalEnergies SE and any of its subsidiaries, including, but not limited to, TotalEnergies Holdings SAS, TotalEnergies Capital SA, and TotalEnergies EP Congo, and any of their predecessors, successors, agents, attorneys, employees, representatives, officers, or directors.

4. **1986 Guaranty.** "1986 Guaranty" shall mean the 1986 Guaranty signed between the Republic of the Congo, Caisse Congolaise d'Amortissement and Commissions Import-Export S.A.

5. **Commisimpex.** "Commisimpex" shall mean Commissions Import-Export S.A.

6. **Relevant Period.** "Relevant Period" shall mean the period of time beginning with and including January 1, 2020, through and including the date of complete production of Documents responsive to this Subpoena, including any period of time that production of responsive Documents is delayed by the filing of any objection, motion to quash, or motion for protective order to this Subpoena. **Unless otherwise stated, all Requests refer only to the Relevant Period.**

7. Each request for Documents seeks production of all Documents described, including all drafts and non-identical copies. If more than one identical copy of a document exists, produce the most legible copy.

8. Each request for a Document contemplates production of the Document in its entirety, without abbreviation or redaction.

9. Each request shall be construed independently and not with reference to any other request for Documents.

10. If You object to any particular portion of any request herein, You are nevertheless required to produce documents in response to all other portions of such request as to which there is no objection. You must also provide a particularized objection to those requests to which You object in a manner reasonably calculated to allow Plaintiff to discern the nature and type of the Documents involved.

11. If there are no Documents remaining in Your possession, custody, or control for a particular request, You must so state in writing in an affidavit certifying that You conducted a reasonable search for responsive Documents. The certification should state whether the document never existed, or the Document is believed to have existed at some point and was lost or destroyed.

12. You are requested to produce all non-privileged Documents which are in Your possession, custody, or control, including, but not limited to, Documents in the possession, custody or control of Your affiliates, attorneys, consultants, professionals, agents, representatives, employees, subsidiaries, sister corporations, parent corporations or any other person or entity acting on Your behalf. Under applicable law, You have the affirmative duty to contact any person or entity, including the foregoing, from whom you have (a) "the legal right to obtain the Documents requested upon demand" or (b) the practical ability to obtain the responsive documents. *See Mirlis v. Greer*, 80 F.4th 377, 383 (2d Cir. 2023) ("[D]ocuments are considered to be under a party's control when that party has the right, authority, or practical ability to obtain the documents.").

## <u>DOCUMENT REQUESTS</u>

1.      All Documents provided by TotalEnergies to You concerning any actual or potential liability of TotalEnergies arising from litigation or arbitration or any judgments or awards issued in connection therewith.

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| | | |
|---|---|---|
| IN RE APPLICATION OF COMMISSIONS | ) | Case No: __-mc-____ |
| IMPORT-EXPORT S.A. FOR JUDICIAL | ) | |
| ASSISTANCE PURSUANT TO 28 U.S.C. | ) | |
| § 1782 | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:          **BOFA Securities, Inc.**
By Serving:  BOFA Securities, Inc.
             C T Corporation System
             28 Liberty Street, New York, NY 10005

---

**X** Production: YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material referenced in **Exhibit A**.

| Place: If not Produced Electronically[1] | Date and Time: |
|---|---|
| Veritext Legal Solutions | November 16, 2025, at 10:00 a.m. |
| 7 Times Square, 16th Floor | |
| New York, NY 10036 | |

WHEREAS, TotalEnergies SE. TotalEnergies Holdings SAS, and TotalEnergies EP Congo (collectively "TotalEnergies") are the successors-in-interest to obligations owed under a certain 1986 Guaranty between the Republic of the Congo (the "ROC"), Caisse Congolaise d'Amortissement (the "CCA"), and Commissions Import-Export S.A. ("Commisimpex"), assigning to Commisimpex, in the event of default by the ROC and CCA on certain promissory notes, certain revenues otherwise owed by TotalEnergies and its predecessors to the ROC.

WHEREAS, two International Chamber of Commerce International Court of Arbitration awards have been entered against the ROC and CCA due to their default, and those awards and the Guaranty have been served upon TotalEnergies, in connection with which TotalEnergies is now facing possible entry of judgment for approximately $2,000,000,000 in the French Commercial Court of Nanterre.

NOW THEREFORE, WE COMMAND YOU, to produce for examination all documents and communications referenced in **Exhibit A** (attached).

TAKE FURTHER NOTICE that failure to comply with the subpoena is punishable as a contempt of court.

---

[1] Documents may be produced by electronic submission to mcohen@sequorlaw.com or secure electronic download.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorneys representing **Commissions Import-Export S.A.**, who issues or requests this subpoena, are: Tara Plochocki, tplochocki@sequorlaw.com; David Short, dshort@sequorlaw.com; and Robert Kearney, rkearney@sequorlaw.com; 650 Massachusetts Avenue, N.W., Suite 600, Washington, D.C. 20001; Tel: 305-372-8282.

### PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*:
_____
on *(date)* _____ .

☐  I served the subpoena by delivering a copy to the named person as follows:
_____
_____
_____
_____ on *(date)* _____ ; or

☐  I returned the subpoena unexecuted because:
_____
_____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

. . .

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

## <u>EXHIBIT A</u>

## <u>DEFINITIONS & INSTRUCTIONS</u>

1. **You.** "You" shall mean the person or entity to whom this subpoena is directed.

2. **Document.** "Document" shall mean a document or electronic information—including writings, graphs, charts, photographs, images, other data or data compilations, telegrams, emails, computerized instant messages, text messages, memoranda, summaries, original or preliminary notes, summaries of negotiations, summaries of investigations, contracts, agreements, brochures, pamphlets, advertisements, including preliminary drafts or revisions of any of the foregoing if the copy is in any way different—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.

3. **TotalEnergies.** "TotalEnergies" shall mean TotalEnergies SE and any of its subsidiaries, including, but not limited to, TotalEnergies Holdings SAS, TotalEnergies Capital SA, and TotalEnergies EP Congo, and any of their predecessors, successors, agents, attorneys, employees, representatives, officers, or directors.

4. **1986 Guaranty.** "1986 Guaranty" shall mean the 1986 Guaranty signed between the Republic of the Congo, Caisse Congolaise d'Amortissement, and Commissions Import-Export S.A.

5. **Commisimpex.** "Commisimpex" shall mean Commissions Import-Export S.A.

6. **Relevant Period.** "Relevant Period" shall mean the period of time beginning with and including January 1, 2020, through and including the date of complete production of Documents responsive to this Subpoena, including any period of time that production of responsive Documents is delayed by the filing of any objection, motion to quash, or motion for protective order to this Subpoena. **Unless otherwise stated, all Requests refer only to the Relevant Period.**

7. Each request for Documents seeks production of all Documents described, including all drafts and non-identical copies. If more than one identical copy of a document exists, produce the most legible copy.

8. Each request for a Document contemplates production of the Document in its entirety, without abbreviation or redaction.

9. Each request shall be construed independently and not with reference to any other request for Documents.

10. If You object to any particular portion of any request herein, You are nevertheless required to produce documents in response to all other portions of such request as to which there is no objection. You must also provide a particularized objection to those requests to which You object in a manner reasonably calculated to allow Plaintiff to discern the nature and type of the Documents involved.

11. If there are no Documents remaining in Your possession, custody, or control for a particular request, You must so state in writing in an affidavit certifying that You conducted a reasonable search for responsive Documents. The certification should state whether the document never existed, or the Document is believed to have existed at some point and was lost or destroyed.

12. You are requested to produce all non-privileged Documents which are in Your possession, custody, or control, including, but not limited to, Documents in the possession, custody or control of Your affiliates, attorneys, consultants, professionals, agents, representatives, employees, subsidiaries, sister corporations, parent corporations or any other person or entity acting on Your behalf. Under applicable law, You have the affirmative duty to contact any person or entity, including the foregoing, from whom you have (a) "the legal right to obtain the Documents requested upon demand" or (b) the practical ability to obtain the responsive documents. *See Mirlis v. Greer*, 80 F.4th 377, 383 (2d Cir. 2023) ("[D]ocuments are considered to be under a party's control when that party has the right, authority, or practical ability to obtain the documents.").

## **DOCUMENT REQUESTS**

1.     All Documents provided by TotalEnergies to You concerning any actual or potential liability of TotalEnergies arising from litigation or arbitration or any judgments or awards issued in connection therewith.

2.     All Documents relating to Commissions Import-Export S.A.

3.     All Documents relating to the 1986 Guaranty.

4.     All Documents relating to the civil proceeding brought by Commissions Import-Export S.A. against TotalEnergies SE, TotalEnergies Holdings SAS, and TotalEnergies EP Congo in the Commercial Court of Nanterre, France in case RG N°2016F02380.

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

IN RE APPLICATION OF COMMISSIONS  )     Case No: __-mc-____
IMPORT-EXPORT S.A. FOR JUDICIAL    )
ASSISTANCE PURSUANT TO 28 U.S.C.   )
§ 1782                                        )

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:          **MUFG Securities Americas Inc.**
By Serving:   C/O Corporation Service Company
                80 State Street, Albany, NY 12207

**X** Production: YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material referenced in **Exhibit A**.

| Place: If not Produced Electronically[1] | Date and Time: |
|---|---|
| Veritext Legal Solutions | November 16, 2025, at 10:00 a.m. |
| 7 Times Square, 16th Floor | |
| New York, NY 10036 | |

WHEREAS, TotalEnergies SE. TotalEnergies Holdings SAS, and TotalEnergies EP Congo (collectively "TotalEnergies") are the successors-in-interest to obligations owed under a certain 1986 Guaranty between the Republic of the Congo (the "ROC"), Caisse Congolaise d'Amortissement (the "CCA"), and Commissions Import-Export S.A. ("Commisimpex"), assigning to Commisimpex, in the event of default by the ROC and CCA on certain promissory notes, certain revenues otherwise owed by TotalEnergies and its predecessors to the ROC.

