# Exhibit 5

REPUBLIQUE POPULAIRE
DU CONGO
—∞—∞—∞—∞—

COUR SUPREME
—∞—∞—

Travail * Démocratie * Paix
—∞—∞—∞—∞—



Brazzaville, le 3 Avril 1987

Le Président de la Cour Suprême
De la République Populaire du
Congo

Société COMMISIMPEX S.A.
Bld Lyautey
B.P. 2082 Brazzaville
R.P.C.

OBJET : Garantie R.P.C./COMMISIMPEX SA
du 22 Décembre 1986.

Messieurs,

Mon avis a été sollicité Concernant la Garantie du 22 Décembre 1986 (ci-après la Garantie) qui a pour objet de vous garantir par la République Populaire du Congo (les Garants), le paiement par les redevances minières (Revenus), les montants intégraux des marchés et avenants de travaux et fourni- tures qui vous sont attribués, dont le détail figure ci-après :

Avenant N° 1 N°107/84/AV PR PCM DMCE du 05/04/84, Avenant N°3 N° 127/84/AV PR PCM DMCE du 05/05/84, Marché 185/84/G/PR PCM DMCE du 25/06/84, Marché N°83/85/AO PR PCM DMCE du 25/06/85, Marché N° 009/86/G/PR PCM DMCE du 12/02/86, Marché N° 015/ 86/G/PR PCM DMCE du 24/03/86, Avenant N°4 N° 54/86/AV/PR PCM DMCE du 08/07/86, Marché 53/86/AO/PR PCM DMCE du 08/07/86, Avenant N°1 N° 55/86/AV/PR PCM DMCE du 08/07/86, Avenant N°5 N° 57/86 /AV/PR PCM DMCE du 08/07/86, Avenant n° 1 N° 56/86 /AV/ PR PCM DMCE du 08/07/86, et la Garantie irrévocable de COMMISIMPEX en lieu et place de l'Etat Congolais N° CORP 5166-85 du 20/03/85.

Pour le besoin du présent avis, j'ai examiné les marchés et avenants de travaux et fournitures ainsi que les conventions du 17 Octobre 1968 et ses avenants entre la République populaire du Congo, et la société Nationale ELF Aquitaine (SNEA), et la convention du 11 novembre et ses avenants entre la République Populaire du Congo et la société AGIP.

Ayant examiné les documents ci-dessus mentionnés et ayant pris en considération toutes les lois applicables de la république Populaire du Congo, je suis d'avis :

1. que le Garant a la capacité juridique d'émettre la garantie dans les conditions prévues par ceux-ci, et d'exécuter toutes les obligations qui en découle par lui ;

.../...

2.	que toutes les autorisations requises par la législation congolaise pour la signature de tous les documents des marchés et avenants de travaux et fournitures pour la réalisation de la garantie dans les conditions prévues par ceux-ci et pour l'exécution de toutes les obligations qui en découlent pour le Garant, ont été obtenues et que ces autorisations sont pleinement en vigueur ;

3.	que les signataires de la garantie ainsi que de tous les marchés et avenants de travaux et fournitures sont investis des pouvoirs nécessaires pour lier le Garant dans les termes de la garantie ;

4.	que la garantie ainsi chacun des documents de tous les marchés et avenants de travaux et fournitures constituent un engagement valable du Garant qui le lie conformément à ses termes, et qu'elle ne viole en aucune façon le lois et règlements applicables au Garant ni ses engagements contractuels ;

5.	qu'aucune instance n'est en cours ou, à la connaissance du Garant n'est sur le point d'être intentée, pouvant avoir pour effet d'empêcher ou d'interdire la signature ou l'exécution de la garantie ;

6.	qu'il n'existe aucun évènement qui constituerait un cas d'exigibilité anticipée au titre de la garantie ou qui, après notification ou après un certain délai, constituerait un tel cas ;

7.	qu'au vu de la réglementation et du droit congolais actuellement en vigueur ;

-	aucune autorisation particulière n'est requise pour permettre le paiement des intérêts, des commissions, des frais et le remboursement du principal conformément au terme des contrats des marchés et avenants de travaux et fournitures sus désignés ;
-	il n'est nécessaire de procéder à un dépôt, enregistrement ou autre consignation auprès d'une administration quelconque ou d'une quelconque autorité;
-	la signature de la garantie ainsi que de tous les marchés et avenants de travaux et fournitures et l'exécution des obligations qui y sont stipulées ne sont soumises à aucun impôt sur les bénéfices, retenue à la source, taxe, droit d'enregistrement, droit ou charge fiscale ou parafiscale imposés par le République Populaire du Congo ou par toute collectivité, département ou organisme public de celle-ci ;

8.	que le Garant a pris toutes les mesures requises pour les opérations prévues à la conventions et pour garantir inconditionnellement la libre convertibilité et le libre transfert des sommes requises pour le paiement intégral des engagement dus à COMISIMPEX pour les contrats des marchés et avenants de travaux et fournitures sus désignés en principal et le paiement des intérêts, commissions et autres frais et accessoires ;

9.	que l'acceptation par le Garant de la compétence du tribunal fédéral ou cantonal en Suisse, ou tout tribunal relevant de toute juridiction où les actifs du garant peuvent être localisés pour trancher tous différends est valable et lie irrévocablement le Garant ;

10.	que les obligations du Garant découlant de la signature de la Garantie et des contrats des marchés et avenants de travaux sus désignés constituent des obligations de nature commerciale soumises au droit privé et

Maître
Gaston MOYI
Greffier en Chef

resteront valables dans toutes leurs dispositions, obligeront l'Etat Congolais et seront reconnues valables en République Populaire du Congo ;

En conséquence, toutes les conditions requises par la Constitution du 8 juillet 1979, la Législation et la Réglementation en vigueur ont été dûment remplies et les documents examinés en vue du présent avis constituent pour la République Populaire du Congo un engagement valable ayant force obligatoire conformément à ces dispositions.

Veuillez agréer, Messieurs, l'expression de mes sentiments les meilleurs./.-



Ch. ASSEMEKANG

Magistrat
Président de la Cour Suprême
de la République Populaire du Congo





Copie Certifiée Conforme à L'original

Maître Gaston MOYI
Greffier en Chef

POUR COPIE CERTIFIEE
CONFORME A L'ORIGINAL



