# Exhibit 12



Grosses délivrées  
aux parties le :

**REPUBLIQUE FRANCAISE**  
AU NOM DU PEUPLE FRANCAIS

**COUR D'APPEL DE PARIS**

Pôle 1 - Chambre 1

**ARRET DU 12 SEPTEMBRE 2017**

(n°   ,  8  pages)

Numéro d'inscription au répertoire général : **15/24881**

Décision déférée à la Cour : Ordonnance en la forme des référés du 16 décembre 2015 rendue par le vice-président du TGI de PARIS agissant par délégation - RG n° 15/57263

**APPELANT**

**LA RÉPUBLIQUE DU CONGO agissant en la personne de Monsieur le Président de la République, Chef du gouvernement**

Palais du peuple  
boulevard Denis Sassou Nguesso  
Centre ville, arrondissement n° 3  
Poto Poto - Brazzaville (Republique du Congo)

représenté par Me Charles-Hubert OLIVIER de la SCP LAGOURGUE & OLIVIER, avocat postulant du barreau de PARIS, toque : L0029  
assistée de Me Simone BERNARD-DUPRE, avocat plaidant du barreau de PARIS, toque: C 147

**INTIMES**

**Monsieur Mohsen Mohamed HAJAIJ** né le 15 août 1945 à Lagos (Nigéria)

élisant domicile à l'étude de :  
Me Jacques-Alexandre GENET  
Selas Archipel  
92 rue Jouffroy d'Abbans  
75017 PARIS

représenté par Me Jacques-Alexandre GENET et Emmanuel KASPEREIT de la SELAS ARCHIPEL, avocats au barreau de PARIS, toque : P0122

**Société COMMISSIONS IMPORT EXPORT (COMMISIMPEX)**  
prise en la personne de ses représentants légaux

élisant domicile à l'étude de :  
Me Jacques-Alexandre GENET  
Selas Archipel  
92 rue Jouffroy d'Abbans  
75017 PARIS

représenté par Me Jacques-Alexandre GENET et Emmanuel KASPEREIT de la SELAS ARCHIPEL, avocats au barreau de PARIS, toque : P0122

**Monsieur Gaston MOSSA** ès-qualités de syndic liquidateur de la société **COMMISIMPEX**

Pointe Noire, Immeuble CNSS, 1er étage
en face de la pâtisserie "La Citronelle"
BP 1970 (République du Congo)

non représenté
non comparant

**Monsieur Emile NDZONDO** ès-qualités de syndic liquidateur de la société **COMMISIMPEX**

Centre ville, boulevard Denis Sassou Nguesso,
Immeuble Pharmacie de la gare, en face de la CNSS
Brazzaville (République du congo)

non représenté
non comparant

**Monsieur Aiméry Patrick TATY MAKAYA** ès-qualités de syndic liquidateur de la société **COMMISIMPEX**

102 rue Lastour, Centre ville, arrondissement 3, Poto Poto,
Brazzaville (République du congo)

non représenté
non comparant

### COMPOSITION DE LA COUR :

L'affaire a été débattue le 30 mai 2017, en audience publique, devant la cour composée de :
Mme Dominique GUIHAL, présidente
Mme Dominique SALVARY, conseillère
M. Jean LECAROZ, conseiller

qui en ont délibéré

**Greffier,** lors des débats : Mme Mélanie PATE

**ARRET :**- par défaut
- par mise à disposition de l'arrêt au greffe de la Cour, les parties en ayant été préalablement avisées dans les conditions prévues au deuxième alinéa de l'article 450 du code de procédure civile.
- signé par Mme Dominique GUIHAL, présidente et par Mme Mélanie PATE, greffier présent lors du prononcé.

Le 3 décembre 2000, un tribunal arbitral constitué sous l'égide de la cour internationale d'arbitrage de la CCI a condamné la République du Congo à payer une certaine somme à la société Commissions Import Export (la société COMMISIMPEX). Cette sentence est devenue exécutoire en France au terme d'un arrêt rendu par la cour d'appel de Paris le 23 mai 2002 ayant rejeté le recours en annulation formé par la République du Congo. Cette décision est définitive.

