Exhibit 13



# FRENCH REPUBLIC

IN THE NAME OF THE FRENCH PEOPLE

## PARIS COURT OF APPEAL

### Division 1 - Chamber 1

### JUDGMENT OF SEPTEMBER 12, 2017

(No.     8     pages)

General register number: **15/24881**

Decision referred to the Court: Order in the form of references dated December 16, 2015, issued by the Vice-President of the Paris Regional Court acting by delegation - RG No. 15/57263

**APPELLANT**

**THE REPUBLIC OF CONGO, acting through the President of the Republic, Head of Government**

Palais du Peuple
Boulevard Denis Sassou Nguesso City
center, District No. 3
Poto Poto - Brazzaville (Republic of Congo)

represented by Mr. Charles-Hubert OLIVIER of SCP LAGOURGUE & OLIVIER, lawyer at the Paris Bar, bar number: L0029
assisted by Simonc BERNARD-DUPRE, barrister at the Paris Bar, bar number: C 147

**INTIMATES**

**Mr. Mohsen Mohamed HAJAIJ** born on August 15, 1945 in Lagos (Nigeria)

Using the office of Jacques-
Alexandre GENET Sclas
Archipcl
92 rue Jouffroy d'Abbans 75017
PARIS

represented by Jacques-Alexandre GENET and Emmanuel KASPEREIT of SELAS ARCHIPEL, lawyers at the Paris Bar, bar number: P0122

**COMMISSIONS IMPORT EXPORT (COMMISIMPEX)**
represented by its legal representatives

with address for service at the
office of Jacques-Alexandre
GENET Selas Archipel
92 rue Jouffroy d'Abbans
75017 PARIS

represented by Jacques-Alexandre GENET and Emmanuel KASPEREIT of SELAS ARCHIPEL, lawyers at the Paris Bar, bar number: P0122

**Gaston MOSSA** In their **official** capacities, **trustee liquidator of the company**
COiYíMISIMPEX

Pointe Noire, CNSS Building, 1st floor
opposite the "La Citronelle" pastry shop
BP 1970 (Republic of Congo)

now representing
now appearing


**Mr. Emile NDZONDO in his capacity** as **liquidator of** the company **COMMISIMPEX**

Ccntrc villc, boulcvard Denis Sassou Nguesso, ɩmrneublc
Pliarmacie de la gare, opposite the CNSS Brazzaville
(Republic of Congo)

not represented
not appearing


**Mr. Aimery Patrick** TATY MAKAYA in his capacity as **liquidator of the** company COMM ISIMPEX

102 rue Lastour, Ccntrc villc, arrondisscmcnt 3, Poto Poto, Brazzavillc
(Republic of Congo)

not represented
not appearing


COMPOSITION OF THE COURT:

The case was heard on May 30, 2017, in open court, before the court composed of:
Ms. Dominique GUlí IAL, President Ms.
Dominique SALVARY, Councilor
Mr. Jean LECAROZ, councilor

who deliberated


Clerk, during the debates: Ms. Mélanic PATE


**JUDGMENT**: - by default
- by making the judgment available at the court registry, the parties having been notified in advance in accordance with the conditions set out in the second paragraph of Article 450 of the Code of Civil Procedure.
- Signed by Ms. Dominique GUIHAL, President, and Ms. Mélanie PATE, clerk present at the pronouncement.

---

On December 3, 2000, an arbitral tribunal constituted under the auspices of the ICC International Court of Arbitration ordered the Republic of Congo to pay a certain sum to the company Commissions Import Export (COMMISIMPEX). This award became enforceable in France following a ruling by the Paris Court of Appeal on May 23, 2002, which rejected the Republic of Congo's appeal for annulment. This decision is final.

The Republic of Congo was ordered by a new arbitration award dated January 21, 2013 to pay the company COMMISIMPEX an additional sum of approximately €600,000,000 according to the Republic of Congo, or €754,000,000 according to COMMISIMPEX and Mr. HAJAIJ.

This award became final following the ruling handed down by the Court of Cassation on May 25, 2016 (appeal no. 14-29.264), which dismissed the appeal against the ruling of the Paris Court of Appeal of October 14, 2014, which had dismissed the Republic of Congo's appeal for annulment.

