Exhibit 20

COUR D'APPEL
DE
VERSAILLES

Code nac : 00A

**Chambre commerciale 3-1**

<u>ARRET N°</u>

**PAR DEFAUT**

DU 10 OCTOBRE 2024

N° RG 22/02982 - N° Portalis DBV3-V-B7G-VFIX

AFFAIRE :

**Société COMMISSIONS IMPORT EXPORT (COMMIS IMPEX)**

C/

**Société TOTALENERGIES**
...

Décision déférée à la cour : Jugement rendu le 31 Mars 2022 par le Tribunal de Commerce de Nanterre
N° chambre : 3
N° RG : 2016F02380

Expéditions exécutoires
Expéditions
Copies
délivrées le :
à :

Me Christophe DEBRAY

Me Martine DUPUIS

Me Julie GOURION-RICHARD

TC NANTERRE

**RÉPUBLIQUE FRANÇAISE**

**AU NOM DU PEUPLE FRANÇAIS**

LE DIX OCTOBRE DEUX MILLE VINGT QUATRE,
La cour d'appel de Versailles a rendu l'arrêt suivant dans l'affaire entre :

**SOCIETE COMMISSIONS IMPORT EXPORT (COMMISIMPEX), société de droit congolais**
86, Avenue Foch - BRAZZAVILLE
RÉPUBLIQUE DU CONGO

Représentée par Me Christophe DEBRAY, Postulant, avocat au barreau de VERSAILLES, vestiaire : 627 et et Me Olivier BARATELLI Plaidant, avocat au barreau de PARIS, vestiaire : E0183

*APPELANTE*

****************

**TOTALENERGIES SE**
RCS Nanterre n° 542 051 180
2, Place Jean Millier - La Défense 6
92400 COURBEVOIE

**S.A.S.U. TOTALENERGIES HOLDINGS**
RCS Nanterre n° 552 120 784
2 Place Jean Millier - la Défense 6
92400 COURBEVOIE

Représentées par Me Martine DUPUIS de la SELARL LX PARIS-VERSAILLES-REIMS, Postulant, avocat au barreau de VERSAILLES, vestiaire : 625 et Me Emmanuel ROSENFELD, Plaidant, avocat au barreau de PARIS, vestiaire : T06

**S.A TOTALENERGIES EP CONGO, société de droit congolais**
RCCM de Pointe Noire n° CG/ PNR /08 B625
avenue Poincaré - BP 761 - Centre-ville POINTE NOIRE
REPUBLIQUE DU CONGO

Représentée par Me Julie GOURION-RICHARD, Postulant, avocat au barreau de VERSAILLES, vestiaire : 51et Me François farhad AMELI, Plaidant, avocat au barreau de PARIS, vestiaire : T02

**REPUBLIQUE DU CONGO, en la personne de son Ministre de la Justice, des Droits Humains et de la Promotion des Peuples Autochtones, Monsieur Aimé Ange Wilfrid BININGA**
Ministère de la Justice
Boulevard Denis Sassou N'Guesso - BRAZZAVILLE
RÉPUBLIQUE DU CONGO

Défaillante

*INTIMES*

****************

**Composition de la cour :**

L'affaire a été débattue le 18 juin 2024, en audience publique, devant la Cour composée de :

Madame Florence DUBOIS-STEVANT, Présidente,
Madame Nathalie GAUTRON-AUDIC, Conseillère
Madame Bérengère MEURANT, Conseillère chargée du rapport,

qui en ont délibéré

Greffier : Madame FOULON, lors des débats
M. Hugo BELLANCOURT, lors du prononcé

## EXPOSÉ DES FAITS

La SDE Commission Import Export, ci-après dénommée la société Commisimpex, est une société de droit congolais spécialisée dans l'exécution de travaux public.

Entre 1984 et 1986 la société Commisimpex s'est vue attribuer par la République du Congo plusieurs marchés publics.

N'ayant pas été payée de l'intégralité de ses factures, elle a négocié, le 14 octobre 1992, avec la République du Congo un protocole portant sur les modalités de paiement de ses créances. Des lettres de change émises en mars 1993 portant sur les revenus pétroliers de la République du Congo ont complété le dispositif.

Les accords n'ayant pas été respectés, la société Commisimpex a engagé en 1998 la procédure d'arbitrage prévue au protocole en saisissant la chambre de commerce internationale.

Par sentence arbitrale du 3 décembre 2000, la République du Congo a été condamnée au paiement d'une partie des sommes réclamées à concurrence de 168 millions USD (251.416.587 euros). Par ailleurs, les lettres de change ont été annulées au motif qu'un "Etat ne peut consentir un gage aussi général et futur".

La République du Congo n'a pas exécuté la sentence.

Afin de trouver une issue amiable à leur litige, la société Commisimpex et la République du Congo ont, le 23 août 2003, signé un nouveau protocole, qui n'a pas davantage été respecté, amenant la société Commisimpex à saisir à nouveau le tribunal arbitral qui, par une sentence du 21 janvier 2013, lui a alloué la somme de 754 millions USD (1.154.028.260 euros) avec intérêts au taux de 10 %.

La République du Congo a contesté ces sentences, dont la validité a toutefois été confirmée par la cour d'appel de Paris. Le pourvoi a été rejeté par la Cour de cassation et les sentences ont été revêtues de l'exéquatur.

Soutenant s'être vue accorder le 22 décembre 1986 par la République du Congo une garantie sur les revenus provenant de l'exploitation de gisements de pétrole, la société Commisimpex a, par actes d'huissier des 11, 12 et 13 octobre 2011, fait signifier la sentence arbitrale du 3 décembre 2000 et la garantie à trois sociétés du groupe Total, les sociétés TotalEnergies SE, TotalEnergies Holdings et TotalEnergies E&P Congo, ci-après dénommées les sociétés Total SE, Total Holdings et TEP Congo. La société Commisimpex leur a fait commandement, en exécution de la garantie, de lui verser toute somme due ou à devoir au titre de l'exploitation des gisements pétroliers visés dans la garantie à concurrence de sa créance. Les sociétés du groupe Total s'y sont refusées.

Par jugement du 30 octobre 2012, le tribunal de commerce de Brazzaville a prononcé la liquidation des biens de la société Commisimpex et la faillite personnelle de son dirigeant, en raison d'un défaut de paiement des cotisations sociales dues par l'entreprise depuis 1981.

Le 19 mars 2014, les autorités congolaises ont notifié un redressement fiscal d'un montant équivalent à 1,2 milliard d'euros à la société Commisimpex. Par ordonnance du juge commissaire congolais, la compensation de cette dette avec la créance de la société Commisimpex a été prononcée.

Par ordonnance du président du tribunal de grande instance de Paris du 16 décembre 2015, confirmée par arrêt de la cour d'appel de Paris du 12 septembre 2017, la décision prononçant la liquidation des biens de la société Commisimpex a été jugée contraire à l'ordre public international français et déclaré inopposable sur le territoire français. Le pourvoi formé par la République du Congo a été rejeté par la Cour de cassation le 16 janvier 2019.

Les 10 octobre 2016 et 26 décembre 2017, la société Commisimpex a fait signifier aux sociétés Total SE, Total Holdings et TEP Congo la sentence du 21 janvier 2013 et, à nouveau, la garantie du 22 décembre 1986. Les actes comportaient la même demande en paiement que celle signifiée en octobre 2011.

Par actes d'huissier des 7 et 10 octobre 2016, la société Commisimpex a fait assigner les sociétés Total Holdings et TEP Congo devant le tribunal de commerce de Nanterre.

Par actes d'huissier du 16 février 2018, la société Commisimpex a fait assigner en intervention forcée la société Total SE et la République du Congo devant le même tribunal, qui a ordonné la jonction des instances le 6 mars 2018.