WHEREAS, two International Chamber of Commerce International Court of Arbitration awards have been entered against the ROC and CCA due to their default, and those awards and the Guaranty have been served upon TotalEnergies, in connection with which TotalEnergies is now facing possible entry of judgment for approximately $2,000,000,000 in the French Commercial Court of Nanterre.

NOW THEREFORE, WE COMMAND YOU, to produce for examination all documents and communications referenced in **Exhibit A** (attached).

TAKE FURTHER NOTICE that failure to comply with the subpoena is punishable as a contempt of court.

---

[1] Documents may be produced by electronic submission to mcohen@sequorlaw.com or secure electronic download.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                  *Attorney's signature*

---

The name, address, email address, and telephone number of the attorneys representing **Commissions Import-Export S.A.,** who issues or requests this subpoena, are: Tara Plochocki, tplochocki@sequorlaw.com; David Short, dshort@sequorlaw.com; and Robert Kearney, rkearney@sequorlaw.com; 650 Massachusetts Avenue, N.W., Suite 600, Washington, D.C. 20001; Tel: 305-372-8282.

Case No: ___-mc-_____

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*:
_____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows:
_____
_____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because:
_____
_____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

Case No: __-mc-____

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

. . .

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

# EXHIBIT A

## DEFINITIONS & INSTRUCTIONS

1. **You.** "You" shall mean the person or entity to whom this subpoena is directed.

2. **Document.** "Document" shall mean a document or electronic information—including writings, graphs, charts, photographs, images, other data or data compilations, telegrams, emails, computerized instant messages, text messages, memoranda, summaries, original or preliminary notes, summaries of negotiations, summaries of investigations, contracts, agreements, brochures, pamphlets, advertisements, including preliminary drafts or revisions of any of the foregoing if the copy is in any way different—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.

3. **TotalEnergies.** "TotalEnergies" shall mean TotalEnergies SE and any of its subsidiaries, including, but not limited to, TotalEnergies Holdings SAS, TotalEnergies Capital SA, and TotalEnergies EP Congo, and any of their predecessors, successors, agents, attorneys, employees, representatives, officers, or directors.

4. **1986 Guaranty.** "1986 Guaranty" shall mean the 1986 Guaranty signed between the Republic of the Congo, Caisse Congolaise d'Amortissement, and Commissions Import-Export S.A..

5. **Commisimpex.** "Commisimpex" shall mean Commissions Import-Export S.A.

6. **Relevant Period.** "Relevant Period" shall mean the period of time beginning with and including January 1, 2020, through and including the date of complete production of Documents responsive to this Subpoena, including any period of time that production of responsive Documents is delayed by the filing of any objection, motion to quash, or motion for protective order to this Subpoena. **Unless otherwise stated, all Requests refer only to the Relevant Period.**

7. Each request for Documents seeks production of all Documents described, including all drafts and non-identical copies. If more than one identical copy of a document exists, produce the most legible copy.

8. Each request for a Document contemplates production of the Document in its entirety, without abbreviation or redaction.

9. Each request shall be construed independently and not with reference to any other request for Documents.

10. If You object to any particular portion of any request herein, You are nevertheless required to produce documents in response to all other portions of such request as to which there is no objection. You must also provide a particularized objection to those requests to which You object in a manner reasonably calculated to allow Plaintiff to discern the nature and type of the Documents involved.

11. If there are no Documents remaining in Your possession, custody, or control for a particular request, You must so state in writing in an affidavit certifying that You conducted a reasonable search for responsive Documents. The certification should state whether the document never existed, or the Document is believed to have existed at some point and was lost or destroyed.

12. You are requested to produce all non-privileged Documents which are in Your possession, custody, or control, including, but not limited to, Documents in the possession, custody or control of Your affiliates, attorneys, consultants, professionals, agents, representatives, employees, subsidiaries, sister corporations, parent corporations or any other person or entity acting on Your behalf.  Under applicable law, You have the affirmative duty to contact any person or entity, including the foregoing, from whom you have (a) "the legal right to obtain the Documents requested upon demand" or (b) the practical ability to obtain the responsive documents.  *See Mirlis v. Greer*, 80 F.4th 377, 383 (2d Cir. 2023) ("[D]ocuments are considered to be under a party's control when that party has the right, authority, or practical ability to obtain the documents.").

## **DOCUMENT REQUESTS**

1.      All Documents provided by TotalEnergies to You concerning any actual or potential liability of TotalEnergies arising from litigation or arbitration or any judgments or awards issued in connection therewith.

2.      All Documents relating to Commissions Import-Export S.A.

3.      All Documents relating to the 1986 Guaranty.

4.      All Documents relating to the civil proceeding brought by Commissions Import-Export S.A. against TotalEnergies SE, TotalEnergies Holdings SAS, and TotalEnergies EP Congo in the Commercial Court of Nanterre, France in case RG N°2016F02380.