La République du Congo a été condamnée par une nouvelle sentence arbitrale du 21 janvier 2013 à payer à la société COMMISIMPEX une somme complémentaire d'environ 600 000 000 d'euros selon la République du Congo et de 754 000 000 d'euros selon la société COMMISIMPEX et M. HAJAIJ.

Cette sentence est devenue définitive à la suite de l'arrêt rendu par la Cour de cassation le 25 mai 2016 (pourvoi n°14-29.264) qui a rejeté le pourvoi dirigé contre l'arrêt de la cour d'appel de Paris du 14 octobre 2014 ayant rejeté le recours en annulation de la République du Congo.

Par jugement du 30 octobre 2012, le tribunal de commerce de Brazzaville a mis en liquidation judiciaire la société COMMISIMPEX à la demande de la Caisse nationale de sécurité sociale (CNSS) congolaise pour non paiement depuis 1981 des cotisations sociales de ses travailleurs. Le tribunal a en outre prononcé la faillite personnelle de M. HAJAIJ, dirigeant de la société. La société COMMISIMPEX a aussi fait l'objet en 2014 d'une procédure de redressement fiscal pour ne pas avoir depuis 2008 déposé ses « états financiers de synthèse ».

Par arrêt du 13 mai 2013, la cour d'appel de Brazzaville a confirmé ce jugement en ce qu'il a prononcé la liquidation de la société COMMISIMPEX mais l'a réformé en ce qu'il a prononcé la faillite personnelle du dirigeant.

Par ordonnance du 18 décembre 2014, M. Charles Emise APPESSE, juge commissaire à la liquidation de biens de la société COMMISIMPEX a constaté que la créance fiscale de l'État congolais contre la société était établie et définitive, a constaté la compensation légale entre la créance fiscale et les dettes de l'État résultant de la sentence arbitrale du 21 janvier 2013 et a déclaré que la dette résultant de la sentence arbitrale étant d'un montant inférieur aux créances fiscales, la compensation valait paiement des chefs de la sentence et qu'il subsistait au bénéfice de la République du Congo un reliquat de créances ;

Le 14 janvier 2015, la Cour Commune de Justice et d'Arbitrage (CCJA) siégeant sous l'égide de l'OHADA a rejeté le pourvoi formé par M. HAJAIJ contre l'arrêt du 13 mai 2013.

Selon acte du 15 juillet 2015, la République du Congo a assigné, en la forme des référés, M. HAJAIJ, M. MOSSA, ès qualité de syndic liquidateur de la société COMMISIMPEX, M. NDZONDO, ès qualité de syndic de liquidation, et M. MAKAYA, ès qualité de syndic liquidateur, aux fins d'exequatur de l'ordonnance congolaise du 18 décembre 2014.

Par ordonnance rendue en la forme de référé du 16 décembre 2015, le délégataire du président du tribunal de grande instance de Paris a notamment :
- reçu l'intervention volontaire de la société COMMISIMPEX,
- rejeté la demande d'exequatur de l'ordonnance rendue le 18 décembre 2014 par M. APPESSE, ordonnant la compensation des créances détenues respectivement par la République du Congo et la société COMMISIMPEX,
- déclaré inopposables sur le territoire français le jugement Répertoire n°076 rendu le 30 octobre 2012 par le tribunal de commerce de Brazzaville, l'arrêt Répertoire n°19 rendu le