In a ruling dated October 30, 2012, the Brazzaville Commercial Court placed COMMISIMPEX in judicial liquidation at the request of the Congolese National Social Security Fund (CNSS) for non-payment of its workers' social security contributions since 1981. The court also declared Mr. HAJAIJ, the company's director, personally bankrupt. In 2014, COMMISIMPEX was also subject to tax adjustment proceedings for failing to file its "summary financial statements" since 2008.

In a ruling dated May 13, 2013, the Brazzaville Court of Appeals upheld the judgment insofar as it ordered the liquidation of COMMISIMPEX, but overturned it insofar as it declared the director personally bankrupt.

By order of December 18, 2014, Mr. Charles Emise APPESSE, the judge overseeing the liquidation of COMMISIMPEX's assets, found that the Congolese government's tax claim against the company was established and final, noted the legal compensation between the tax claim and the debts owed to the State resulting from the arbitration award of January 21, 2013, and declared that since the debt resulting from the arbitration award was less than the tax claims, the compensation constituted payment of the claims in the award and that the Republic of Congo was still owed the remaining amount of the claims;

On January 14, 2015, the Common Court of Justice and Arbitration (CCJA) sitting under the auspices of OHADA dismissed the appeal brought by Mr. HAJAIJ against the judgment of May 13, 2013.

According to the deed dated July 15, 2015, the Republic of Congo has summoned, in summary proceedings, Mr. HAJAIJ, Mr. MOSSA, in his capacity as liquidator of the company COMMIS IMPEX, Mr. NDZONDO, in his capacity as liquidator, and Mr. MAKAYA, in his capacity as liquidator, for the purpose of enforcing the Congolese order of December 18, 2014.

By order issued in summary proceedings on December 16, 2015, the deputy president of the Paris Regional Court notably:
- accepted the voluntary intervention of the company COMMISIMPEX,
- rejected the request for enforcement of the order issued on December 18, 2014 by Mr. APPESSE, ordering the set-off of claims held respectively by the Republic of Congo and COMMISIMPEX,
- declare unenforceable on French territory the judgment Repertoire No. 076 handed down on October 30, 2012 by the Commercial Court of Brazzaville, the judgment Repertoire No. 19 handed down on

May 13, 2013 by the Court of Appeal of Brazzaville and the order issued on December 18, 2014 by Mr. APPESSE ordering the compensation of debts owed by the Republic of Congo and the company COMMISIMPEX, respectively.

After recalling that the request for enforcement complied with the provisions of the cooperation agreement between the French Republic and the People's Republic of Congo concluded on January 1, 1974, in civil matters and commercials, the president's delegate consistently held that the request for enforcement of the order of December 18, 2014, submitted by the Republic of Congo, and the requests forinopposability of the decisions rendered by the Commercial Court and the Court of Appeal of Brazzaville could not be examined independently since they were "interdependent." The delegate considered that the "hasty" procedure ," which gave rise to the judgment handed down on October 30, 2012, by the Commercial Court of Brazzaville, constituted a violation of the rights of the company COMMISIMPEX, which was unable to organize its defense effectively. It further found that the judgment of October 30, 2012, and the ruling of May 13, 2013, contained incomplete, sometimes incomprehensible, and even contradictory reasoning, which constituted a "violation of public policy."

He finally upheld the incompetence of the judges appointed in the insolvency proceedings of the company COMMISIMPEX, Messrs. MAKAYA and APPESSE, on the grounds that, as president of the commercial chamber of the Pointe-Noire Court of Appeal and first president of the Brazzaville Court of Appeal, respectively, they could not be appointed in that capacity. The delegate noted that Mr. APPESSE, appointed on May 17, 2013, as first president of the Congolese Court of Auditors and Budgetary Control, was no longer competent to issue the order of November 10, 2014, admitting the Congolese State's claim as a liability of the company COMMISIMPEX, and that of December 18, 2014, ordering the compensation of the claims.

The Republic of Congo appealed this decision on December 21, 2015.