La société TEP Congo a soulevé l'incompétence territoriale du tribunal au profit des juridictions congolaises.

Par jugement du 31 mars 2022, le tribunal s'est déclaré incompétent, a renvoyé les parties à mieux se pourvoir et a condamné la société Commisimpex à payer aux sociétés Total Holdings, Total SE et TEP Congo la somme de 100.000 euros, chacune, au titre de l'article 700 du code de procédure civile, ainsi qu'aux dépens.

Le tribunal a considéré que les sociétés Total Holdings et Total SE n'étaient pas des "débiteurs sérieux" dans la mesure où la convention d'établissement du 17 octobre 1968 et ses avenants organisent les relations fiscales, administratives et comptables entre d'une part, la République du Congo et d'autre part, les sociétés Total Holdings et Total SE, sans créer à l'égard de ces dernières de dette exigible, d'engagement de garantie ou de solidarité. Le tribunal a ensuite constaté que la société TEP Congo n'avait pas de lien de rattachement suffisant avec la France, que le litige n'opposait donc plus que des sociétés de droit étranger et la République du Congo, l'amenant à se déclarer incompétent et à renvoyer les parties à mieux se pourvoir.

Par déclaration du 28 avril 2022, la société Commisimpex a interjeté appel de ce jugement.

Par ordonnance du 19 mai 2022, la société Commisimpex a été autorisée à faire assigner à jour fixe les sociétés Total Holdings, Total SE et TEP Congo, ainsi que la République du Congo.

Par dernières conclusions remises au greffe et notifiées par RPVA le 13 octobre 2023, la société Commisimpex demande à la cour de :

à titre liminaire,
- débouter les sociétés Total SE, Total Holdings et TEP Congo de leurs demandes principales et subsidiaires tendant à la nullité ou à l'irrecevabilité de la déclaration d'appel, de la requête afin d'autorisation d'assigner à jour fixe et de l'assignation à jour fixe ;

- déclarer irrecevable la demande des sociétés Total SE et Total Holdings de rectification du jugement du 31 mars 2022 et subsidiairement, les en débouter ;

à titre principal, annuler et subsidiairement, infirmer le jugement du 31 mars 2022 ;

et, statuant à nouveau,
- juger irrecevable et à défaut mal fondée l'exception d'incompétence territoriale soulevée par la société TEP Congo;
- condamner in solidum les sociétés Total SE,Total Holdings et TEP Congo à lui verser la somme de 400.000 euros, au titre de l'article 700 du code de procédure civile, ainsi qu'aux dépens, dont distraction au profit de Me Christophe Debray.

Par dernières conclusions remises au greffe et notifiées par RPVA le 3 juin 2024, la société TEP Congo demande à la cour de :

à titre liminaire,
- déclarer irrecevables et rejeter des débats les pièces n° 172 à 201 communiquées par la société Commisimpex,

à titre principal,
- déclarer irrecevables la déclaration d'appel ainsi que les demandes formées aux termes de l'assignation à jour fixe ;
- déclarer l'appel irrecevable ;

sur le fond,
- confirmer le jugement en toutes ses dispositions ;
- déclarer les juridictions françaises incompétentes à son égard en faveur des juridictions de la République du Congo et du Tribunal de Pointe Noire en particulier ;
- débouter la société Commisimpex de toutes ses demandes ;
- la condamner au paiement de la somme de 400.000 euros sur le fondement de l'article 700 du code de procédure civile, ainsi qu'aux dépens dont distraction au profit de Me Julie Gourion-Richard.

Par dernières conclusions remises au greffe et notifiées par RPVA le 28 mai 2024, les sociétés Total Holdings et Total SE demandent à la cour de :

à titre liminaire
- rejeter les pièces 178, 181 à 184, 190, 193 et 194 communiquées après l'assignation du 7 juin 2022 sans motif légitime ainsi que les pièces et correspondances adressées par le conseil de l'appelante à la cour ;

sur l'appel principal,
- déclarer l'appel irrecevable ;
subsidiairement, sur l'appel incident,
- infirmer le jugement en ce qu'il a renvoyé les parties à mieux se pourvoir ;
- dire n'y avoir lieu à ce renvoi en ce qui les concerne ;
- débouter la société Commisimpex de toutes ses demandes ;

également subsidiairement, sur la rectification de l'erreur matérielle,
- rectifier le jugement entrepris comme suit :
    - ajouter au dispositif du jugement déféré les mots « à l'égard de TEP Congo » après les mots « se déclare incompétent » et les mots « déboute Commisimpex de toutes ses demandes contre les sociétés Total Holdings SAS et Total SE » avant la disposition relative à l'article 700;
    - substituer le mot « Commisimpex » aux mots « les parties » après le mot « renvoie »;

- déclarer l'appel interjeté à leur encontre nul, sans objet et irrecevable ;
- condamner la société Commisimpex à verser à chacune d'elles la somme de 30.000 euros sur le fondement de l'article 700 du code de procédure civile, ainsi qu'aux dépens, dont distraction au profit de la Selarl Lx Paris-Versailles-Reims.

La République du Congo, bien qu'assignée, n'a pas constitué avocat.

Pour un exposé complet des faits et de la procédure, la cour renvoie expressément au jugement déféré et aux écritures des parties ainsi que cela est prescrit par l'article 455 du code de procédure civile.

## **MOTIFS**

### **Sur la demande de rejet des pièces n°172 à 201 communiquées par la société Commisimpex**

La société TEP Congo conclut au rejet des pièces n°172 à 201 que la société Commisimpex n'a pas jointes à sa requête à fin d'assignation à jour fixe alors qu'elle les détenait depuis longtemps et qu'elles n'ont pas été produites pour répondre à des arguments nouveaux ou à des pièces adverses nouvelles en appel.

Les sociétés Total Holdings et Total SE demandent à la cour de rejeter les pièces n°178, 181 à 184, 190, 193 et 194 communiquées après l'assignation du 7 juin 2022 sans motif légitime, alors que dans le cadre d'une procédure à jour fixe, de nouvelles pièces ne peuvent être produites que pour répondre à des arguments nouveaux de l'intimé.

La société Commisimpex répond que :
- les pièces n° 172 à 177 et n° 179, relatives au pouvoir de M. Mohsen Hojeij d'ester en justice en son nom, ont été produites pour répondre à un nouvel argument soulevé par les intimées,
- la pièce n°53 de la société TEP Congo correspond aux « statuts d'origine de Commisimpex », document sur lequel l'intimée fonde son argumentation ; qu'il convenait d'en vérifier l'authenticité,
- la pièce n°178 ne peut être écartée du fait de sa production tardive au regard du renvoi de l'affaire ordonné à une audience ultérieure.

L'article 918 du code de procédure civile dispose que : « La requête doit exposer la nature du péril, contenir les conclusions sur le fond et viser les pièces justificatives. Une expédition de la décision ou une copie certifiée conforme par l'avocat doit y être jointe.
Copie de la requête et des pièces doit être remise au premier président pour être versée au dossier de la cour ».

En application de ces dispositions, l'appelant doit joindre l'ensemble de ses pièces dès la présentation de sa requête à fin d'assignation à jour fixe et il ne peut produire de nouvelles pièces que si elles visent à répondre à des arguments nouveaux présentés en appel par l'intimé. La circonstance suivant laquelle l'affaire a fait l'objet de renvois lors des audiences de plaidoiries du 25 octobre 2022 et du 14 novembre 2023 est à cet égard indifférente.