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

IN RE APPLICATION OF COMMISSIONS )    Case No: \_\_-mc-\_\_\_\_
IMPORT-EXPORT S.A. FOR JUDICIAL )
ASSISTANCE PURSUANT TO 28 U.S.C. )
§ 1782 )

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: **Morgan Stanley & Co. LLC**
By Serving:    C T Corporation System
             28 Liberty Street, New York, NY 10005

---

**X** Production: YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material referenced in **Exhibit A**.

| Place: If not Produced Electronically[1] | Date and Time: |
|---|---|
| Veritext Legal Solutions<br>7 Times Square, 16th Floor<br>New York, NY 10036 | November 16, 2025, at 10:00 a.m. |

WHEREAS, TotalEnergies SE. TotalEnergies Holdings SAS, and TotalEnergies EP Congo (collectively "TotalEnergies") are the successors-in-interest to obligations owed under a certain 1986 Guaranty between the Republic of the Congo (the "ROC"), Caisse Congolaise d'Amortissement (the "CCA"), and Commissions Import-Export S.A. ("Commisimpex"), assigning to Commisimpex, in the event of default by the ROC and CCA on certain promissory notes, certain revenues otherwise owed by TotalEnergies and its predecessors to the ROC.

WHEREAS, two International Chamber of Commerce International Court of Arbitration awards have been entered against the ROC and CCA due to their default, and those awards and the Guaranty have been served upon TotalEnergies, in connection with which TotalEnergies is now facing possible entry of judgment for approximately $2,000,000,000 in the French Commercial Court of Nanterre.

NOW THEREFORE, WE COMMAND YOU, to produce for examination all documents and communications referenced in **Exhibit A** (attached).

TAKE FURTHER NOTICE that failure to comply with the subpoena is punishable as a contempt of court.

---

[1] Documents may be produced by electronic submission to mcohen@sequorlaw.com or secure electronic download.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR

_____     _____

*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorneys representing **Commissions Import-Export S.A.**, who issues or requests this subpoena, are: Tara Plochocki, tplochocki@sequorlaw.com; David Short, dshort@sequorlaw.com; and Robert Kearney, rkearney@sequorlaw.com; 650 Massachusetts Avenue, N.W., Suite 600, Washington, D.C. 20001; Tel: 305-372-8282.

PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*:
_____
on *(date)* _____ .

☐  I served the subpoena by delivering a copy to the named person as follows:
_____
_____
_____
_____ on *(date)* _____ ; or

☐  I returned the subpoena unexecuted because:
_____
_____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

Case No: __-mc-____

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

. . .

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

<u>**EXHIBIT A**</u>

<u>**DEFINITIONS & INSTRUCTIONS**</u>

1.  **You.**  "You" shall mean the person or entity to whom this subpoena is directed.

2.  **Document.**  "Document" shall mean a document or electronic information—including writings, graphs, charts, photographs, images, other data or data compilations, telegrams, emails, computerized instant messages, text messages, memoranda, summaries, original or preliminary notes, summaries of negotiations, summaries of investigations, contracts, agreements, brochures, pamphlets, advertisements, including preliminary drafts or revisions of any of the foregoing if the copy is in any way different—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.

3.  **TotalEnergies.** "TotalEnergies" shall mean TotalEnergies SE and any of its subsidiaries, including, but not limited to, TotalEnergies Holdings SAS, TotalEnergies Capital SA, and TotalEnergies EP Congo, and any of their predecessors, successors, agents, attorneys, employees, representatives, officers, or directors.

4.  **1986 Guaranty.**  "1986 Guaranty" shall mean the 1986 Guaranty signed between the Republic of the Congo, Caisse Congolaise d'Amortissement, and Commissions Import-Export S.A.

5.  **Commisimpex.** "Commisimpex" shall mean Commissions Import-Export S.A.

6.  **Relevant Period.**  "Relevant Period" shall mean the period of time beginning with and including January 1, 2020, through and including the date of complete production of Documents responsive to this Subpoena, including any period of time that production of responsive Documents is delayed by the filing of any objection, motion to quash, or motion for protective order to this Subpoena.  **Unless otherwise stated, all Requests refer only to the Relevant Period.**

7.  Each request for Documents seeks production of all Documents described, including all drafts and non-identical copies. If more than one identical copy of a document exists, produce the most legible copy.

8.  Each request for a Document contemplates production of the Document in its entirety, without abbreviation or redaction.

9.  Each request shall be construed independently and not with reference to any other request for Documents.

10. If You object to any particular portion of any request herein, You are nevertheless required to produce documents in response to all other portions of such request as to which there is no objection. You must also provide a particularized objection to those requests to which You object in a manner reasonably calculated to allow Plaintiff to discern the nature and type of the Documents involved.