13 mai 2013 par la cour d'appel de Brazzaville et l'ordonnance rendue le 18 décembre 2014 par M. APPESSE ordonnant la compensation des créances détenues respectivement par la République du Congo et la société COMMISIMPEX.
Après avoir rappelé que la demande d'exequatur obéissait aux dispositions de la convention de coopération, en matière judiciaire entre la République française et la République populaire du Congo conclue le 1$^{er}$ janvier 1974, en matière civile et commerciale, le délégataire du président a essentiellement retenu que la demande d'exequatur de l'ordonnance du 18 décembre 2014 présentée par la République du Congo et les demandes d'inopposabilité des décisions rendues par le tribunal de commerce et la cour d'appel de Brazzaville ne pouvaient pas être examinées indépendamment puisqu'elles étaient « interdépendantes ». Le délégataire a considéré que la procédure « précipitée », qui a donné lieu au jugement rendu le 30 octobre 2012 du tribunal de commerce de Brazzaville, a consacré une atteinte aux droits de la société COMMISIMPEX qui n'a pas été en mesure d'organiser utilement sa défense. Il a encore retenu que le jugement du 30 octobre 2012 et l'arrêt du 13 mai 2013 comportaient une motivation lacunaire, parfois incompréhensible voire contradictoire, ce qui constituait une « atteinte à l'ordre public ». Il a enfin retenu l'incompétence des juges-commissaires désignés dans la procédure d'insolvabilité de la société COMMISIMPEX, MM. MAKAYA et APPESSE, en ce que, respectivement président de la chambre commerciale de la cour d'appel de Pointe-Noire et premier président de la cour d'appel de Brazzaville, ils ne pouvaient pas être désignés en cette qualité. Le délégataire a enfin constaté que M. APPESSE, nommé le 17 mai 2013 premier président de la cour des comptes et de contrôle budgétaire congolaise, n'était plus compétent pour rendre l'ordonnance du 10 novembre 2014 admettant la créance de l'État congolais au passif de la société COMMISIMPEX et celle du 18 décembre 2014 prononçant la compensation entre les créances.

La République du Congo a fait appel de cette décision le 21 décembre 2015.

MM. MAKAYA, MOSSA et NDZONDO, ès qualités, ont été assignés par la République du Congo par acte du 7 juin 2016. Ils sont défaillants et non représentés.

Dans ses dernières conclusions signifiées le 23 mai 2016, la République du Congo demande à la cour de dire recevable sa demande d'exequatur, de constater que cette demande est conforme aux conditions requises par la Convention de coopération du 1$^{er}$ janvier 1974, de dire que la décision de la CCJA rendue le 14 janvier 2015 rejetant le pourvoi de M. HAHAIJ et le 29 février 2016 rejetant son recours en révision ne permettent plus la critique des décisions de liquidation de la société COMMISIMPEX rendues en première instance et en appel ainsi que celle de l'ordonnance ordonnant la compensation des créances rendue le 18 décembre 2014, de constater que l'incompétence des juges-commissaires n'a jamais été soulevée devant les juridictions congolaises et la CCJA, de constater que les décisions congolaises en cause ne violent pas l'ordre public international, d'accorder l'exequatur de ces décisions et de statuer ce que droit sur les dépens.

Dans ses dernières conclusions signifiées le 7 novembre 2016, M. HAJAIJ et la société COMMISIMPEX demandent à la cour de rejeter l'ensemble des demandes de la République du Congo, de confirmer l'ordonnance rendue en la forme des référés par le président du tribunal de grande instance de Paris le 16 décembre 2015, de déclarer inopposable sur le territoire français l'ordonnance d'admission d'une créance contestée rendue par M. APPESSE le 10 novembre 2014, de condamner la République du Congo à leur payer la somme de 100 000 euros en application des dispositions de l'article 700 du code de procédure civile, outre les entiers dépens de première instance et d'appel, dont distraction au profit de la SELAS ACHIPEL.
M. HAJAIJ et la société COMMISIMPEX soutiennent que les décisions congolaises sont le produit d'une fraude commise par la République du Congo en violation de l'ordre public international français, que la société COMMISIMPEX n'a pas été régulièrement citée à comparaître au Congo et a été privée du droit de préparer sa défense dans un délai raisonnable, que les juridictions congolaises ont statué de façon partiale au détriment de la société en instruisant l'affaire dans la précipitation, en adoptant une motivation

défaillante et en ne désignant pas les organes de la procédure collective de manière régulière, et que les juridictions congolaises ne disposaient du pouvoir de condamner la société COMMISIMPEX.