Messrs. MAKAYA, MOSSA, and NDZONDO, in their official capacities, were summoned by the Republic of Congo by writ of June 7, 2016. They are in default and not represented.

In its conclusions signed on May 23, 2016, the Republic of Congo requests that the court declare its application for enforcement admissible and find that this complies with the conditions required by the Cooperation Agreement of January 1974, stating that the decision of the CCJA dated January 14, 2015, rejecting Mr. HAHAIJ and the decision of February 29, 2016 rejecting his appeal for review no longer allow criticism of the decisions to liquidate the company COMMISIMPEX rendered in the first instance and on appeal, as well as that of theorder for compensation of claims issued on December 18, 2014, to find that the incompetence of the judges-commissioners was never raised before the Congolese courts and the CCJA, to find that the Congolese decisions in question do not violate international public policy, to grant enforcement of these decisions and to rule on the costs.

In their preliminary conclusions dated November 7, 2016, Mr. HAJAIJ and the company COMMISIMPEX requested that the court reject all of the Republic of Congo's claims, to uphold the order issued in the form of a reference by the President of the Paris District Court on December 16, 2015, to declare the order admitting a contested claim issued by Mr. APPESSE on November 10, 2014, to be unenforceable on French territory, to order the Republic of Congo to pay the sum of €100,000 pursuant to the provisions of Article 700 of the Code of Civil Procedure, in addition to the full costs of the proceedings and the appeal, to be paid to SELAS ACHIPEL.

Mr. HAJAIJ and the company COMMISIMPEX maintain that the Congolese decisions are the result of fraud committed by the Republic of Congo in violation of French international public policy, that the company COMMISIMPEX was not duly summoned to appear in Congo and was deprived of the right to prepare its defense within a reasonable time, that the Congolese courts ruled in a biased manner to the detriment of the company by conducting the case hastily and adopting a reasoning

by failing to duly appoint the bodies responsible for collective proceedings, and that the Congolese courts did not have the power to convict COMMISIMPEX.

ON WHAT,

Considering that Article 49 of the judicial cooperation agreement concluded between France and Congo on January 1, 1974 (the Agreement) states that
"In civil, social, or commercial matters, contentious and non-contentious decisions rendered by all courts sitting on the territory of the French Republic and on the territory of the People's Republic of Congo shall be recognized as of right on the territory of the other State if they meet the following conditions:
a) The decision is made by a court that has jurisdiction under the conflict rules of the requested State;
b) The decision can no longer, according to the law of the state where it was rendered, be the subject of an ordinary appeal or an appeal to the Supreme Court;
c) The parties were duly summoned, represented, or declared in default;
d) The decision does not contain anything contrary to public policy in the State where it is invoked;
e) A dispute between the same parties based on the same facts and having the same subject matter:
- is not pending before a court of the requested State, or
- has not given rise to a decision rendered in the requested State, or
- has not given rise to a decision rendered in another State that meets the conditions necessary for its recognition in the requested State.

Considering that, according to Article 53 of the Convention, "The President shall confine himself to verifying whether the decision whose enforcement is sought fulfills the conditions laid down in Article 48. He shall proceed with this examination of his own motion and shall record the result in his decision. He shall, if appropriate, order the necessary measures to ensure that the decision whose enforcement is sought receives the same publicity as if it had been rendered in the State where it is declared enforceable. Enforcement may be granted in part for one or other of the heads of the decision invoked";

Considering that although the judge of exequatur cannot assess the merits of the decisions for which exequatur is sought, nor review them, he nevertheless remains competent to ensure that the conditions set out in Article 48 above, including French international public policy, are met;

**On the jurisdiction** of **the Congolese courts according to the conflict rules of the State concerned**

Considering that, pursuant to Article 48 of the Convention, the judge hearing the application for enforcement must ensure that the decision was made by a court having jurisdiction under the conflict rules of the State addressed; that it is not for him to review the internal or special jurisdiction of the foreign court that ruled on the matter;