La cour constate à titre liminaire que la société Commisimpex n'apporte aucune explication concernant la production des pièces n°180 à 201 qui n'étaient pas jointes à sa requête, de sorte qu'elles doivent être rejetées des débats.

S'agissant de la pièce n°53 de la société TEP Congo qui correspondrait aux « statuts d'origine de Commisimpex », elle ne figure pas dans les pièces dont le rejet est sollicité.

Par ailleurs, concernant les pièces les pièces n° 172 à 177 et n° 179, communiquées pour la première fois le 21 octobre 2022, il ne ressort pas des conclusions signifiées antérieurement par les intimées que ces dernières ont remis en cause le pouvoir de M. Mohsen Hojeij d'ester en justice au nom de la société Commisimpex. Elles sont donc écartées des débats.

Enfin, comme indiqué précédemment, les renvois de l'affaire sont sans effet sur l'irrecevabilité de la pièce n°178 qui n'a pas été communiquée au soutien de la requête à fin d'assignation à jour fixe. Elle doit donc également être écartée.

En conséquence, conformément à la demande, les pièces n°172 à 201 communiquées par la société Commisimpex sont rejetées.

En revanche, il n'y a pas lieu d'écarter les « pièces et correspondances adressées par le conseil de l'appelante à la cour » comme le sollicitent les sociétés Total Holdings et Total SE, dès lors que l'ensemble des pièces communiquées postérieurement au dépôt de la requête ont été rejetées et que les correspondances ne font pas partie des pièces produites par la société Commisimpex au soutien de son appel.

**Sur l'irrecevabilité de l'appel**

Sur l'irrecevabilité de la déclaration d'appel

La société TEP Congo et les sociétés Total Holdings et Total SE font valoir que la déclaration d'appel du 28 avril 2022 ne précise pas que le recours porte sur un jugement statuant sur la compétence, en méconnaissance des dispositions de l'article 85 du code de procédure civile, et qu'elle ne renvoie pas de façon expresse à la requête à fin d'autorisation d'assigner à jour fixe contenant les conclusions au fond et visant les pièces justificatives, en violation du texte précité et de l'article 4 de l'arrêté du 20 mai 2020 modifié par l'article 2 de l'arrêté du 25 février 2022. Les intimées en concluent que la déclaration d'appel est a minima irrecevable, sinon dépourvue d'effet dévolutif.

La société Commisimpex répond que la déclaration d'appel précise bien que le recours porte sur un jugement statuant sur la compétence et qu'elle renvoie aux conclusions d'appel et pièces qui la motivent, conformément à l'article 85 du code de procédure civile et à l'article 4 de l'arrêté du 20 mai 2020. L'appelante ajoute que ses conclusions sont effectivement jointes à sa déclaration d'appel qui doit par conséquent être considérée comme régulièrement motivée.

L'article 85 du code de procédure civile dispose : « Outre les mentions prescrites selon le cas par les articles 901 ou 933, la déclaration d'appel précise qu'elle est dirigée contre un jugement statuant sur la compétence et doit, à peine d'irrecevabilité, être motivée, soit dans la déclaration elle-même, soit dans des conclusions jointes à cette déclaration.
Nonobstant toute disposition contraire, l'appel est instruit et jugé comme en matière de procédure à jour fixe si les règles applicables à l'appel des décisions rendues par la juridiction dont émane le jugement frappé d'appel imposent la constitution d'avocat, ou, dans le cas contraire, comme il est dit à l'article 948 ».

Il ressort de la déclaration d'appel régularisée par la société Commisimpex le 28 avril 2022 que l'objet de l'appel est ainsi défini : « La société … Commisimpex … sollicite de voir annuler ou infirmer le jugement …prononcé le 31 mars 2022 par le tribunal de commerce de Nanterre en ce qu'il : - s'est déclaré incompétent et a renvoyé les parties à mieux se pourvoir … ».

Il est ainsi établi que la déclaration d'appel précise bien que l'appel est dirigé contre un jugement statuant sur la compétence.

En outre, sont jointes à cette déclaration d'appel, une requête à fin d'assignation à jour fixe et des conclusions motivant le recours en fait et en droit de manière très détaillée.

L'article 4 de l'arrêté du 20 mai 2020 relatif à la communication par voie électronique en matière civile devant les cours d'appel, dans sa version modifiée par l'article 2 de l'arrêté du 25 février 2022, dispose que : "Lorsqu'un document doit être joint à un acte, ledit acte renvoie expressément à ce document. Ce document est communiqué sous la forme d'un fichier séparé du fichier visé à l'article 3. Ce document est un fichier au format PDF, produit soit au moyen d'un dispositif de numérisation par scanner si le document à communiquer est établi sur support papier, soit par enregistrement direct au format PDF au moyen de l'outil informatique utilisé pour créer et conserver le document original sous forme numérique".

Contrairement à ce que prétend la société TEP Congo, la déclaration d'appel précise qu'une requête aux fins d'assignation à jour fixe et des conclusions sont jointes puisqu'il est indiqué : « La requête à jour fixe comportant les conclusions et les pièces, visées au soutien de l'appel, sont régularisées dans les délais requis ». La cour constate que la requête et les conclusions sont effectivement jointes au message par lequel la société Commisimpex a transmis sa déclaration d'appel au greffe, sous la forme de fichiers séparés au format PDF conformément aux dispositions précitées.

Dans ces conditions, la fin de non-recevoir tirée de l'irrecevabilité de la déclaration d'appel et de l'assignation à jour fixe n'est pas fondée et doit être rejetée.

<u>Sur l'absence de saisine de la cour et le défaut d'intérêt de la société Commisimpex à interjeter appel</u>

Les sociétés Total Holdings et Total SE soutiennent que la société Commisimpex a fait appel d'un chef du jugement déclarant le tribunal incompétent à leur égard qui est inexistant et en concluent, d'une part, que la cour n'est pas saisie dès lors que l'effet dévolutif n'a pas opéré et, d'autre part, que l'appel interjeté par la société Commisimpex à leur égard est irrecevable faute d'intérêt.

Cependant, il ressort de la déclaration d'appel que la société Commisimpex a interjeté appel du chef du jugement par lequel le tribunal s'est déclaré incompétent et a renvoyé les parties, en ce comprises les sociétés Total Holdings et Total SE, à mieux se pourvoir. La cour est donc saisie de ces chefs.

Dès lors que l'action engagée par la société Commisimpex devant le tribunal tend à obtenir la condamnation des trois sociétés intimées à lui verser les sommes dues à la République du Congo au titre de l'exploitation des gisements pétroliers, elle justifie d'un intérêt incontestable à former appel du jugement.

La fin de non-recevoir tirée de l'irrecevabilité de l'appel doit être rejetée.

**Sur l'annulation du jugement**

La société Commisimpex fait valoir que les premiers juges n'auraient pas dû décliner leur compétence vis-à-vis des intimées françaises, au regard des règles fondamentales de la procédure civile et de l'absence d'exception d'incompétence soulevée par ces dernières et la République du Congo, caractérisant ainsi un excès de pouvoir justifiant l'annulation du jugement.

L'appel réformation du jugement attaqué étant ouvert à la société Commisimpex, elle ne peut invoquer un excès de pouvoir du tribunal, lequel ne peut justifier la possibilité de former un appel-nullité que lorsque l'appel réformation n'est pas ouvert aux parties au jugement. En tout état de cause, la société Commisimpex invoque un moyen d'infirmation et non d'annulation du jugement dès lors que le fait pour le tribunal de statuer ultra petita ne caractérise pas un excès de pouvoir.

La demande d'annulation du jugement est donc rejetée.