11. If there are no Documents remaining in Your possession, custody, or control for a particular request, You must so state in writing in an affidavit certifying that You conducted a reasonable search for responsive Documents. The certification should state whether the document never existed, or the Document is believed to have existed at some point and was lost or destroyed.

12. You are requested to produce all non-privileged Documents which are in Your possession, custody, or control, including, but not limited to, Documents in the possession, custody or control of Your affiliates, attorneys, consultants, professionals, agents, representatives, employees, subsidiaries, sister corporations, parent corporations or any other person or entity acting on Your behalf. Under applicable law, You have the affirmative duty to contact any person or entity, including the foregoing, from whom you have (a) "the legal right to obtain the Documents requested upon demand" or (b) the practical ability to obtain the responsive documents. *See Mirlis v. Greer*, 80 F.4th 377, 383 (2d Cir. 2023) ("[D]ocuments are considered to be under a party's control when that party has the right, authority, or practical ability to obtain the documents.").

**DOCUMENT REQUESTS**

1.      All Documents provided by TotalEnergies to You concerning any actual or potential liability of TotalEnergies arising from litigation or arbitration or any judgments or awards issued in connection therewith.

2.      All Documents relating to Commissions Import-Export S.A.

3.      All Documents relating to the 1986 Guaranty.

4.      All Documents relating to the civil proceeding brought by Commissions Import-Export S.A. against TotalEnergies SE, TotalEnergies Holdings SAS, and TotalEnergies EP Congo in the Commercial Court of Nanterre, France in case RG N°2016F02380.

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

IN RE APPLICATION OF COMMISSIONS   )    Case No: __-mc-____
IMPORT-EXPORT S.A. FOR JUDICIAL   )
ASSISTANCE PURSUANT TO 28 U.S.C.   )
§ 1782   )

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:      **Natixis Securities Americas LLC**
By Serving:  Natixis Securities Americas LLC
           28 Liberty Street, New York, NY 10005

**X** Production: YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material referenced in **Exhibit A**.

| **Place: If not Produced Electronically[1]** | **Date and Time:** |
|---|---|
| Veritext Legal Solutions<br>7 Times Square, 16th Floor<br>New York, NY 10036 | November 16, 2025, at 10:00 a.m. |

WHEREAS, TotalEnergies SE. TotalEnergies Holdings SAS, and TotalEnergies EP Congo (collectively "TotalEnergies") are the successors-in-interest to obligations owed under a certain 1986 Guaranty between the Republic of the Congo (the "ROC"), Caisse Congolaise d'Amortissement (the "CCA"), and Commissions Import-Export S.A. ("Commisimpex"), assigning to Commisimpex, in the event of default by the ROC and CCA on certain promissory notes, certain revenues otherwise owed by TotalEnergies and its predecessors to the ROC.

WHEREAS, two International Chamber of Commerce International Court of Arbitration awards have been entered against the ROC and CCA due to their default, and those awards and the Guaranty have been served upon TotalEnergies, in connection with which TotalEnergies is now facing possible entry of judgment for approximately $2,000,000,000 in the French Commercial Court of Nanterre.

NOW THEREFORE, WE COMMAND YOU, to produce for examination all documents and communications referenced in **Exhibit A** (attached).

TAKE FURTHER NOTICE that failure to comply with the subpoena is punishable as a contempt of court.

---

[1] Documents may be produced by electronic submission to mcohen@sequorlaw.com or secure electronic download.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorneys representing **Commissions Import-Export S.A.**, who issues or requests this subpoena, are: Tara Plochocki, tplochocki@sequorlaw.com; David Short, dshort@sequorlaw.com; and Robert Kearney, rkearney@sequorlaw.com; 650 Massachusetts Avenue, N.W., Suite 600, Washington, D.C. 20001; Tel: 305-372-8282.

### PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*:

_____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows:

_____

_____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because:

_____

_____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

. . .

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

## <u>EXHIBIT A</u>

## <u>DEFINITIONS & INSTRUCTIONS</u>

1. **You.** "You" shall mean the person or entity to whom this subpoena is directed.

2. **Document.** "Document" shall mean a document or electronic information—including writings, graphs, charts, photographs, images, other data or data compilations, telegrams, emails, computerized instant messages, text messages, memoranda, summaries, original or preliminary notes, summaries of negotiations, summaries of investigations, contracts, agreements, brochures, pamphlets, advertisements, including preliminary drafts or revisions of any of the foregoing if the copy is in any way different—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.

3. **TotalEnergies.** "TotalEnergies" shall mean TotalEnergies SE and any of its subsidiaries, including, but not limited to, TotalEnergies Holdings SAS, TotalEnergies Capital SA, and TotalEnergies EP Congo, and any of their predecessors, successors, agents, attorneys, employees, representatives, officers, or directors.

4. **1986 Guaranty.** "1986 Guaranty" shall mean the 1986 Guaranty signed between the Republic of the Congo, Caisse Congolaise d'Amortissement, and Commissions Import-Export S.A.