**SUR QUOI,**

Considérant que l'article 49 de la convention de coopération judiciaire conclue entre la France et le Congo le 1er janvier 1974 (la Convention) énonce que :
« En matière civile, sociale ou commerciale, les décisions contentieuses et gracieuses rendues par toutes les juridictions siégeant sur le territoire de la République française et sur le territoire de la République populaire du Congo, sont reconnues de plein droit sur le territoire de l'autre État si elles réunissent les conditions suivantes :
a) La décision émane d'une juridiction compétente d'après les règles de conflit de l'Etat requis ;
b) La décision ne peut plus, d'après la loi de l'État où elle a été rendue, faire l'objet d'un recours ordinaire ou d'un pourvoi en cassation ;
c) Les parties ont été régulièrement citées, représentées ou déclarées défaillantes ;
d) La décision ne contient rien de contraire à l'ordre public de l'État où elle est invoquée ;
e) Un litige entre les mêmes parties fondé sur les mêmes faits et ayant le même objet :
- n'est pas pendant devant une juridiction de l'Etat requis, ou
- n'a pas donné lieu à une décision rendue dans l'Etat requis, ou
- n'a pas donné lieu à une décision rendue dans un autre Etat et réunissant les conditions nécessaires à sa reconnaissance dans l'Etat requis.
[...] »

Considérant que selon l'article 53 de la Convention, « Le président se borne à vérifier si la décision dont l'exécution est demandée remplit les conditions prévues à l'article 48. Il procède d'office à cet examen et doit en constater le résultat dans sa décision. Il ordonne, s'il y a lieu, les mesures nécessaires pour que la décision dont l'exécution est demandée reçoive la même publicité que si elle avait été rendue dans l'Etat où elle est déclarée exécutoire. L'exécution peut être accordée partiellement pour l'un ou l'autre seulement des chefs de la décision invoquée » ;

Considérant que si le juge de l'exequatur ne saurait porter d'appréciation sur le fond des décisions dont l'exequatur est demandé, ni exercer une révision sur ceux-ci, il n'en demeure pas moins compétent pour s'assurer que les conditions prévues par l'article 48 précité, au nombre desquelles figure l'ordre public international français sont bien réunies ;

**Sur la compétence des juridictions congolaises d'après les règles de conflit de l'État requises**

Considérant qu'en application de l'article 48 de la Convention, le juge de l'exequatur doit s'assurer que la décision émane d'une juridiction compétente d'après les règles de conflit de l'État requis ; qu'il ne lui appartient pas de contrôler la compétence interne ou spéciale du juge étranger qui a statué ;

Considérant que l'ordonnance du 18 décembre 2014, ainsi que les décisions qui l'ont précédée, ont été rendues par les juridictions de la République du Congo, dont la compétence internationale indirecte n'est pas contestée ; qu'il n'appartient pas au juge de l'exequatur, qui n'a pas un pouvoir de révision, de se prononcer sur les critiques tirées de l'illégalité et de l'excès de pouvoir commis par un juge commissaire congolais de prononcer la compensation de créances réciproques, quand bien même cette décision constituerait une violation de l'Acte Uniforme portant organisation des Procédures Collectives (AUPC) ou de celui portant organisation des procédures simplifiées de recouvrement et des voies d'exécution ;

Considérant que le défaut de pouvoir juridictionnel qui résulterait, selon la société COMMISIMPEX, de ce que le juge commissaire devait être nommé parmi les membres d'un tribunal de commerce, plutôt que parmi les membres d'une cour d'appel, ou que la désignation postérieure du juge-commissaire en tant que Premier Président de la cour des comptes et de discipline budgétaire gabonaise mettait fin à ses fonctions dans la procédure relative à la société COMMISIMPEX, relève de la loi interne gabonaise ; qu'il n'est pas contesté qu'après sa désignation en tant que Premier Président de la cour des comptes, M. APPESSE n'a pas été déchargé de ses fonctions de juge-commissaire à la liquidation des biens de la société COMMISIMPEX ; que l'ordonnance a été revêtue de la formule exécutoire et du cachet du greffier en chef du tribunal de commerce de Brazzaville ; qu'il en ressort que M. APPESSE était *prima facie* investi du pouvoir de rendre cette ordonnance ;

Considérant qu'il convient donc de constater que la condition posée par l'article 49 a) de la Convention est respectée ;

### Sur l'absence de recours ordinaire ou d'un pourvoi en cassation contre la décision en République du Congo

Considérant que cette condition prévue par l'article 49 b) de la Convention n'est pas critiquée par la société COMMISIMPEX ; qu'il est d'ailleurs constant que le jugement rendu le 30 octobre 2012 par le tribunal de commerce de Brazzaville, qui a mis en liquidation judiciaire la société COMMISIMPEX à la demande de la Caisse nationale de sécurité sociale congolaise pour non paiement depuis 1981 des cotisations sociales de ses travailleurs, a été confirmé partiellement par un arrêt du 13 mai 2013 de la cour d'appel de Brazzaville ; que cette dernière décision a fait l'objet d'un pourvoi formé par M. HAJAIJ, qui a été rejeté le 14 janvier 2015 par la Cour Commune de Justice et d'Arbitrage (CCJA).