Considering that the order of December 18, 2014, as well as the decisions that preceded it, were handed down by the courts of the Republic of Congo, whose indirect international jurisdiction is not disputed; that it is not for the judge of exequatur, who has no power of review, to rule on the criticisms based on the illegality and abuse of power committed by a Congolese judge commissioner in ordering the set-off of reciprocal claims, even if that decision constitutes a violation of the Uniform Act on the Organization of Collective Proceedings (AUPC) or the Act on the Organization of Simplified Recovery Proceedings and Enforcement Measures;

Considering that the lack of jurisdiction that would result, according to COMMISIMPEX, from the fact that the bankruptcy judge had to be appointed from among the members of a commercial court rather than from among the members of a court of appeal, or that the subsequent appointment of the bankruptcy judge as First President of the Gabonese Court of Auditors and Budgetary Discipline terminated his functions in the proceedings relating to COMMISIMPEX, falls within the scope of Gabonese domestic law; that it is not disputed that, following his appointment as First President of the Court of Auditors, Mr. APPESSE was not relieved of his duties as judge-commissioner in the liquidation of the assets of the company COMMISIMPEX; that the order was received in the form of an enforceable document bearing the seal of the chief clerk of the Commercial Court of Brazzaville; that it follows that Mr. APPESSE was *indeed* vested with the power to issue this order;

Considering that it should therefore be noted that the condition set out in Article 49(a) of the Convention has been met;

**On the absence of ordinary remedies or an appeal in cassation against the decision in the Republic of Congo**

Considering that this condition provided for in Article 49(b) of the Convention is not criticized by COMMISIMPEX; that it is moreover established that the judgment handed down on October 30, 2012 by the Commercial Court of Brazzaville, which placed COMMISIMPEX in judicial liquidation at the request of the Congolese National Social Security Fund for non-payment since 198 of its employees' social security contributions, which was specifically confirmed by a ruling of May 13, 2013, by the Brazzaville Court of Appeal; that this decision was appealed by Mr. HAJAIJ, which was rejected on January 14, 2015, by the Court of Justice and Arbitration (CCJA).

Considering that the condition set forth in Article 49(b) is therefore fulfilled;

**On the absence of litigation** between the **same parties based on** the **same facts and** having the same object
**same purpose**

Considering that it is not disputed that the condition laid down in Article 49(c) of the Convention is satisfied; that it is therefore necessary to find that it is satisfied;

**On the regularity of the summons, representation, and defaults**

Considering that, as the lower courts have found, the review by the judge of the enforceability of the order of December 18, 2014, in that it orders compensation between the reciprocal claims of the Republic of Congo and the company COMMISIMPEX, it is possible to separate the claim from the unenforceability of the preceding decisions, as the interdependence of these decisions is not in dispute;

Considering that, by a preliminary order dated November 10, 2014, the bankruptcy judge confirmed the definitive nature of the tax claim held by the Republic of Congo against the company COMMISIMPEX, as well as its privileged nature; that by a second order dated December 18, 2014, the enforcement of which is sought, the bankruptcy judge noted the offsetting of these tax claims against the claims held by COMMISIMPEX in respect of arbitration awards; that these two orders were issued without COMMISIMPEX being summoned or notified; that, contrary to the assertions of the Republic of Congo, the Gabonese commercial courts were not seized of a simple procedure for verifying claims, but of a challenge to those claims by COMMISIMPEX, which was unable to be heard or to put forward its arguments; that, in any event, the verification of claims must be carried out "in the presence of the debtor and

auditors, if any have been appointed, or, in their absence, if they have been duly summoned by registered letter or by any means leaving a written record," according to Article 86, paragraph 4, of the AUPC; that it is undisputed that COMMISIMPEX was never duly summoned and that no written record of such summons has been produced or even argued by the Republic of Congo; it follows that the order of December 18, 2014, was issued when COMMISIMPEX had not been duly summoned, represented, or declared in default;

Considering that it must therefore be concluded that the condition laid down in Article 49
c) of the Convention is not satisfied;