**Sur l'exception d'incompétence**

<u>Sur la recevabilité</u>

La société Commisimpex soulève l'irrecevabilité de l'exception d'incompétence, en ce que la désignation des juridictions congolaises ne satisfaisait pas aux conditions de l'article 75 du code de procédure civile, dès lors qu'elle est impossible au regard de la liquidation frauduleuse dont ses biens ont fait l'objet de la part des juridictions congolaises, ce qui équivaut à une absence de désignation. Elle estime qu'en désignant les juridictions congolaises comme juridiction compétente, la société TEP Congo méconnaît l'exigence de loyauté qui lui incombe, en violation de l'ordre public français.

La société TEP Congo répond que dans l'ordre international, l'exception d'incompétence ne nécessite pas d'identifier la juridiction étrangère compétente. Elle ajoute que les juridictions congolaises sont compétentes, que la société Commisimpex soit in bonis ou non, et que l'obligation de désignation n'impose pas d'envisager l'issue de la procédure qui pourrait être engagée devant cette juridiction. L'intimée estime que l'appelante opère une confusion entre le déni de justice et la recevabilité de l'exception d'incompétence. Elle estime que l'impossibilité pour la société Commisimpex de saisir les tribunaux congolais ne tient qu'à sa personne et non à l'incompétence des tribunaux congolais.

L'article 75 du code de procédure civile dispose que : « S'il est prétendu que la juridiction saisie en première instance ou en appel est incompétente, la partie qui soulève cette exception doit, à peine d'irrecevabilité, la motiver et faire connaître dans tous les cas devant quelle juridiction elle demande que l'affaire soit portée ».

Dans l'ordre international, la recevabilité de l'exception d'incompétence tendant à voir désigner les juridictions d'un autre Etat n'est pas subordonnée à l'indication de la juridiction dudit Etat.

La désignation des juridictions congolaises n'étant pas nécessaire, la société Commisimpex ne peut se prévaloir du caractère impossible de cette désignation pour contester la recevabilité de l'exception d'incompétence.

La cour constate que si le tribunal a écarté la fin de non-recevoir dans les motifs de sa décision, il a omis de l'indiquer au dispositif du jugement, qui sera par conséquent complété en ce sens.

Sur le bien-fondé

La société Commisimpex fait valoir que l'alinéa 2 de l'article 42 du code de procédure civile est étendu à l'ordre international et permet à une partie d'attraire devant une juridiction française une société française et une société étrangère et de se fonder sur le domicile de la partie française pour justifier la compétence territoriale à l'égard de la société étrangère. Elle rappelle que l'application des dispositions précitées suppose que les éléments suivants soient réunis :
- un défendeur d'ancrage demeurant dans le ressort du tribunal ;
- des demandes connexes formées contre le défendeur étranger et le défendeur d'ancrage ;
- le caractère réel et sérieux de la demande visant le défendeur d'ancrage.

L'appelante expose que l'instance est unique à l'égard des défenderesses depuis son origine, puisque l'assignation visait à la fois la société Total Holdings et la société TEP Congo ; que les demandes formées à l'encontre de ces dernières sont dans un lien étroit de connexité, caractérisé par les éléments suivants :
- les demandes formulées se rapportent à un même engagement et à l'exploitation, directe ou indirecte, des sept mêmes gisements d'hydrocarbures visés dans l'acte de garantie du 22 décembre 1986 ;
- le contexte factuel est strictement identique ;
- les demandes sont toutes fondées sur les mêmes actes à savoir : la garantie, la convention d'établissement de 1968 et ses avenants ;
- elle formule les mêmes demandes et à titre solidaire à l'encontre des trois sociétés du groupe Total.

Elle estime que les demandes formées contre la société Total Holdings et la société Total SE revêtent un caractère réel et sérieux et qu'elles ancrent la compétence du juge français à l'encontre de la filiale congolaise TEP Congo, dès lors qu'elles sont les codébiteurs nantis de créances détenues par la République du Congo à leur égard.

La société Commisimpex précise que la société Total Holdings et la société Total SE sont désignées à l'article 1 de l'avenant n°14 à la convention d'établissement du 17 octobre 1968 et nommément désignées dans l'acte de garantie du 22 décembre 1986. Elle conteste le défaut d'authenticité de la garantie, soulignant que la République du Congo s'en est prévalue à plusieurs reprises notamment devant la cour d'appel de Paris et devant le tribunal arbitral.

Elle explique que la convention d'établissement est applicable à l'Entreprise de recherches et d'activités pétrolières (ERAP) et à la société affiliée, soit la société TEP Congo ; que cette convention est génératrice d'une obligation de redevances prévue à l'article 13. Elle relève que la société TEP Congo a reconnu à plusieurs reprises que la convention d'établissement était bien un contrat engageant envers les sociétés Elf et le Congo « relatif aux conditions d'exploitation des gisements d'hydrocarbures ». Elle affirme que les trois intimées ont à leur charge, de manière indifférenciée, une obligation de paiement de redevances pétrolières à la République du Congo, la société Total Holdings n'ayant pas été déchargée de ses obligations ; que les trois sociétés du groupe Total sont solidairement tenues de l'exécution de la convention en application de son article 3 qui vise le « titulaire » ou le « bénéficiaire » sans distinguer les obligations de chacun des cocontractants. L'appelante ajoute qu'en droit français comme en droit congolais, la solidarité entre commerçants est présumée donc les trois sociétés Total, sociétés commerciales par la forme, toutes débitrices de la même redevance née dans le cadre de l'exploitation de gisements de ressources naturelles, doivent être considérées comme solidairement engagées envers la République du Congo. La société Commisimpex considère que l'abrogation par cette dernière de la convention d'établissement en 2020 n'éteint pas rétroactivement les obligations des sociétés Total Holdings et TEP Congo à son égard.

Enfin, la société Commisimpex considère que le tribunal aurait dû retenir sa compétence au regard du risque de déni de justice. Elle explique ne plus être en mesure de saisir les juridictions congolaises dès lors qu'elle n'est plus in bonis au Congo et que la compensation frauduleuse de sa créance avec la fausse dette fiscale lui interdit de rechercher le paiement de sa créance au Congo. Elle estime que le litige présente un lien de rattachement significatif avec la France qui a été omis par le tribunal.

La société TEP Congo rappelle que la pluralité des défendeurs ne peut produire d'effet que si elle existait dès l'introduction de l'instance, alors qu'elle souligne ne pas avoir été assignée de manière concomitante à la société Total Holdings, puisque l'assignation qui lui a été délivrée n'a pas été placée en même temps que celle visant la société Elf Aquitaine, aux droits de laquelle vient la société TotalEnergies Holdings.

Elle expose que la mise en cause concomitante doit porter sur un défendeur sérieux, ce qui n'est pas le cas en l'espèce. Elle conteste l'authenticité de la garantie de paiement invoquée par la société Commisimpex, soulignant que l'original du document n'a jamais été produit. Elle se prévaut d'expertises graphologiques en ce sens. Elle soutient qu'en tout état de cause la garantie invoquée a été révoquée par l'effet du protocole de 1992. Elle indique que la société Total Holdings n'a jamais exploité directement ou indirectement au Congo et n'a donc jamais eu de dette d'exploitation à l'égard de ce pays. Elle explique que la convention d'établissement n'a créé aucune obligation de paiement de la redevance à l'égard de la société Total Holdings, s'agissant d'une convention-cadre arrêtant les dispositions fiscales s'appliquant à l'activité de l'investisseur étranger en dérogeant à la législation en vigueur, afin de garantir l'investissement du groupe Total. Elle ajoute que la convention d'établissement et ses avenants ne créent aucune obligation de garantie en cas de défaillance de sa part ; qu'aucune obligation solidaire entre les intimées ne peut être invoquée, dès lors que la société Total Holdings et la société Total SE n'ont jamais été titulaires des permis d'exploitation faisant naître la dette de redevance et n'ont jamais été parties aux contrats de concession puis de partage de production.