5. **Commisimpex.** "Commisimpex" shall mean Commissions Import-Export S.A.

6. **Relevant Period.** "Relevant Period" shall mean the period of time beginning with and including January 1, 2020, through and including the date of complete production of Documents responsive to this Subpoena, including any period of time that production of responsive Documents is delayed by the filing of any objection, motion to quash, or motion for protective order to this Subpoena. **Unless otherwise stated, all Requests refer only to the Relevant Period.**

7. Each request for Documents seeks production of all Documents described, including all drafts and non-identical copies. If more than one identical copy of a document exists, produce the most legible copy.

8. Each request for a Document contemplates production of the Document in its entirety, without abbreviation or redaction.

9. Each request shall be construed independently and not with reference to any other request for Documents.

10. If You object to any particular portion of any request herein, You are nevertheless required to produce documents in response to all other portions of such request as to which there is no objection. You must also provide a particularized objection to those requests to which You object in a manner reasonably calculated to allow Plaintiff to discern the nature and type of the Documents involved.

11. If there are no Documents remaining in Your possession, custody, or control for a particular request, You must so state in writing in an affidavit certifying that You conducted a reasonable search for responsive Documents. The certification should state whether the document never existed, or the Document is believed to have existed at some point and was lost or destroyed.

12. You are requested to produce all non-privileged Documents which are in Your possession, custody, or control, including, but not limited to, Documents in the possession, custody or control of Your affiliates, attorneys, consultants, professionals, agents, representatives, employees, subsidiaries, sister corporations, parent corporations or any other person or entity acting on Your behalf. Under applicable law, You have the affirmative duty to contact any person or entity, including the foregoing, from whom you have (a) "the legal right to obtain the Documents requested upon demand" or (b) the practical ability to obtain the responsive documents. *See Mirlis v. Greer*, 80 F.4th 377, 383 (2d Cir. 2023) ("[D]ocuments are considered to be under a party's control when that party has the right, authority, or practical ability to obtain the documents.").

## **DOCUMENT REQUESTS**

1.      All Documents provided by TotalEnergies to You concerning any actual or potential liability of TotalEnergies arising from litigation or arbitration or any judgments or awards issued in connection therewith.

2.      All Documents relating to Commissions Import-Export S.A.

3.      All Documents relating to the 1986 Guaranty.

4.      All Documents relating to the civil proceeding brought by Commissions Import-Export S.A. against TotalEnergies SE, TotalEnergies Holdings SAS, and TotalEnergies EP Congo in the Commercial Court of Nanterre, France in case RG N°2016F02380.

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

IN RE APPLICATION OF COMMISSIONS ) Case No: ___-mc-____
IMPORT-EXPORT S.A. FOR JUDICIAL )
ASSISTANCE PURSUANT TO 28 U.S.C. )
§ 1782 )

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:        **SMBC Nikko Securities America, Inc.**
By Serving:    C/O Corporation Service Company
                 28 Liberty Street, Albany, NY 12207

<u>X</u> Production: YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material referenced in **Exhibit A**.

| **Place: If not Produced Electronically[1]** | **Date and Time:** |
|---|---|
| Veritext Legal Solutions | November 16, 2025, at 10:00 a.m. |
| 7 Times Square, 16th Floor | |
| New York, NY 10036 | |

WHEREAS, TotalEnergies SE. TotalEnergies Holdings SAS, and TotalEnergies EP Congo (collectively "TotalEnergies") are the successors-in-interest to obligations owed under a certain 1986 Guaranty between the Republic of the Congo (the "ROC"), Caisse Congolaise d'Amortissement (the "CCA"), and Commissions Import-Export S.A. ("Commisimpex"), assigning to Commisimpex, in the event of default by the ROC and CCA on certain promissory notes, certain revenues otherwise owed by TotalEnergies and its predecessors to the ROC.

WHEREAS, two International Chamber of Commerce International Court of Arbitration awards have been entered against the ROC and CCA due to their default, and those awards and the Guaranty have been served upon TotalEnergies, in connection with which TotalEnergies is now facing possible entry of judgment for approximately $2,000,000,000 in the French Commercial Court of Nanterre.

NOW THEREFORE, WE COMMAND YOU, to produce for examination all documents and communications referenced in **Exhibit A** (attached).

TAKE FURTHER NOTICE that failure to comply with the subpoena is punishable as a contempt of court.

---

[1] Documents may be produced by electronic submission to mcohen@sequorlaw.com or secure electronic download.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

          CLERK OF COURT

                                    OR

_____     _____

*Signature of Clerk or Deputy Clerk*       *Attorney's signature*

The name, address, email address, and telephone number of the attorneys representing **Commissions Import-Export S.A.**, who issues or requests this subpoena, are: Tara Plochocki, tplochocki@sequorlaw.com; David Short, dshort@sequorlaw.com; and Robert Kearney, rkearney@sequorlaw.com; 650 Massachusetts Avenue, N.W., Suite 600, Washington, D.C. 20001; Tel: 305-372-8282.