Considérant que la condition prévue par l'article 49 b) est donc remplie ;

### Sur l'absence de litige entre les mêmes parties fondé sur les mêmes faits et ayant le même objet

Considérant qu'il n'est pas contesté que cette condition prévue par l'article 49 e) de la Convention est satisfaite ; qu'il convient donc de le constater ;

### Sur la régularité de la citation, la représentation et les défaillances

Considérant que, comme l'ont retenu les premiers juges, le contrôle du juge de l'exequatur de l'ordonnance du 18 décembre 2014, en ce qu'elle ordonne la compensation entre les créances réciproques de la République du Congo et de la société COMMISIMPEX, ne peut être entrepris séparément de la demande en inopposabilité des décisions qui l'ont précédée, l'interdépendance de ces décisions n'étant d'ailleurs pas discutée ;

Considérant que par une première ordonnance rendue le 10 novembre 2014, le juge-commissaire a confirmé le caractère définitif de la créance fiscale détenue par la République du Congo contre la société COMMISIMPEX, ainsi que son caractère privilégié ; que par une seconde ordonnance du 18 décembre 2014, dont l'exequatur est demandé, le juge-commissaire a constaté la compensation de ces créances fiscales avec les créances détenues par la société COMMISIMPEX au titre de sentences arbitrales ; que ces deux ordonnances ont été rendues sans que la société COMMISIMPEX n'ait été convoquée ni entendue ; que, contrairement à ce qu'affirme la République du Congo, les juridictions commerciales gabonaises n'étaient pas saisies d'une simple procédure de vérification des créances, mais d'une contestation de ces créances par la société COMMISIMPEX, qui n'a pas pu être entendue ni faire valoir ses arguments ; qu'en tout état de cause, la vérification des créances doit être effectuée « en présence du débiteur et

des contrôleurs s'il en a été nommé ou, en leur absence, s'ils ont été dûment appelés par pli recommandé ou par tout moyen laissant trace écrite », selon l'article 86, alinéa 4, de l'AUPC ; qu'il est constant que la société COMMISIMPEX n'a jamais été dûment appelée et qu'aucune trace écrite de cet appel n'est produite ni même arguée par la République du Congo ; qu'il en résulte que l'ordonnance du 18 décembre 2014 a été rendue alors que la société COMMISIMPEX n'avait pas été régulièrement citée, représentée, ni déclarée défaillante ;

Considérant qu'il convient donc de dire que la condition prévue par l'article 49 c) de la Convention n'est pas satisfaite ;

### Sur la contrariété à l'ordre public international (article 49 d de la Convention)

Considérant, que s'agissant de l'ordre public de procédure, la contrariété à cet ordre public suppose que soit démontré que les intérêts d'une partie ont été objectivement compromis par une violation des principes fondamentaux de la procédure ; que, de plus, lorsque la décision dont l'exequatur est demandé dans un État contractant de la Convention européenne de sauvegarde des droits de l'homme et des libertés fondamentales émane du tribunal d'un État qui n'applique pas cette convention, il incombe au juge requis de procéder au contrôle de conformité à l'article 6 et d'examiner si la procédure relative à la décision qui lui est présentée remplissait les garanties du procès équitable (CEDH, Pellegrini c/ Italie, 20 juillet 2001) ; qu'enfin, l'impartialité du juge est une exigence de l'ordre public international ;