**On the grounds of conflict with international public policy (Article 49(d) of the Convention)**

Considering that, with regard to procedural public policy, a violation of that public policy requires proof that the interests of a party have been objectively compromised by a violation of the fundamental principles of procedure; that, furthermore, where the decision for which enforcement is sought in a Contracting State to the European Convention for the Protection of Human Rights and Fundamental Freedoms originates from a court of a State which does not apply that Convention, it is incumbent upon the court seised to review compliance with Article 6 and to examine whether the proceedings relating to the decision before it complied with the guarantees of a fair trial (ECHR, Pellegrini v. Italy, July 20, 2001); finally, the impartiality of the judge is a requirement of international public policy;

Considering that the order of December 18, 2014 was issued in the context of the judicial liquidation of the company COMMISIMPEX, initiated by the Congolese CNSS (National Social Security Fund) for unpaid contributions since 1981; that the same order draws the consequences of the judicial liquidation of the company COMMISIMPEX pronounced on the grounds of the tax adjustment mentioned by the Congolese public authorities; that, for the purposes of the collective proceedings, the Congolese courts have appointed as trustees, bodies of the proceedings, in particular .
- Mr. Gaston MOSSA, lawyer for the Republic of Gabon in various courts and advisor to the wife of the Congolese Minister of Finance, as evidenced by the documents submitted by the company COMMISIMPEX;
- Mr. Emile NZONDO, legal attaché to the Presidency of the Republic of Congo;

Considering that the order of December 18, 2014 is merely the outcome of collective proceedings whose bodies, in this case the trustees, did not provide sufficient guarantees for the preservation of the interests of COMMISIMPEX; that the court, which appointed persons known to be linked to the main creditors by financial interests or ties of subordination, cannot be regarded as impartial; that it follows that the order of December 18, 2014, which is merely the outcome of the collective proceedings, is incompatible with French international public policy;

Considering that it follows from the foregoing that the order of December 18, 2014 does not satisfy the conditions of Article 49(c) and (d); that it is appropriate to refuse enforcement and to confirm the judgment;

**On the additional request for recognition of the judgment rendered on January 14, 2015 by the Common Court of Justice and Arbitration (CCJA)**

Considering that, according to Article 20 of the Treaty on the Harmonization of Business Law in Africa, "The judgments of the Common Court of Justice and Arbitration shall have the authority of res judicata and shall be enforceable. They shall be enforceable in the territory of each of the States Parties under the same conditions as the decisions of national courts. In the same case, no decision contrary to a judgment of the

The Joint Court of Justice and Arbitration cannot be subject to enforcement on the territory of a State Party. "; that the judgment rendered on January 14, 2015 by the Joint Court of Justice and Arbitration cannot therefore be enforced in France under this treaty;

Considering that, in violation of Article 55 of the Franco-Congolese Bilateral Convention, the Republic of Congo has not produced a copy of the decision meeting the conditions necessary for its authenticity, nor the original of the writ of service of the decision or any other document serving as service;

The claim of the Republic of Congo is therefore rejected;

**On the counterclaim**

Considering that, for the reasons set out above relating to international public policy, it must be held that the judgment delivered on October 30, 2012 by the Commercial Court of Brazzaville, the judgment rendered on May 13, 2013 by the Court of Appeal of Brazzaville, and the order admitting a contested claim rendered by Mr. Charles Emile APPESSE on November 10, 2014 cannot be enforced on French territory;

Considering that, having lost the case, the Republic of Congo is ordered to pay COMMISIMPEX and Mr. HAJAIJ the sum of 100,000 euros pursuant to Article 700 of the Code of Civil Procedure, in addition to costs, to be paid to SELAS ACHIPEL, in accordance with Article 699 of the Code of Civil Procedure;

**ON THESE GROUNDS,**

Con Rnice the order issued in the form of references by the president of the Paris District Court on December 16, 2015,

Adding to this, declaring unenforceable on French territory the order admitting a contested claim issued by Mr. Charles Emilc APPESSE on November 10, 2014,

Rejecting the claims of the Republic of Congo,

Orders the Republic of Congo to pay COMMISIMPEX and Mr. HAJAIJ the sum of €100,000 pursuant to Article 700 of the Code of Civil Procedure,

Orders the Republic of Congo to pay the costs, including those incurred by SELAS ACHIPEL, in accordance with Article 699 of the Code of Civil Procedure.

THE CLERK                                              THE PRESIDENT