La société TEP Congo relève que l'implication générale de la société Elf Aquitaine invoquée par l'appelante est insuffisante à caractériser un défendeur d'ancrage sérieux et qu'elle n'est plus depuis 2004 partie à la convention, dès lors que depuis la signature de l'avenant n°14, la société Total SE l'a remplacée. Elle ajoute que la société Total SE n'a jamais eu d'activité en République du Congo depuis qu'elle a pris le contrôle de la société Elf Aquitaine, puisqu'en 2000 la société Elf Congo avait déjà été créée. Elle soutient que le nantissement ne peut porter sur une créance qui n'existait pas lorsqu'il a été constitué.

La société TEP Congo fait valoir que la compétence du tribunal ne peut être fondée sur un déni de justice ; qu'il appartient à la société Commisimpex de démontrer son existence dans une instance la visant. L'intimée explique qu'il ne peut être argué de façon généralisée de l'absence de fiabilité du système judiciaire congolais, alors que l'État français est lié dans le cadre d'un engagement bilatéral avec ce pays, cet argument étant de nature à mettre en cause la responsabilité de l'État français. La société TEP Congo ajoute que la compétence pour déni de justice ne peut être assise sur un simple risque, alors que la société Commisimpex n'a pas tenté de saisir les juridictions congolaises. Elle souligne qu'elle n'a aucune activité en France et que la compétence pour déni de justice n'est, en tout état de cause, que facultative, le droit au juge étant susceptible d'être paralysé par le but visé.

Enfin, l'intimée invoque l'inopposabilité de la garantie, qui modifie ses obligations vis-à-vis de la République du Congo, ce que ne peut faire un nantissement. Elle explique que la garantie n'est pas financièrement neutre pour TEP Congo, société congolaise exerçant sur le territoire du Congo, car l'État congolais a les moyens juridiques de ne pas reconnaître la validité d'un paiement effectué entre les mains de Commisimpex, de sorte qu'elle se trouve ainsi soumise à un risque de double paiement, attesté par la circulaire du Ministère de la Justice de la République du Congo du mois de décembre 2016, rappelant que le Congo détient seul le droit de recouvrement de la fiscalité pétrolière.

En application de l'article 42 alinéa 1$^{er}$ du code de procédure civile : « La juridiction territorialement compétente est, sauf disposition contraire, celle du lieu où demeure le défendeur ».

Toutefois, l'alinéa 2 de ce texte précise que : « S'il y a plusieurs défendeurs, le demandeur saisit, à son choix, la juridiction du lieu où demeure l'un d'eux ».

- <u>Sur la condition relative à la pluralité de défendeurs</u>

La société TEP Congo fait valoir que la pluralité des défendeurs ne peut produire d'effet que si elle existait dès l'introduction de l'instance, alors que l'assignation qui lui a été délivrée n'a pas été placée concomitamment à celle signifiée à la société Elf Aquitaine, aux droits de laquelle vient la société TotalEnergies Holdings.

La société Commisimpex répond que l'instance est unique à l'égard des défenderesses depuis son origine, puisque l'assignation visait à la fois la société Total Holdings et la société TEP Congo. L'appelante estime qu'il y a une seule instance avec un seul numéro de répertoire général et que le tribunal a été saisi de cette seule instance pour les deux codéfendeurs.

L'article 53 du code de procédure civile dispose que : « La demande initiale est celle par laquelle un plaideur prend l'initiative d'un procès en soumettant au juge ses prétentions.
Elle introduit l'instance ».

L'article 54 aliéna 1$^{er}$ du même code précise que « La demande initiale est formée par assignation ou par requête remise ou adressée au greffe de la juridiction ».

L'instance s'ouvre par la saisine de la juridiction appelée à trancher le litige.

Lorsque la demande initiale est formée par assignation, la saisine de la juridiction résulte de la remise au greffe de cette dernière.

En l'espèce, la société Commisimpex a fait assigner dans un premier temps la société TEP Congo et la société Elf Aquitaine, aux droits de laquelle vient la société Total Holdings, par actes respectivement délivrés les 7 et 10 octobre 2016, puis dans un second temps, la société Total SE par acte du 16 février 2018, soit 16 mois plus tard.

Il existait donc bien une pluralité de défendeurs dès l'assignation des société TEP Congo et Total Holdings, la première ayant son siège social au Congo et la deuxième en France, dans le ressort du tribunal de commerce de Nanterre.

Si, comme le souligne la société TEP Congo, la remise au greffe du tribunal de l'assignation qui lui a été délivrée est intervenue le 19 janvier 2017, plusieurs mois après celle de l'assignation de la société Elf Aquitaine le 28 octobre 2016, la société Commisimpex a, comme l'ont relevé les premiers juges, fait délivrer aux sociétés TEP Congo et Total Holdings une seule et même assignation les visant toutes deux.

Ainsi, la remise au greffe de l'assignation délivrée à la société Elf Aquitaine, à laquelle la société Total Holdings vient aux droits, a introduit l'instance et saisi le tribunal des demandes formulées à l'encontre de cette dernière et la remise au greffe de la même assignation délivrée à la société TEP Congo n'a pas eu pour effet de créer une seconde instance mais de saisir le tribunal des demandes formulées à son égard par la société Commisimpex, dans le cadre de la même assignation et de la même instance.

En outre, si la pluralité de défendeurs doit exister dès l'introduction de l'instance, il n'est pas nécessaire, pour apprécier la compétence du tribunal à l'égard de tous les défendeurs, que les demandes soient formées simultanément.

S'agissant de l'assignation en intervention forcée délivrée le 16 février 2018 à la société Total SE, il convient de rappeler que l'article 333 du code de procédure civile, applicable à l'ordre international, dispose que « Le tiers mis en cause est tenu de procéder devant la juridiction saisie de la demande originaire, sans qu'il puisse décliner la compétence territoriale de cette juridiction, même en invoquant une clause attributive de compétence ».

Cette dernière assignation est donc sans effet sur la compétence, étant au demeurant relevé que la société Total SE, en première instance comme en appel, n'a pas soulevé l'incompétence du tribunal de commerce de Nanterre.

Il ressort de l'ensemble de ces éléments qu'une pluralité de défendeurs existait dès l'introduction de l'instance et que le caractère réel et sérieux de la demande en paiement formulée par la société Commisimpex doit être apprécié à l'égard de la seule société Total Holdings.

- <u>Sur l'existence d'un lien sérieux entre les demandes</u>

La prorogation de compétence prévue par l'article 42, alinéa 2, du code de procédure civile applicable dans l'ordre international, ne permet pas d'attraire devant les juridictions françaises un défendeur demeurant à l'étranger, lorsque la demande formée contre lui et un codéfendeur domicilié en France ne présente pas, à l'égard de ce dernier, un caractère sérieux.

Il ressort des éléments de la procédure que les sociétés Total Holdings et TEP Congo appartiennent toutes deux au groupe Total.

Les assignations qui leur ont été délivrées par la société Commisimpex établissent que l'objet des demandes formulées par cette dernière à leur encontre est le même, à savoir le paiement entre ses mains des sommes dont elle les estime redevables à l'égard de la République du Congo du fait de l'exploitation de quatre gisements pétroliers par le groupe Total.

En outre, les actes sur lesquels la société Commisimpex fonde ses demandes contre les sociétés intimées sont les mêmes, s'agissant de la convention d'établissement du 27 octobre 1968, de ses avenants et de la garantie du 22 décembre 1986.

Les demandes présentent ainsi un lien étroit de connexité.