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*:
_____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows:

_____

_____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because:

_____

_____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

. . .

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

## <u>EXHIBIT A</u>

## <u>DEFINITIONS & INSTRUCTIONS</u>

1. **You.** "You" shall mean the person or entity to whom this subpoena is directed.

2. **Document.** "Document" shall mean a document or electronic information—including writings, graphs, charts, photographs, images, other data or data compilations, telegrams, emails, computerized instant messages, text messages, memoranda, summaries, original or preliminary notes, summaries of negotiations, summaries of investigations, contracts, agreements, brochures, pamphlets, advertisements, including preliminary drafts or revisions of any of the foregoing if the copy is in any way different—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.

3. **TotalEnergies.** "TotalEnergies" shall mean TotalEnergies SE and any of its subsidiaries, including, but not limited to, TotalEnergies Holdings SAS, TotalEnergies Capital SA, and TotalEnergies EP Congo, and any of their predecessors, successors, agents, attorneys, employees, representatives, officers, or directors.

4. **1986 Guaranty.** "1986 Guaranty" shall mean the 1986 Guaranty signed between the Republic of the Congo, Caisse Congolaise d'Amortissement, and Commissions Import-Export S.A.

5. **Commisimpex.** "Commisimpex" shall mean Commissions Import-Export S.A.

6. **Relevant Period.** "Relevant Period" shall mean the period of time beginning with and including January 1, 2020, through and including the date of complete production of Documents responsive to this Subpoena, including any period of time that production of responsive Documents is delayed by the filing of any objection, motion to quash, or motion for protective order to this Subpoena. **Unless otherwise stated, all Requests refer only to the Relevant Period.**

7. Each request for Documents seeks production of all Documents described, including all drafts and non-identical copies. If more than one identical copy of a document exists, produce the most legible copy.

8. Each request for a Document contemplates production of the Document in its entirety, without abbreviation or redaction.

9. Each request shall be construed independently and not with reference to any other request for Documents.

10. If You object to any particular portion of any request herein, You are nevertheless required to produce documents in response to all other portions of such request as to which there is no objection. You must also provide a particularized objection to those requests to which You object in a manner reasonably calculated to allow Plaintiff to discern the nature and type of the Documents involved.

11. If there are no Documents remaining in Your possession, custody, or control for a particular request, You must so state in writing in an affidavit certifying that You conducted a reasonable search for responsive Documents. The certification should state whether the document never existed, or the Document is believed to have existed at some point and was lost or destroyed.

12. You are requested to produce all non-privileged Documents which are in Your possession, custody, or control, including, but not limited to, Documents in the possession, custody or control of Your affiliates, attorneys, consultants, professionals, agents, representatives, employees, subsidiaries, sister corporations, parent corporations or any other person or entity acting on Your behalf. Under applicable law, You have the affirmative duty to contact any person or entity, including the foregoing, from whom you have (a) "the legal right to obtain the Documents requested upon demand" or (b) the practical ability to obtain the responsive documents. *See Mirlis v. Greer*, 80 F.4th 377, 383 (2d Cir. 2023) ("[D]ocuments are considered to be under a party's control when that party has the right, authority, or practical ability to obtain the documents.").

## **DOCUMENT REQUESTS**

1.      All Documents provided by TotalEnergies to You concerning any actual or potential liability of TotalEnergies arising from litigation or arbitration or any judgments or awards issued in connection therewith.

2.      All Documents relating to Commissions Import-Export S.A.

3.      All Documents relating to the 1986 Guaranty.

4.      All Documents relating to the civil proceeding brought by Commissions Import-Export S.A. against TotalEnergies SE, TotalEnergies Holdings SAS, and TotalEnergies EP Congo in the Commercial Court of Nanterre, France in case RG N°2016F02380.

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

IN RE APPLICATION OF COMMISSIONS    )    Case No: __-mc-____
IMPORT-EXPORT S.A. FOR JUDICIAL    )
ASSISTANCE PURSUANT TO 28 U.S.C.    )
§ 1782    )

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     **Deutsche Bank Securities Inc.**
By Serving:    Deutsche Bank Securities Inc.
              28 Liberty Street, New York, NY 10005

**X** Production: YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material referenced in **Exhibit A**.

| **Place: If not Produced Electronically**[1] | **Date and Time:** |
|---|---|
| Veritext Legal Solutions | November 16, 2025, at 10:00 a.m. |
| 7 Times Square, 16th Floor | |
| New York, NY 10036 | |

WHEREAS, TotalEnergies SE. TotalEnergies Holdings SAS, and TotalEnergies EP Congo (collectively "TotalEnergies") are the successors-in-interest to obligations owed under a certain 1986 Guaranty between the Republic of the Congo (the "ROC"), Caisse Congolaise d'Amortissement (the "CCA"), and Commissions Import-Export S.A. ("Commisimpex"), assigning to Commisimpex, in the event of default by the ROC and CCA on certain promissory notes, certain revenues otherwise owed by TotalEnergies and its predecessors to the ROC.