Considérant que l'ordonnance du 18 décembre 2014 a été prise dans le cadre de la liquidation judiciaire de la société COMMISIMPEX ouverte sur l'assignation de la CNSS congolaise pour des cotisations impayées depuis 1981 ; que la même ordonnance tire les conséquences de la liquidation judiciaire de la société COMMISIMPEX prononcée à raison du redressement fiscal mené par les autorités publiques congolaises ; que, pour les besoins de la procédure collective, les juridictions congolaises ont désigné en qualité de syndics, organes de la procédure, notamment :
- M. Gaston MOSSA, avocat de la République du Gabon dans diverses instances et conseil de l'épouse du ministre congolais des finances ainsi qu'il ressort des pièces versées par la société COMMISIMPEX ;
- M. Emile NZONDO, attaché juridique de la Présidence de la République du Congo ;

Considérant que l'ordonnance du 18 décembre 2014 n'est que l'aboutissement d'une procédure collective dont les organes, en l'espèce les syndics, ne présentaient pas des garanties suffisantes pour la préservation des intérêts de la société COMMISIMPEX ; que la juridiction, qui a désigné des personnes notoirement liées aux principaux créanciers par des intérêts pécuniaires ou des liens de subordination, ne peut être regardée comme impartiale ; qu'il en résulte que l'ordonnance du 18 décembre 2014, qui n'est que l'aboutissement de la procédure collective, est incompatible avec l'ordre public international français ;

Considérant qu'il résulte de ce qui précède que l'ordonnance du 18 décembre 2014 ne satisfait pas aux conditions de l'article 49 c) et d) ; qu'il convient de refuser l'exequatur et de confirmer le jugement ;

### Sur la demande additionnelle de reconnaissance de l'arrêt rendu le 14 janvier 2015 par la cour commune de justice et d'arbitrage (CCJA)

Considérant que selon l'article 20 du traité relatif à l'harmonisation en Afrique du droit des affaires, « Les arrêts de la Cour Commune de Justice et d'Arbitrage ont l'autorité de la chose jugée et la force exécutoire. Ils reçoivent sur le territoire de chacun des Etats Parties une exécution forcée dans les mêmes conditions que les décisions des juridictions nationales. Dans une même affaire, aucune décision contraire à un arrêt de la

Cour Commune de Justice et d'Arbitrage ne peut faire l'objet d'une exécution forcée sur le territoire d'un Etat Partie. » ; que l'arrêt rendu le 14 janvier 2015 par la cour commune de justice et d'arbitrage ne peut donc pas recevoir exécution en France en vertu de ce traité ;

Considérant qu'en violation de l'article 55 de la Convention bilatérale franco-congolaise, la République du Congo ne produit pas une expédition de la décision réunissant les conditions nécessaires à son authenticité, ni l'original de l'exploit de signification de la décision ou de tout autre acte qui tient lieu de signification ;

Que la demande de la République du Congo est donc rejetée ;

### Sur la demande reconventionnelle

Considérant que par les motifs précédemment énoncés tenant à la condition de l'ordre public international, il convient de dire que le jugement rendu le 30 octobre 2012 par le tribunal de commerce de Brazzaville, l'arrêt rendu le 13 mai 2013 par la cour d'appel de Brazzaville et l'ordonnance d'admission d'une créance contestée rendue par M. Charles Emile APPESSE le 10 novembre 2014 ne peuvent trouver exécution sur le territoire français ;

Considérant que succombant à l'instance, la République du Congo est condamnée à payer la société COMMISIMPEX et à M. HAJAIJ la somme de 100 000 euros en application de l'article 700 du code de procédure civile, outre les dépens, dont distraction au profit de la SELAS ACHIPEL, conformément à l'article 699 du code de procédure civile ;

### PAR CES MOTIFS,

Confirme l'ordonnance rendue en la forme des référés par le président du tribunal de grande instance de Paris le 16 décembre 2015,

Y ajoutant, déclare inopposable sur le territoire français l'ordonnance d'admission d'une créance contestée rendue par M. Charles Emile APPESSE le 10 novembre 2014,

Rejette les demandes de la République du Congo,

Condamne la République du Congo à payer à la société COMMISIMPEX et à M. HAJAIJ la somme de 100 000 euros en application de l'article 700 du code de procédure civile,

Condamne la République du Congo aux dépens, dont distraction au profit de la SELAS ACHIPEL, conformément à l'article 699 du code de procédure civile ;

LA GREFFIERE　　　　　　　　　　　　　　　　　LA PRESIDENTE