Comme l'a rappelé le tribunal, l'appréciation du caractère réel et sérieux de la demande formulée à l'encontre du défendeur d'ancrage ne nécessite pas qu'il soit statué sur le bien-fondé de cette demande.

La convention d'établissement du 17 octobre 1968 a pour objet de définir les droits et obligations de la société Entreprise de recherches et d'activités pétrolières, l'ERAP, et de la République du Congo « en ce qui concerne les activités entreprises par l'ERAP dans la république du Congo ».

Il est constant que la société Elf Aquitaine, aux droits de laquelle vient la société Total Holdings, est elle-même venue aux droits de l'ERAP et que la filiale créée dans le cadre de la convention est la société Elf Congo, aux droits de laquelle vient la société TEP Congo, comme le confirment les premières pages des avenants n°4 et 14 à la convention des 14 octobre 1977 et 7 janvier 2004.

Les engagements portent, pour l'ERAP, sur la création d'une filiale de droit congolais, l'embauche de personnel au Congo, la couverture des besoins du pays en pétrole et, pour la République du Congo, sur la mise en œuvre d'une garantie générale de stabilité des régimes fiscaux et juridiques, l'octroi d'aménagements en matière fiscale et le régime de changes.

Contrairement à ce que soutient la société TEP Congo, l'obligation à paiement d'une redevance est prévue aux articles 12 et 13 de la convention relatifs à la « Redevance minière proportionnelle » et au « Paiement de la redevance minière proportionnelle ». L'article 12 définit les modalités de calcul de la redevance et l'article 13 stipule que « La République Populaire du Congo indiquera au titulaire le mode de règlement », à savoir un règlement en espèces ou en nature.

L'avenant n°1 du 4 juin 1973 à la convention reprend ces stipulations aux articles 10 et 11, l'article 11 substituant le terme « bénéficiaire » à celui de « titulaire ».

Or, l'article 3 de l'avenant intitulé « Bénéficiaire de la convention » stipule que « Les dispositions de la présente convention seront applicables de plein droit à l'ERAP et en cas de transfert, à la société affiliée qui sera créée dans les conditions prévues à l'article 4 ci-après. La dénomination « le titulaire » ci-après employée désigne indifféremment l'ERAP ou la société affiliée de l'article 4 ».

Comme l'a relevé le tribunal, si la convention d'établissement et ses avenants ont été abrogés par la République du Congo par les lois portant loi de finances pour les années 2020 et 2021, la convention et ses avenants ont produit des effets antérieurement à 2020 puisque l'abrogation n'a pas, aux termes des lois précitées, d'effet rétroactif.

Les 11, 12, 13 octobre 2011, la société Commisimpex a fait signifier aux sociétés intimées une garantie du 22 décembre 1986 et un commandement de lui payer directement les redevances dues en exécution de la convention d'établissement et de ses avenants.

La société Commisimpex produit en pièce n°2 la copie d'une garantie datée du 22 décembre 1986, accordée par la République du Congo et dont elle apparaît bénéficiaire. L'acte « se référant à la convention du 17 octobre 1968 et ses avenants entre la République populaire du Congo et la société nationale Elf Aquitaine (SNEA) et notamment aux articles relatifs au paiement de la redevance minière proportionnelle et à l'impôt sur les sociétés dus au Trésor » stipule que « la présente garantie est exécutoire à la demande de Commisimpex et vaudra instruction permanente de paiement irrévocable et inconditionnelle à Agip, Agip Congo, Elf et Elf Congo, à concurrence des sommes des marchés, avenants et travaux mentionnés ci-dessus y compris principal et intérêts, frais, accessoires et indemnisations de tout préjudices de retard. En l'occurrence, cette garantie sera opposable à Agip, Agip Congo, Elf et Elf Congo ou tout garant et Commisimpex pourra l'exécuter de plein droit contre tous les biens, actions, parts ou autres droits, notamment les conventions ou redevances susmentionnées dans les articles 2 et 3, revenant à RCP [République populaire du Congo] auprès de Agip, Agip Congo, Elf et Elf Congo et tout garant sans recours ou autorisation préalable. La signature de RCP sur la présente vaut acceptation sans réserve et consentement définitif de l'exécution sus-indiquée de la part de Commisimpex vis-à-vis de mentionné Agip, Agip Congo, Elf et Elf Congo et toute autre société appartenant, totalement ou partiellement, au garant (ou aux garants) ».

Il est ainsi établi que la société Elf, devenue Total Holdings, et la société Elf Congo, devenue TEP Congo, sont expressément visées par la garantie dont la société Commisimpex se prévaut au soutien de sa demande en paiement.

Les intimées contestent l'authenticité de cette garantie, en indiquant que l'original de l'acte n'est pas produit. Pourtant, elle est visée par la République du Congo dans le cadre des mémoires déposés les 6 juillet, 11 décembre 2009 devant la Cour internationale d'arbitrage de la chambre de commerce internationale et dans ses conclusions signifiées le 27 octobre 2011 dans le cadre d'une procédure devant la cour d'appel de Paris, sans que son authenticité ne soit remise en cause et il n'appartient pas à la cour statuant sur la compétence du tribunal de commerce de Nanterre de statuer sur l'authenticité de cette pièce dès lors qu'aucune des parties ne l'a saisie d'une demande en ce sens, ni n'en avait saisi le tribunal qui n'a pas statué sur une telle question par une disposition distincte.

En outre, le protocole d'accord signé le 14 octobre 1992 entre la République et Commisimpex, ayant pour objet de traiter la question de la dette de la première à l'égard de la seconde, stipule effectivement à l'article 8 que : « Le présent protocole d'accord annule et se substitue à tous accords conclus entre les parties antérieurement à la signature du présent protocole d'accord ».

Cependant, les « accords » annulés n'étant pas définis, il n'est pas établi avec certitude que la garantie du 22 décembre 1986 entrait dans le champ d'application de l'article 8. En outre, il doit être rappelé d'une part, que ce protocole d'accord n'a pas été respecté par la République du Congo et d'autre part, que cette dernière a postérieurement évoqué la garantie en 2009 et 2011 devant la juridiction arbitrale et la cour d'appel de Paris.

Enfin, la garantie a été notifiée par la société Commisimpex aux sociétés intimées à deux reprises les 11, 12, 13 octobre 2011, puis les 7,10 octobre 2016 et 26 décembre 2017, conformément à l'article 2362 du code civil qui prévoit que « Pour être opposable au débiteur de la créance nantie, le nantissement de créance doit lui être notifié ou ce dernier doit intervenir à l'acte.
A défaut, seul le constituant reçoit valablement le paiement ».

Sans qu'il soit nécessaire d'examiner les autres moyens de fait et de droit soulevés par les parties, l'ensemble de ces éléments suffit à établir que la demande présentée par la société Commisimpex à l'encontre de la société Total Holdings présente un lien de connexité étroit avec celle formée contre la société TEP Congo et un caractère sérieux, justifiant la saisine du tribunal de commerce de Nanterre en application de l'article 42 alinéa 2 du code de procédure civile.

En conséquence, le jugement sera infirmé en ce qu'il a fait droit l'exception d'incompétence soulevée par la société TEP Congo.

**Sur l'appel incident des sociétés Total Holdings et Total SE**

Les sociétés Total Holdings et Total SE forment un appel incident du chef du jugement les ayant renvoyées à mieux se pourvoir, alors qu'elles sont domiciliées dans le ressort du tribunal de commerce de Nanterre et qu'elles n'avaient pas soulevé l'incompétence de la juridiction. Elles contestent la tardivité de leur appel incident invoquée par la société Commisimpex, rappelant qu'en matière de procédure à jour fixe, les conclusions de l'intimé portant appel incident ne sont enfermées dans aucun délai. Elles considèrent avoir un intérêt évident à agir, dès lors qu'elles avaient demandé à être mises hors de cause, alors que le tribunal les a renvoyées devant une autre juridiction. Elles soulignent avoir demandé à la cour d'infirmer le jugement en ce qu'il a renvoyé les parties à mieux se pourvoir, formulant ainsi une prétention.