WHEREAS, two International Chamber of Commerce International Court of Arbitration awards have been entered against the ROC and CCA due to their default, and those awards and the Guaranty have been served upon TotalEnergies, in connection with which TotalEnergies is now facing possible entry of judgment for approximately $2,000,000,000 in the French Commercial Court of Nanterre.

NOW THEREFORE, WE COMMAND YOU, to produce for examination all documents and communications referenced in **Exhibit A** (attached).

TAKE FURTHER NOTICE that failure to comply with the subpoena is punishable as a contempt of court.

---

[1] Documents may be produced by electronic submission to mcohen@sequorlaw.com or secure electronic download.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR

_____          _____

*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

---

The name, address, email address, and telephone number of the attorneys representing **Commissions Import-Export S.A.**, who issues or requests this subpoena, are: Tara Plochocki, tplochocki@sequorlaw.com; David Short, dshort@sequorlaw.com; and Robert Kearney, rkearney@sequorlaw.com; 650 Massachusetts Avenue, N.W., Suite 600, Washington, D.C. 20001; Tel: 305-372-8282.

PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*:
_____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows:
_____
_____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because:
_____
_____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

. . .

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

## EXHIBIT A

## DEFINITIONS & INSTRUCTIONS

1.  **You.** "You" shall mean the person or entity to whom this subpoena is directed.

2.  **Document.** "Document" shall mean a document or electronic information—including writings, graphs, charts, photographs, images, other data or data compilations, telegrams, emails, computerized instant messages, text messages, memoranda, summaries, original or preliminary notes, summaries of negotiations, summaries of investigations, contracts, agreements, brochures, pamphlets, advertisements, including preliminary drafts or revisions of any of the foregoing if the copy is in any way different—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.

3.  **TotalEnergies.** "TotalEnergies" shall mean TotalEnergies SE and any of its subsidiaries, including, but not limited to, TotalEnergies Holdings SAS, TotalEnergies Capital SA, and TotalEnergies EP Congo, and any of their predecessors, successors, agents, attorneys, employees, representatives, officers, or directors.

4.  **1986 Guaranty.** "1986 Guaranty" shall mean the 1986 Guaranty signed between the Republic of the Congo, Caisse Congolaise d'Amortissement, and Commissions Import-Export S.A.

5.  **Commisimpex.** "Commisimpex" shall mean Commissions Import-Export S.A.

6.  **Relevant Period.** "Relevant Period" shall mean the period of time beginning with and including January 1, 2020, through and including the date of complete production of Documents responsive to this Subpoena, including any period of time that production of responsive Documents is delayed by the filing of any objection, motion to quash, or motion for protective order to this Subpoena. **Unless otherwise stated, all Requests refer only to the Relevant Period.**

7.  Each request for Documents seeks production of all Documents described, including all drafts and non-identical copies. If more than one identical copy of a document exists, produce the most legible copy.

8.  Each request for a Document contemplates production of the Document in its entirety, without abbreviation or redaction.

9.  Each request shall be construed independently and not with reference to any other request for Documents.

10. If You object to any particular portion of any request herein, You are nevertheless required to produce documents in response to all other portions of such request as to which there is no objection. You must also provide a particularized objection to those requests to which You object in a manner reasonably calculated to allow Plaintiff to discern the nature and type of the Documents involved.

11. If there are no Documents remaining in Your possession, custody, or control for a particular request, You must so state in writing in an affidavit certifying that You conducted a reasonable search for responsive Documents. The certification should state whether the document never existed, or the Document is believed to have existed at some point and was lost or destroyed.

12. You are requested to produce all non-privileged Documents which are in Your possession, custody, or control, including, but not limited to, Documents in the possession, custody or control of Your affiliates, attorneys, consultants, professionals, agents, representatives, employees, subsidiaries, sister corporations, parent corporations or any other person or entity acting on Your behalf. Under applicable law, You have the affirmative duty to contact any person or entity, including the foregoing, from whom you have (a) "the legal right to obtain the Documents requested upon demand" or (b) the practical ability to obtain the responsive documents. *See Mirlis v. Greer*, 80 F.4th 377, 383 (2d Cir. 2023) ("[D]ocuments are considered to be under a party's control when that party has the right, authority, or practical ability to obtain the documents.").

## **DOCUMENT REQUESTS**

1.      All Documents provided by TotalEnergies to You concerning any actual or potential liability of TotalEnergies arising from litigation or arbitration or any judgments or awards issued in connection therewith.

2.      All Documents relating to Commissions Import-Export S.A.

3.      All Documents relating to the 1986 Guaranty.

4.      All Documents relating to the civil proceeding brought by Commissions Import-Export S.A. against TotalEnergies SE, TotalEnergies Holdings SAS, and TotalEnergies EP Congo in the Commercial Court of Nanterre, France in case RG N°2016F02380.