La société Commisimpex soutient, au visa des articles 550 et 909 du code de procédure civile, que l'appel incident est irrecevable comme étant tardif, pour avoir été formé au-delà du délai de 3 mois après la notification de ses conclusions d'appelante. Elle ajoute que l'appel incident est également irrecevable dès lors qu'il méconnaît les dispositions de l'article 954 du code précité en ce qu'il n'énonce pas les chefs du jugement critiqués. Elle estime que les sociétés Total Holdings et Total

SE ne peuvent reprocher au tribunal de commerce d'avoir renvoyé les parties à mieux se pourvoir sans solliciter l'infirmation de la décision d'incompétence et qu'elles ne justifient d'aucun intérêt à agir s'agissant d'un jugement portant exclusivement sur la compétence qu'elles n'avaient pas contestée en première instance. L'appelante précise que le jugement ne contient aucune disposition distincte portant sur une question de fond au sens de l'article 79 du code de procédure civile et que la rectification d'erreur matérielle aurait pour effet de modifier la décision du tribunal de manière significative.

<u>Sur la recevabilité de l'appel incident</u>

L'article 550 du code de procédure civile dispose que : « Sous réserve des 906-2, 909 et 910, l'appel incident ou l'appel provoqué peut être formé en tout état de cause, alors même que celui qui l'interjetterait serait forclos pour agir à titre principal. Dans ce dernier cas, il ne sera toutefois pas reçu si l'appel principal n'est pas lui-même recevable ou s'il est caduc.
La cour peut condamner à des dommages-intérêts ceux qui se seraient abstenus, dans une intention dilatoire, de former suffisamment tôt leur appel incident ou provoqué ».

En l'espèce, l'appel interjeté par la société Commisimpex le 7 juin 2022 ne relève pas de la procédure ordinaire, mais de la procédure à jour fixe, régie par les articles 917 à 925 du code de procédure civile, en application des dispositions de l'article 85 précité.

L'appel incident formé par les sociétés Total Holdings et Total SE le 3 octobre 2022 n'était donc pas soumis au délai de 3 mois imparti par l'article 910 du code de procédure civile à l'intimé pour former appel incident.

Par ailleurs, cet appel précise bien le chef du jugement dont l'infirmation est sollicitée, conformément aux dispositions de l'article 954 du code susvisé puisqu'il est indiqué au dispositif :
« Infirmer le jugement rendu par le tribunal de commerce de Nanterre le 31 mars 2022 <u>en ce qu'il a renvoyé les parties à mieux se pourvoir</u>,
Statuant à nouveau du chef infirmé,
Mettre hors de cause les sociétés Totalenergies Holdings SAS et Totalenergies SE » (souligné par la cour).

Le non-respect de l'article 954 du code de procédure civile n'est au demeurant pas sanctionné par une fin de non-recevoir.

L'appel incident portant sur le chef du jugement par lequel le tribunal a renvoyé les parties à mieux se pourvoir, alors que les sociétés Total Holdings et Total SE n'avaient pas contesté la compétence du tribunal, le défaut de la demande d'infirmation du jugement déclarant le tribunal incompétent, sans précision, est sans effet sur la validité de l'appel incident.

L'intérêt des sociétés Total Holdings et Total SE à interjeter cet appel n'est pas sérieusement contestable, dès lors qu'elles n'avaient pas soulevé l'incompétence du tribunal et avaient sollicité le débouté de la société Commisimpex.

L'appel incident ne tend pas exclusivement à la réparation de l'omission de statuer en méconnaissance de l'article 542 du code de procédure civile, mais comme indiqué ci-dessus à l'infirmation du chef du jugement par lequel le tribunal, après s'être déclaré incompétent, a renvoyé les parties à mieux se pourvoir, alors que les sociétés Total Holdings et Total SE avaient sollicité le débouté de la société Commisimpex sans au préalable contester la compétence du tribunal de commerce de Nanterre à leur égard.

Enfin, la modification substantielle du jugement qu'entrainerait sa rectification n'est pas susceptible de justifier l'irrecevabilité de l'appel incident, s'agissant d'un moyen se rapportant au bien-fondé de la demande de rectification de l'erreur matérielle invoquée.

L'appel incident est par conséquent recevable. La cour constate en tout état de cause que la société Commisimpex ne sollicite pas que l'appel incident soit déclaré irrecevable au dispositif de ses écritures qui seul saisit la cour en application de l'article 954 du code précité, la société Commisimpex demandant seulement de voir déclarer irrecevable la demande de rectification du jugement.

Sur le fond

Il ressort du jugement déféré que les sociétés Total Holdings et Total SE, aux termes de leurs dernières conclusions soutenues devant le tribunal de commerce lors de l'audience du 10 novembre 2021, ont sollicité le débouté de la société Commisimpex des demandes formées à leur encontre et sa condamnation au paiement de la somme de 500.000 euros au titre de l'article 700 du code de procédure civile, ainsi qu'aux dépens.

Ainsi, les sociétés Total Holdings et Total SE n'ont pas soulevé l'incompétence du tribunal.

Dès lors qu'aux termes du dispositif du jugement, le tribunal s'est déclaré incompétent et a renvoyé « les parties » à mieux se pourvoir, il s'en déduit qu'il s'est également déclaré incompétent à l'égard des sociétés Total Holdings et Total SE.

Ayant ainsi statué ultra petita, il y a lieu d'infirmer le jugement sur ce point par voie de retranchement.

**Sur la rectification d'erreur matérielle**

Les sociétés Total Holdings et Total SE sollicitent la rectification du dispositif du jugement, dès lors que les premiers juges, dans les motifs de leur décision ont exprimé leur volonté de débouter la société Commisimpex des demandes formées à leur encontre, alors que dans le dispositif, le tribunal s'est déclaré incompétent à leur égard. Les intimées soutiennent qu'il a considéré, à la lecture de la convention d'établissement, que les demandes les visant étaient infondées dès lors qu'elles n'étaient pas débitrices de la République du Congo et qu'après avoir constaté que le litige n'opposait plus que des sociétés de droit étranger à la République du Congo, il a renvoyé les parties à mieux se pourvoir. Elles soulignent que si le tribunal avait soulevé son incompétence à leur égard, il aurait désigné la juridiction compétente, ce qu'il n'a pas fait car il a tranché la demande formée au fond par la société Commisimpex à leur encontre. Elles contestent l'irrecevabilité soulevée par la société Commisimpex, soulignant qu'il importe peu que la demande de rectification émane de l'intimé qui doit pouvoir obtenir la rectification d'une erreur du jugement alors même qu'il n'a pas de raison d'interjeter appel. Elles ajoutent qu'en tout état de cause, la cour est saisie de leur appel incident.

La société Commisimpex soutient que la demande de rectification est irrecevable faute de se greffer sur une prétention tendant à l'infirmation ou à la réformation du jugement. Elle conclut également à l'irrecevabilité de la demande qui aurait pour effet de modifier de façon significative la décision du tribunal en statuant sur le fond des demandes alors que le tribunal ne s'est prononcé que sur la compétence. Elle souligne que l'appel qui tend exclusivement à la réparation d'une erreur ou d'une omission du premier juge, poursuivant une fin non prévue par l'article 542 du code de procédure civile, est irrecevable. Sur le fond, la société Commisimpex conclut au débouté des sociétés Total Holdings et Total SE, dès lors que le jugement du 31 mars 2022 statuait uniquement sur la compétence et ne l'a pas déboutée de ses demandes au fond contre ces dernières.

L'article 462 du code de procédure civile dispose que : « Les erreurs et omissions matérielles qui affectent un jugement, même passé en force de chose jugée, peuvent toujours être réparées par la juridiction qui l'a rendu ou par celle à laquelle il est déféré, selon ce que le dossier révèle ou, à défaut, ce que la raison commande.
Le juge est saisi par simple requête de l'une des parties, ou par requête commune ; il peut aussi se saisir d'office.

Le juge statue après avoir entendu les parties ou celles-ci appelées. Toutefois, lorsqu'il est saisi par requête, il statue sans audience, à moins qu'il n'estime nécessaire d'entendre les parties.
La décision rectificative est mentionnée sur la minute et sur les expéditions du jugement. Elle est notifiée comme le jugement.
Si la décision rectifiée est passée en force de chose jugée, la décision rectificative ne peut être attaquée que par la voie du recours en cassation ».

Sur la recevabilité

Aucune disposition légale n'impose que la demande de rectification du jugement soit formulée conjointement à une prétention tendant à son infirmation. Par ailleurs, le moyen selon lequel la rectification aurait pour effet de modifier de façon significative la décision du tribunal en statuant sur le fond des demandes se rapporte au bien-fondé de la demande et non à sa recevabilité.

Les moyens d'irrecevabilité soulevés par la société Commisimpex doivent par conséquent être rejetés.

Sur le fond

Il résulte de la lecture du jugement que la décision est ainsi structurée :
- Exposé des faits (p. 2)
- Procédure (p. 3)
- Moyens des parties et motifs de la décision (p. 8)
    - Sur la demande d'incompétence (p. 8)
        Énoncé des moyens (p. 8)
        Motivation (p. 14)
            Sur la recevabilité de l'exception d'incompétence (p. 15)
            Sur son mérite (p. 16)
- Sur l'application de l'article 700 du CPC et les dépens (p. 19)
- Par ces motifs (p. 19)

Il ne ressort pas du plan du jugement que le tribunal a statué sur la demande des sociétés Total Holdings et Total SE tendant à ce que la société Commisimpex soit déboutée de ses demandes formées à leur encontre.

En outre, la lecture de la motivation relative au mérite de l'exception d'incompétence établit que les obligations des sociétés Total Holdings et Total SE à l'égard de la société Commisimpex ont été examinées dans le seul but de déterminer si elles pouvaient revêtir la qualité de défendeur d'ancrage. En effet, après avoir étudié la garantie du 22 décembre 1986 et la convention d'établissement, ainsi que ses annexes, et conclu qu'il n'était pas démontré que les sociétés Total Holding et Total SE aient des dettes exigibles à l'égard de la République du Congo, le tribunal a conclu ainsi : « De ce fait, et au vu des pièces livrées au débat, Commisimpex ne démontre pas que Total Holdings et Total SE sont assignées en qualité de débiteurs sérieux des obligations qu'elle allègue ».

La phrase du jugement suivant laquelle le différend n'oppose plus que des sociétés de droit étranger et la République du Congo est certes ambigüe ; néanmoins, il ne peut en être déduit, au regard des éléments précités, que les premiers juges ont entendu débouter la société Commisimpex des demandes formulées à l'encontre des sociétés Total Holding et Total SE, quand bien même ces dernières avaient conclu en ce sens.

Leur demande tendant à la rectification du jugement ne peut par conséquent aboutir.

Il s'ensuit que doivent être également rejetées les demandes subséquentes tendant à voir déclarer l'appel formé contre les sociétés Total Holdings et Total SE irrecevable, nul et sans objet, étant observé que ces dernières ne soulèvent aucun moyen de nature à entraîner la nullité de l'appel et qu'aucune exception de nullité n'a été soulevée in limine litis par les parties.

**Sur les dépens et l'article 700 du code de procédure civile**

Au regard de la solution du litige, le jugement déféré sera infirmé des chefs des dépens et de l'article 700 du code de procédure civile.

La société TEP Congo qui avait seule soulevé l'incompétence du tribunal, succombe. Elle supportera donc les dépens de première instance ayant trait au jugement statuant sur l'exception d'incompétence, dont distraction au profit de Me Debray.

Les dépens d'appel, dont distraction au profit de Me Debray, seront mis à la charge des sociétés TEP Congo, Total Holdings et Total SE.

La société TEP Congo sera condamnée à payer à la société Commisimpex la somme de 30.000 euros au titre des frais irrépétibles de première instance.

Au titre des frais irrépétibles exposés en cause d'appel par la société Commisimpex, la société TEP Congo sera condamnée à lui payer, seule, la somme de 30.000 euros et les sociétés Total Holdings et Total SE condamnées in solidum à lui payer la somme de 60.000 euros.

## PAR CES MOTIFS

La Cour statuant par arrêt rendu par défaut,

Rejette les pièces n°172 à 201 communiquées par la société Commission Import Export ;

Dit n'y avoir lieu de rejeter les « pièces et correspondances adressées par le conseil de l'appelante à la cour » ;

Rejette la fin de non-recevoir tirée de l'irrecevabilité de la déclaration d'appel et de l'assignation à jour fixe ;

Rejette la fin de non-recevoir tirée de l'irrecevabilité de l'appel ;

Déboute la société Commission Import Export de sa demande d'annulation du jugement ;

Rejette la fin de non-recevoir soulevée par la société Commission Import Export tirée de l'irrecevabilité de la demande de rectification d'erreur matérielle formulée par les sociétés TotalEnergies Holdings et TotalEnergies SE ;

Déboute les sociétés TotalEnergies Holdings et TotalEnergies SE de leur demande de rectification du jugement ;

Infirme le jugement entrepris en toutes ses dispositions ;

Ajoutant au jugement,

Rejette la fin de non-recevoir tirée de l'irrecevabilité de l'exception d'incompétence soulevée par la société TotalEnergies E&P Congo ;

Statuant à nouveau des chefs infirmés et y ajoutant,

Rejette l'exception d'incompétence soulevée par la société TotalEnergies E&P Congo ;

Condamne la société TotalEnergies E&P Congo aux dépens de première instance ayant trait au jugement statuant sur l'exception d'incompétence, dont distraction au profit de Me Debray ;

Condamne in solidum les sociétés TotalEnergies E&P Congo, TotalEnergies Holdings et TotalEnergies SE aux dépens d'appel, dont distraction au profit de Me Debray ;

Condamne la société TotalEnergies E&P Congo à payer à la société Commission Import Export la somme de 30.000 euros au titre des frais irrépétibles exposés en première instance et celle de 30.000 euros au titre des frais irrépétibles exposés en cause d'appel ;

Condamne in solidum les sociétés Total Holdings et Total SE payer à la société Commission Import Export la somme de 60.000 euros au titre des frais irrépétibles exposés en cause d'appel ;

Déboute les sociétés TotalEnergies E&P Congo, TotalEnergies Holdings et TotalEnergies SE de leurs demandes au titre de l'article 700 du code de procédure civile.

Prononcé publiquement par mise à disposition de l'arrêt au greffe de la cour, les parties en ayant été préalablement avisées dans les conditions prévues au deuxième alinéa de l'article 450 du code de procédure civile.

Signé par Madame Florence DUBOIS-STEVANT, Présidente, et par Monsieur Hugo. BELLANCOURT, Greffier, auquel la minute de la décision a été remise par le magistrat signataire.

    Le Greffier                                                                    La Présidente