# Exhibit 21

# FRENCH REPUBLIC
# COURT OF APPEAL OF VERSAILLES

Commercial division 3-1
JUDGMENT NO.
OCTOBER 10, 2024
N° RG 22/02982 - N° Portalis DBV3-V-B7G-VFIX
CASE: Decision referred to the Court: Judgment rendered on March 31, 2022, by the Tribunal de Commerce de Nanterre
Chamber N°: 3
N° RG: 2016F02380

***********

# IN THE NAME OF THE FRENCH PEOPLE

THE TENTH OF OCTOBER TWO THOUSAND AND TWENTY-FOUR,
The Versailles Court of Appeal has handed down the following judgment in the case of:

**COMMISSIONS IMPORT EXPORT (COMMISIMPEX) Congolese company**

**Plaintiff in appeal**

**Versus/**

**TOTAL ENERGIES SE,** RCS Nanterre n° 542 051 180 ; 2, Place Jean Millier - La Défense 6, 92400 COURBEVOIE

**S.A.S.U. TOTALENERGIES HOLDINGS,** RCS Nanterre n° 552 120 784**,**2 Place Jean Millier - La Défense 6, 92400 COURBEVOIE

Represented by Martine DUPUIS of SELARL LX PARIS-VERSAILLES-REIMS, Postulant, attorney at the bar of VERSAILLES, BP: 625, and Emmanuel ROSENFELD, pleading, member of the PARIS bar PARIS, BP T06

**S.A TOTAL ENERGIES EP CONGO**

a company incorporated under Congolese law, RCCM of Pointe Noire n° CG/ PNR /08 B625

El Chaer Law firm paul.s translation

Avenue Poincaré - BP 761 - Centre-ville POINTE NOIRE, REPUBLIC OF CONGO
Represented by Me Julie GOURION-RICHARD, Postulant, lawyer at the VERSAILLES bar.
of VERSAILLES, BP: 51 and Me François Farhad AMELI, Pleading lawyer at the PARIS bar, BP T02

**REPUBLIC OF CONGO, in the person of its Minister of Justice, Human Rights and the Promotion of Indigenous Peoples, Mr. Aimé Ange Wilfrid BININGA**

Ministry of Justice
Boulevard Denis Sassou N' Guesso – BRAZZAVILLE, REPUBLIC OF CONGO

**Defaulting**

**Defendant in appeal (respondent)**

***************

Composition of the court:
The case was debated on June 18, 2024, in open court, before the Court composed of:

> Mrs. Florence DUBOIS-STEVANT, President,
> Ms. Nathalie GAUTRON-AUDIC, Counselor
> Mrs. Bérengère MEURANT, Counselor in charge of the report,

after deliberation

***************

**STATEMENT OF FACTS**

Commission Import Export, hereinafter referred to as Commisimpex, is a Congolese company specializing in public works.

Between 1984 and 1986, Commisimpex was awarded several public contracts by the Republic of Congo.

As it had not received payment in full for its invoices, on October 14, 1992, it negotiated a protocol with the Republic of Congo concerning the settlement of its debts.

Republic of Congo on the terms of payment of its receivables. A bill of exchange issued in March 1993 for oil revenues from the Republic of the Congo's oil revenues.

As the agreements had not been respected, Commisimpex initiated arbitration proceedings in 1998.

The arbitration procedure provided for in the protocol by referring the matter to the International Chamber of Commerce.

In an arbitration award dated December 3, 2000, the Republic of Congo was ordered to pay 168 million USD (251,416,587 euros). By the bills of exchange were cancelled on the grounds that "a State cannot grant such a general and future pledge".

The Republic of Congo has not executed the award.

In order to find an amicable solution to their dispute, Commisimpex and the Republic of Congo signed a new protocol on August 23, 2003, which was also not respected, this led Commisimpex to refer the matter once again to the arbitral tribunal who awarded, on January 21, 2013, Commisimpex the sum of 754 million USD (1,154,028,260 euros) with interest at a rate of 10%.

The Republic of Congo contested these awards, but their validity was confirmed by the Paris Court of Appeal.
The appeal against the awards was dismissed by the Cour de cassation and the awards have been awarded the exequatur.

Claiming to have been granted a Guarantee on December 22, 1986, by the Republic of Congo in respect of income from the exploitation of oil deposits, Commisimpex, by bailiff's deeds dated on October 11, 12 and 13, 2011, served the arbitral award of December 3, 2000 and the Guarantee to three Total Group companies, Total Energies SE, Total Energies Holdings and Total Energies E&P. Holdings and Total Energies E&P Congo, hereinafter referred to as **Total SE, Total Holdings and TEP Congo**. Commisimpex has ordered them, in execution of the Guarantee to pay Commisimpex all sums due, or to become due, in respect of the exploitation of the oil fields referred to in the Guarantee up to the amount of its claim. The Total group companies refused to do so.

In a judgment dated October 30, 2012, the Brazzaville Commercial Court ordered the liquidation of the assets of Commisimpex and the personal bankruptcy of its director due to the company's non-payment of social security contributions owed by the company since 1981.

On March 19, 2014, the Congolese authorities issued a tax reassessment in the amount equivalent to 1.2 billion euros. By order of the Congolese judge, this debt was set off against Commisimpex claim was ordered.

By Order of the President of the Paris Tribunal de Grande Instance of December 16, 2015, confirmed by a ruling of the Paris Court of Appeal on September 12, 2017, the decision to liquidate Commisimpex's assets was found to be contrary to French international public order and declared unenforceable on French territory. The appeal lodged by the République du Congo was dismissed by the Cour de cassation on January 16, 2019.

On October 10, 2016, and December 26, 2017, Commisimpex served on Total SE, Total Holdings and TEP Congo, the award of January 21, 2013, and, again, the indemnity of December 22, 1986. The documents contained the same claim for payment as the one served in October 2011.

In bailiff's writs dated October 7 and 10, 2016, Commisimpex served a writ of summons on Total Holdings and TEP Congo, before the Nanterre Commercial Court.

By bailiff's deeds dated February 16, 2018, Commisimpex served a writ of compulsory execution on Total SE and the Republic of Congo before the same Court, which ordered the joinder of the two cases on March 6, 2018.

TEP Congo argued that the court lacked territorial jurisdiction, in favor of the Congolese courts.

In a judgment dated March 31, 2022, the court ruled that it did not have jurisdiction, referred the parties to do another writ before competent court and ordered Commisimpex to pay Total Holdings, Total SE and TEP Congo the sum of 100,000 euros each, under article 700 of the French Code of Civil procedure, and to pay the costs.

The court ruled that Total Holdings and Total SE were not "serious debtors" insofar as the debtors" insofar as the establishment agreement of October 17, 1968, and its amendments organize the fiscal, administrative, and accounting relations between, on the one hand, the Republic of Congo and Total Holdings and Total SE, without creating a debt due, a commitment debt, guarantee or joint and several liability. The court then found that TEP Congo did not have a sufficiently close link with France, and that the dispute
 between companies governed by foreign law and the Republic of Congo, leading the court to declare itself incompetent and to refer the parties to make another writ before competent court.

On April 28, 2022, Commisimpex lodged an appeal against this judgment.

By order dated May 19, 2022, Commisimpex was authorized to serve a writ of summons on the following companies Total Holdings, Total SE and TEP Congo, as well as the Republic of Congo.

In its final submissions, delivered to the court clerk's office and served by RPVA *(mode of notification between lawyers)* on October 13, 2023, Commisimpex
asks the Court to:


as a preliminary point,
 - dismiss Total SE, Total Holdings and TEP Congo of their main requests and
 subsidiary arguments tending to the nullity or inadmissibility of the notice
 of appeal, of the request and order authorization to assign on a fixed date.

 - reject the principal and subsidiary claims of Total SE, Total Holdings for rectification of the judgment of March 31, 2022, and alternatively, dismiss them.

primarily, annul and subsidiarily, reverse the judgment of March 31, 2022.

and, ruling a new,
 - rule that the objection of lack of territorial jurisdiction raised by TEP Congo is inadmissible and, failing that, unfounded
- order Total SE, Total Holdings and TEP Congo jointly and severally to pay the sum of 400,000 euros under article 700 of the French Code of Civil Procedure, and to pay the costs of the proceedings in favor of Me Christophe Debray.

By final submissions delivered to the clerk's office and notified by RPVA on June 3, 2024, TEP Congo asks the court to:
 at the outset,
- declare inadmissible and dismiss from the proceedings exhibits no. 172 to 201 submitted by Commisimpex,

- declare the declaration of appeal inadmissible, as well as the claims made in the summon at fixed date,

- declare the appeal inadmissible.

on the merits,

- confirm the judgment in all its provisions.
- declare that the French courts lack jurisdiction over him in favor of the courts of the Republic of the Congo and the Pointe Noire Court in particular; - dismiss all Commisimpex's claims.
- order Commisimpex to pay the sum of 400,000 euros under article 700 of the French Code of Code of Civil Procedure, and to pay the costs of the proceedings, which will be awarded to Julie Gourion Richard.

By final submissions delivered to the clerk's office and notified by RPVA on May 28, 2024, Total Holdings and Total SE request the Court to:
 - reject exhibits 178, 181 to 184, 190, 193 and 194 communicated after the summons of June 7, 2022, without legitimate reason, as well as the documents and correspondence sent by the counsel of plaintiff in appeal, to the court.
- concerning the principal appeal
- declare the appeal inadmissible.
in the alternative, on the cross-appeal,
 - set aside the judgment insofar as it referred the parties to further proceedings.
- declare that there is no need for such a referral insofar as they are concerned.
- dismiss Commisimpex of all its claims.

 in the further alternative, to rectify the material error,
 - rectify the judgment as follows:
 - in the operative part of the judgment referred to, add the words "with regard to TEP Congo" after the words "declares itself incompetent" and the words "dismisses Commisimpex's claims against Total Holdings SAS and Total SE" before the provision relating to article 700.

- substitute the word 'Commisimpex' for the words 'the parties' after the word 'refers'.
- declare the appeal lodged against them null, void and inadmissible.
- order Commisimpex to pay each of them the sum of 30,000 euros based on article 700 of French Code of Civil Procedure, and to pay the costs of the proceedings, which will be awarded to Selarl Lx Paris-Versailles-Reims.

The Republic of Congo, although summoned, did not constitute a lawyer.

For a full account of the facts and proceedings, the court expressly refers to the judgment object of appeal and to the parties' written submissions, as required by article 455 of the Code of Civil Procedure.

## REASONS

### On the request to reject exhibits no. 172 to 201 submitted by Commisimpex

TEP Congo requests the rejection of exhibits no. 172 to 201, which Commisimpex failed to attach to its request for a writ of summons for a fixed date, even though it had held them for a long time and that they have not been produced in response to new arguments or new documents on appeal.

Total Holdings and Total SE ask the Court to reject exhibits no. 178, 181 to 184, 190, 193 and 194 communicated after the summons of June 7, 2022, without a legitimate reason, whereas in fixed-date proceedings, new documents can only be produced to respond to new arguments put forward by the respondent.

Commisimpex responds that:

- Exhibits no. 172 to 177 and no. 179, relating to Mr. Mohsen Hojeij's authority to institute legal proceedings on his own behalf, were produced in response to a new argument raised by the respondents
 TEP Congo's exhibit no. 53 corresponds to the "original articles of association of Commisimpex", document on which the respondent bases its argument; it was necessary to verify its authenticity

- Exhibit no. 178 cannot be disregarded on the grounds of its late production in view of the case to a later hearing.

Article 918 of the Code of Civil Procedure stipulates that: "The petition must set out the nature of the peril the nature of the peril, contain submissions on the merits and refer to supporting documents. A copy of the or a copy certified by the lawyer must be attached.

 A copy of the petition and supporting documents must be submitted to the first president for inclusion in the court file".

 In application of these provisions, the appellant must attach all his documents as soon as he produces his request for a fixed-date summons, and he may only produce new documents if they are intended to respond to new arguments presented on appeal by the respondent. The circumstance that the case was adjourned at the oral hearings of October 25, 2022, and November 14, 2023, is irrelevant in this respect.

The Court notes, first of all, that Commisimpex has not provided any explanation concerning the production of exhibits n°180 to 201, which were not attached to its request, and must therefore be dismissed from the proceedings.

 With regard to TEP Congo's exhibit no. 53, which allegedly corresponds to the "original articles of association of Commisimpex", it has not been produced, it is not included in the documents requested to be rejected.

Furthermore, with regard to exhibits no. 172 to 177 and no. 179, which were produced for the first time on October 21, 2022, it does not appear from the previous submissions produced by the respondent that they questioned Mr. Mohsen Hojeij's authority to sue on behalf of the company Commisimpex. They are therefore excluded from the proceedings.

Finally, as indicated above, the dismissals of the case have no effect on the inadmissibility of exhibit 178, which was not submitted in support of the request for a writ of summons asking for a fixed date audience. It must therefore also be rejected.

Consequently, in accordance with the request, exhibits no. 172 to 201 submitted by Commisimpex are rejected.

On the other hand, there is no reason to disregard the "documents and correspondence sent by the appellant's counsel to the court", as requested by Total Holdings and Total SE since all documents sent after the petition was filed were rejected, and correspondence is not one of the documents produced by Commisimpex in support of its appeal.

## On the inadmissibility of the appeal

<u>On the inadmissibility of the statement of appeal</u>

TEP Congo and Total Holdings and Total SE argue that the statement of appeal of declaration of appeal of April 28, 2022 does not specify that the appeal relates to a ruling on jurisdiction, in breach of article 85 of the French Code of Civil Procedure, and that it does not expressly refer to the request for authorization to serve a writ of summons on a fixed date containing the submissions on the merits and the supporting documents, in violation of the aforementioned text and article 4 of the order of May 20, 2020, modified by article 2 of the order of February 25, 2022. The respondents conclude that the statement of appeal is at the very least inadmissible, if not devoid of any
devolutive effect.

Commisimpex responds that the statement of appeal clearly states that the appeal concerns ruling on jurisdiction, and that it refers to the appeal submissions and supporting document in accordance with article 85 of the French Code of Civil Procedure and article 4 of the decree of May 20, 2020. The appellant adds that its conclusions are in fact attached to its statement of appeal, which must therefore be considered as duly reasoned.

Article 85 of the French Code of Civil Procedure stipulates: "In addition to the particulars prescribed by 901 or 933, the statement of appeal must specify that it is directed against a judgment ruling on jurisdiction and must, on pain of inadmissibility, state the reasons, either in the statement of appeal itself, or in the pleadings attached to the statement of appeal.
Notwithstanding any provision to the contrary, the appeal is heard and judged as in procedural matters on a fixed day if the rules applicable to the appeal of decisions rendered by the court from which emanates
 the judgment appealed from requires the appointment of a lawyer, or, in the contrary case, as it is said in article 948."

The statement of appeal filed by Commisimpex on April 28, 2022 states that the subject of the appeal is defined as follows: "The company ... Commisimpex ... seeks to have set aside or overturn the judgment ...handed down on March 31, 2022 by the Nanterre Commercial Court insofar as it that it : - declared itself incompetent and referred the parties back to the courts for further proceedings...".

 It is thus established that the statement of appeal clearly states that the appeal is directed against a judgment ruling on jurisdiction.

In addition, attached to the statement of appeal is a request for summons on a fixed day and conclusions motivating the appeal in fact and in law in detailed manner.

Article 4 of the Order of May 20, 2020, on electronic communication in civil matter before the Courts of Appeal, as amended by article 2 of the Order of February 25 2022, stipulates that: "When a document must be attached to a deed, the said deed expressly refers to this document. This document is communicated in the form of a file separate from the file referred to in article 3. This document is a file in PDF format, produced either by means of a scanner if the document to be communicated is on paper, or in direct recording in PDF format using the IT tool used to create and store the preserve the original document in digital form".

Contrary to what TEP Congo claims, the statement of appeal specifies that a request for a writ of summons and pleadings are attached, as it states: "The request for a writ of summons, including the pleadings and exhibits in support of the appeal, are attached.
The request for a fixed date, including the submissions and documents in support of the appeal, have been within the required time limits". The Court notes that the request and the pleadings are indeed attached to the message by which Commisimpex sent its statement of appeal to the to the clerk's office, in the form of separate files in PDF format, in accordance with the provisions.

In these circumstances, the argument that the statement of appeal and the writ of summons are inadmissible is unfounded and must be rejected.

<u>On the absence of referral to the court and Commisimpex's lack of interest in appealing</u>

Total Holdings and Total SE maintain that Commisimpex has appealed against a part of the judgment declaring that the court lacks jurisdiction over
them.

The Total Holdings and Total SE companies maintain that Commisimpex has appealed against a part of the judgment declaring the court incompetent in

their respect, which is non-existent, on the one hand, that the court is not seized since the devolutive effect did not operate and, on the other hand, that Commisimpex's appeal against them is inadmissible for lack of interest.

However, it is clear from the statement of appeal that Commisimpex has lodged an appeal in respect of the judgment in which the court declared itself incompetent and referred the parties, including Total Holdings and Total SE to seize the competent court. The Court is therefore seized before these heads.

Since the action brought by Commisimpex before the Court seeks an order to the three respondent companies to pay it, the sums owed to the Republic of Congo, related to their exploitation of oil deposits, it has a compelling interest in appealing the judgment.
The appeal's inadmissibility must be rejected.

**On the annulment of the judgment**

Commisimpex argues that the lower courts should not have declined jurisdiction over the French respondents, given the fundamental rules of civil procedure and the absence of a plea of lack of jurisdiction raised by them and the Republic of Congo, thereby this constitutes an abuse of powers justifying the annulment of the judgment.

The appeal for reform of the contested judgment being open to the company Commisimpex, it cannot invoke an excess of power of the court, which cannot justify the possibility of filing an appeal nullity only when the reconsideration appeal is not open to the parties to the judgment. In any state of cause, the company Commisimpex invokes a means of invalidation and not of annulment of the judgment since the fact for the court to rule ultra petita does not characterize an excess of power.

The request for annulment of the judgment is therefore rejected.

## On the plea of lack of jurisdiction

 Admissibility

Commisimpex raises the inadmissibility of the objection of incompetence, in that the designation of Congolese courts did not meet the conditions of article 75 of the code of civil procedure, since it is impossible with regard to the fraudulent liquidation of which his property was subject to the Congolese courts, which amounts to a lack of designation. She considers that by designating the Congolese courts as jurisdiction competent, the company TEP Congo disregards the requirement of loyalty incumbent on it, in violation of French public order.

TEP Congo responds that in the international order, the exception of incompetence does not require identifying the competent foreign jurisdiction. She adds that the Congolese courts are competent, whether the company Commisimpex is in bonis or not, and whether the obligation to designate does not require consideration of the outcome of the procedure which could be initiated before this court. The respondent considers that the appellant is confusing the denial of justice and the admissibility of the objection of incompetence. She believes that the impossibility for Commisimpex to seize the Congolese courts is up to its person and not to the incompetence of the Congolese courts.

Article 75 of the Code of Civil Procedure provides that: "If it is claimed that the court seized in first instance or on appeal is incompetent, the party raising this objection must, penalty of inadmissibility, justify it and make known in all cases before which jurisdiction it requests that the matter be brought."

In the international order, the admissibility of the objection of incompetence tending to see the designation the courts of another State is not subject to the indication of the jurisdiction of that State.

The designation of Congolese courts being not necessary, Commisimpex does not may take advantage of the impossible nature of this designation to challenge the admissibility of the exception of incompetence.

The court notes that if the court rejected the plea of inadmissibility in the reasons for its decision, he failed to indicate this in the operative part of the judgment, which will consequently be supplemented in this sense.

On the merits

Commisimpex argues that paragraph 2 of article 42 of the code of civil procedure is extended to the international order and allows a party to bring before a French court a French company and a foreign company and to rely on the domicile of the French party to justify territorial jurisdiction over the foreign company. She recalls that the application of the aforementioned provisions presupposes that the following elements are met:
- an anchor defendant residing within the jurisdiction of the court;
 - related claims filed against the foreign defendant and the anchor defendant.
- the real and serious nature of the request aimed at the anchor defendant.

The plaintiff in the appeal explains that the proceeding is unique with regard to the defendants since its origin, since the summons targeted both the company Total Holdings and the company TEP Congo; that the requests made against the latter are in a close connection, characterized by the following elements:
 - the requests made relate to the same commitment and to the exploitation, directly or indirectly, of the same seven hydrocarbon deposits referred to in the guarantee act of December 22, 1986.
 -the factual context is strictly identical.

- the requests are all based on the same acts, namely: the guarantee, the agreement of establishment of 1968 and its amendments.
- it formulates the same requests and in solidarity against the three companies of the group Total.

It considers that the requests made against Total Holdings and Total SE have a real and serious character and that they anchor the competence of the French judge against of the Congolese subsidiary TEP Congo, since they are the co-debtors secured by debts held by the Republic of Congo in their regard.

The company Commisimpex specifies that Total Holdings and Total SE are designated in article 1 of amendment no. 14 to the establishment agreement of October 17, 1968 and named in the guarantee deed of December 22, 1986. She contests the defect of authenticity of the guarantee, emphasizing that the Republic of Congo has taken advantage of it on several repeated in particular before the Paris Court of Appeal and before the arbitral tribunal.

Commisimpex explained that the Settlement Agreement applies to the Research Company and of oil activities (ERAP) and to its affiliate, TEP Congo; that this the agreement is subject to a royalty obligation under Article 13. It notes that TEP Congo has repeatedly acknowledged that the settlement agreement was a good contract binding on the Elf and Congo companies relating to the conditions of operation of Oil and Gas Fields". She states that the three respondents are charged, in a manner undifferentiated, an obligation to pay oil royalties to the Republic of the Congo. Total Holdings has not been discharged of its obligations; whereas the three companies in the group Total are jointly and severally liable for the execution of the agreement in application of its article 3 which refers to the "holder" or "beneficiary" without distinguishing the obligations of each. The appellant adds that in both French and Congolese law, solidarity between traders is assumed therefore the three Total companies, commercial companies by form, all the same fee due in connection with the

exploitation of mineral deposits natural resources, must be considered as jointly and severally committed to the Republic of the Congo. Commisimpex considers that the repeal by the latter of the 2020 Settlement Agreement does not retroactively extinguish corporate obligations Total Holdings and TEP Congo in respect of it.

Finally, Commisimpex considers that the court should have held jurisdiction in respect of the risk of denial of justice. She explains that she is no longer able to bring a case before the courts Congolese since it is no longer in bonis in the Congo and that the fraudulent compensation of his claim with false tax debt forbids Commisimpex to seek payment of his claim to the Congo. It considers that the dispute has a significant link with France, which was omitted by the court.

TEP Congo recalls that the plurality of defendants can only produce effect if it was present from the very beginning of the proceedings, while it states that it was not assigned in a way concurrent with Total Holdings, since the summons to the company was not
 The Commission's proposal for a Council Directive on the protection of workers against exposure to certain substances is
 Total Energies Holdings.
It states that the concurrent challenge must be against a serious defendant, which is not the case at hand. It disputes the authenticity of the Guarantee invoked by the Commisimpex, noting that the original document was never produced. It produces in this regard, graphological expertise. It submits that, in any event, the Guarantee was revoked by the 1992 Protocol. She stated that Total Holdings has never operated directly or indirectly in the Congo and therefore has never had operating debt to that country. It explains that the settlement agreement did not create obligation to pay the royalty in respect of Total Holdings, as regards to a "Contrat cadre" agreement establishing the tax provisions applicable to the foreigner investor's activity, in derogation from the legislation in force, to guarantee the investment of the Total group.

It further states that the Settlement Agreement and its amendments do not create any obligation to guarantee in the event of default on its part; that no joint and several obligations between the respondents may be invoked, since Total Holdings and Total SE have never been holders of operating licenses that give rise to the royalty debt and have never been parties to concession contracts and production sharing.

TEP Congo notes that the general implication of the company Elf Aquitaine invoked by the plaintiff in appeal is insufficient to characterize a serious anchor defendant and she is no longer since 2004 party to the agreement, since the signature of Amendment 14, the company Total SE replaced it. She added that Total SE had never had any activity in the of Congo since it took control of the company Elf Aquitaine, since in 2000 the company Elf Congo had already been established. She argues that the pledge cannot be made on a debt which did not exist when it was formed.

TEP Congo submits that the court's jurisdiction cannot be based on a denial of justice, that it is for Commisimpex to demonstrate its existence in an action before court. The Respondent explains that it cannot be argued in a general way that there is no reliability of the Congolese judicial system, while the French state is bound by a bilateral engagement with this country, this argument being such as to call into question the responsibility of the French State. TEP Congo adds that jurisdiction for denial of justice cannot be sit on a simple risk, while Commisimpex did not attempt to seize the Congolese jurisdictions. She stresses that she has no activity in France and that for denial of justice is, in any event, only optional, the right to a judge being able to be paralyzed by the goal.

Finally, the Respondent invokes the inopposability of the Guarantee, which alters its obligations toward the Republic of Congo, which is not possible with a pledge. She explains that the Guarantee is not financially neutral for TEP Congo, a Congolese company operating on the territory of the Congo, because the Congolese state has legal means to not recognize the validity of a payment made to Commisimpex , and thus can be subject to a risk of

double payment, attested by the circular of the Ministry of Justice of the Republic of the Congo of December 2016, recalling that the Congo alone has the right to recover the oil taxation.

Pursuant to article 42, paragraph 1 of the Code of Civil Procedure: "The court
of the place of residence of the defendant is, unless otherwise provided for, the place of jurisdiction."

However, paragraph 2 of the text states that "If there are several defendants, the plaintiff seizes, at his choice, the jurisdiction of the place where one of them resides".

<u>Concerning the condition of plurality of defendants</u>

The company TEP Congo argues that the plurality of defendants can only produce effect if she existed from the institution of the proceedings, whereas the summons which was issued to her, did not occur concomitantly with that notified to the company Elf Aquitaine, to whose rights comes Total Energies Holdings.

Commisimpex submits that the proceeding is unique in respect of the defendants since its origin since the assignment was made to both Total Holdings and TEP Congo. The plaintiff in appeal is of the opinion that there is only one instance with a single general directory number and the court was seized of this sole instance for both co-defendants.
Article 53 of the Code of Civil Procedure states that: "The original application is the one by which a litigant initiates a trial by submitting his or her claims to the judge. It introduces the proceeding".

Section 54 para 1 of the same Code states that "The original application is made by summons or by application delivered or addressed to the registry of the court».

The proceedings shall be opened by referral to the court called upon to rule on the dispute.

When the initial request is made by summons, referral to the court results from the delivered to the latter's registry.

In the present case, Commisimpex initially ordered TEP Congo to be served and the company Elf Aquitaine, to which the company Total Holdings is a source of rights, by respectively issued on October 7 and 10, 2016, then in a second time, the company Total SE by act of 16 February 2018, that is 16 months later.

There was therefore a plurality of defendants from the time of the summons of TEP Congo and Total Holdings, the first having its head office in Congo and the second in France, in the jurisdiction of the Nanterre commercial court.

If, as TEP Congo points out, the court's registry is to be given the summons which was issued on 19 January 2017, several months after the summons of Elf Aquitaine on 28 October 2016, Commisimpex has, as noted by the first judges, issued to TEP Congo and Total Holdings a single summon was to both companies.

Thus, the delivery to the registry of the summons issued to the company Elf Aquitaine, to which the company Total Holdings comes to the rights, initiated the proceedings and referred the requests made to the court against the latter and the delivery to the registry of the same summons issued to the company TEP Congo did not have the effect of creating a second instance but of seizing the court of requests made to it by the company Commisimpex, within the framework of the same summons and the same instance.

Furthermore, if the plurality of defendants must exist from the institution of the proceedings, it is not necessary, to assess the jurisdiction of the court with regard to all the defendants, that the requests be made simultaneously.

Regarding the summons for forced intervention issued on February 16, 2018, to the company Total SE, it should be remembered that article 333 of the Code of Civil Procedure, applicable to the order international, provides that "The third party involved is required to proceed before the court seized of the original request, without it being able to decline the territorial jurisdiction of this jurisdiction, even by invoking a jurisdiction clause".

This last assignment therefore has no effect on jurisdiction, it being noted that the company Total SE, at first instance and on appeal, did not raise the incompetence of the Nanterre commercial court.

It is clear from all these elements that a plurality of defendants existed from the introduction of the proceedings and that the actual and serious nature of the claim for payment made by Commisimpex must be assessed in respect of Total Holdings alone.

<u>Concerning the existence of a serious link between the applications</u>

The extension of jurisdiction provided for by Article 42, paragraph 2, of the Code of Civil Procedure applicable in the international order, does not make it possible to bring before the French courts a defendant residing abroad, when the claim filed against him and a co-defendant domiciled in France does not present, with regard to the latter, a serious character.

It appears from the elements of the procedure that the companies Total Holdings and TEP Congo both belong to the Total group.

The summons issued to them by Commisimpex establish that the purpose of the requests made by the latter against them is the same, namely the

payment between their hands of the sums for which it considers them owed to the Republic of Congo as a result of the exploitation of four oil fields by the Total group.

In addition, the acts on which Commisimpex bases its requests against the companies' respondents are the same, with regard to the establishment agreement of October 27, 1968, its amendments and the guarantee of December 22, 1986.

The requests thus present a close link of connection.

As the court recalled, the assessment of the real and serious nature of the request made against the anchor defendant does not require a ruling on the merits of this request.

The purpose of the Convention of 17 October 1968, is to define the rights and obligations of the company Petroleum Research and Activities Company, ERAP, and the Republic of Congo "with regard to the activities undertaken by ERAP in the Republic of Congo".

It is common ground that the company Elf Aquitaine, to which the company Total Holdings comes, itself came to the rights of ERAP and that the subsidiary created within the framework of the agreement  is the company Elf Congo, to whose rights comes the company TEP Congo, as confirmed by
 the first pages of amendments n°4 and 14 to the convention of October 14, 1977, and January 7, 2004.

The commitments relate, for ERAP, to the creation of a subsidiary under Congolese law, the hiring of personnel in Congo, covering the country's oil needs and, for the Republic of Congo, on the implementation of a general guarantee of stability of tax and legal regimes, the granting of adjustments in tax matters and the exchange rate regime.

Contrary to what TEP Congo maintains, the obligation to pay a royalty is provided for in articles 12 and 13 of the convention relating to the "Mining royalty proportional" and "Payment of proportional mining royalty". Article 12 defines the terms of calculation of the royalty and article 13 stipulates that "The People's Republic of Congo will indicate to the holder the method of payment", namely payment in cash or in nature.

Amendment No. 1 of June 4, 1973, to the agreement includes these stipulations in articles 10 and 11, Article 11 substituting the term "beneficiary" for that of "holder".

However, article 3 of the amendment entitled "Beneficiary of the agreement" stipulates that "The provisions of this agreement will be automatically applicable to ERAP and in the event of transfer, to the affiliated company which will be created under the conditions provided for in article 4 below. The denomination "the holder" hereinafter used refers indifferently to ERAP or the affiliated company of the article 4".

As noted by the court, if the establishment agreement and its amendments were repealed by the Republic of Congo by the laws relating to the finance law for the years 2020 and 2021, the convention and its amendments produced effects prior to 2020 since the repeal did not, under the terms of the said laws, have retroactive effect.

On October 11, 12, 13, 2011, Commisimpex served the respondent companies with the Guarantee of December 22, 1986 and an order to pay him directly the royalties due in execution of the Establishment Agreement and its amendments.

Commisimpex produces in exhibit no. 2 the copy of the Guarantee dated 22 December 1986, granted by the Republic of the Congo and of which it appears to be a beneficiary. The act referring to the Convention of 17 October 1968 and its amendments between the People's Republic of the Congo and national company Elf Aquitaine (SNEA) and in particular the

articles relating to the payment of the Proportional Mining Fee and Corporate Tax payable to the Treasury" states that "the present Guarantee is enforceable at the request of Commisimpex and will be valid as a standing instruction irrevocable and unconditional payment to Agip, Agip Congo, Elf and Elf Congo, in the sums of the contracts, amendments and works mentioned above including principal and interest, costs, incidental and compensation for any damages of delay. In this case, this Guarantee shall be opposable to Agip, Agip Congo, Elf and Elf Congo or any guarantor and Commisimpex may to execute it by right against all property, shares, shares or other rights, including agreements or fees mentioned in Articles 2 and 3, falling to RCP [Republic ofpopular of the Congo] with Agip, Agip Congo, Elf and Elf Congo and any guarantor without recourse or Prior authorization. The PCR signature on this document constitutes final consent to the above mentioned performance by Commisimpex vis-à-vis mentioned Agip, Agip Congo, Elf and Elf Congo and any other company owned, wholly or partially, to the Guarantor (or Guarantors)."

It is thus established that the company Elf, now Total Holdings, and the company Elf Congo, now TEP Congo, are expressly covered by the Guarantee that Commisimpex takes support for the payment claim.

The respondents contest the authenticity of this Guarantee, stating that the original of the document is not produced. However, it is targeted by the Republic of the Congo in the filed on July 6, December 11, 2009 before the International Court of Arbitration of the ICC and in its conclusions delivered on 27 October 2011 within the framework of a proceeding before the Paris Court of Appeal, without its authenticity being called into question and it does not belong to the court ruling on the jurisdiction of the commercial court of Nanterre to rule on the authenticity of that proof if neither party has seized it in this respect, nor has seized the court on this subject which has not ruled on such a matter by a separate provision.

In addition, the Memorandum of Understanding signed on 14 October 1992 between the Congo and Commisimpex, having as its object to deal with the

question of the debt of the former in respect of the latter, it stipulates Article 8 that: "This Memorandum of Understanding annul and supersedes all

agreements concluded between the Parties prior to the signature of this Memorandum of Understanding".

However, since the cancelled "agreements" are not defined, it is not certain that the Guarantee of 22 December 1986 was within the scope of Article 8.

In addition, it must be reminded, on the one hand, that this memorandum of understanding has not been respected by the Republic of the Congo and secondly, that the latter subsequently raised the Guarantee in 2009 and 2011 before the arbitration court and the Paris Court of Appeal.

Finally, the guarantee was notified by Commisimpex to the companies in question twice October 11, 12, 13, 2011, then October 7, 10, 2016 and December 26, 2017, pursuant to Article 2362 of the Civil Code which provides that "In order to be opposable to the debtor of the pledged debt, the pledge of debt must be notified to him, or he must act upon it. If the payment is not received, only the grantor validly receives it".

Without the need to consider the other points of fact and law raised by the parties, all of these elements are sufficient to establish that the application by Commisimpex against Total Holdings is closely related to the company formed against the company TEP Congo and a serious character, justifying the referral to the commercial court of Nanterre pursuant to Article 42 paragraph 2 of the Code of Civil Procedure.

Accordingly, the judgment will be reversed in that it has upheld the incompetence exception raised by TEP Congo.

**On the cross-appeal of Total Holdings and Total SE**

Total Holdings and Total SE have filed a cross-appeal against the judgment that referred to better appeal, even though they are domiciled in the jurisdiction of the court of commerce of Nanterre and that they had not raised the incompetence of the jurisdiction. They contest the lateness of their cross-appeal invoked by Commisimpex, recalling that in matters of fixed day procedure, the conclusions of the respondent making the cross-appeal are not confined within any time frame. They consider that they have a clear interest in acting, as long as they had asked to be exonerated, while the court referred them to another jurisdiction. They emphasize having asked the court to overturn the judgment in that it referred the parties to better provide themselves, thus formulating a claim.

Commisimpex maintains, under Articles 550 and 909 of the Code of Civil Procedure, that the cross-appeal is inadmissible as being late, for having been filed beyond the 3-month deadline after the notification of its conclusions as plaintiff in appeal. She adds that the incidental appeal is also inadmissible since it disregards the provisions of article 954 of the said code in that it does not state the heads of the criticized judgment.

She believes that Total Holdings and Total SESE cannot criticize the commercial court for having referred the parties to better recourse without requesting the reversal of the decision of incompetence and that they do not justify any interest to act regarding a judgment relating exclusively to the competence which they did not have contested at first instance. The plaintiff in appeal specifies that the judgment does not contain any separate provision relating to a substantive question within the meaning of Article 79 of the Code of Procedure civil and that the rectification of a material error would have the effect of modifying the court's decision significantly.

## On the admissibility of the appeal

Article 550 of the Code of Civil Procedure provides that: "Subject to 906-2, 909 and 910, the incidental appeal or the provoked appeal can be made in

any event, even though the whoever files it would be time-barred from acting as principal. In the latter case, however, it will not be received if the main appeal is not itself admissible or if it is obsolete.

The court may order damages to those who abstain, with the intention dilatory, to file their incidental or provoked appeal sufficiently early.

In this case, the appeal filed by Commisimpex on June 7, 2022 does not fall within the scope of the ordinary procedure, but of the fixed day procedure, governed by articles 917 to 925 of the Code of civil procedure, in application of the provisions of the aforementioned article 85.

The cross-appeal filed by Total Holdings and Total SE on October 3,2022, was therefore not subject to the 3-month time limit set by article 910 of the Code of civil procedure for the respondent to form incident appeal.

Furthermore, this appeal clearly specifies the head of the judgment whose reversal is sought, in accordance with the provisions of article 954 of the said Code since it is indicated in the device: "Invalidate the judgment rendered by the Nanterre commercial court on March 31, 2022, in that it sent the parties to seek better recourse,

Ruling again from the infirm head,

Exclude Total Energies Holdings SAS and Total Energies SE" (underlined by the court).

Non-compliance with article 954 of the code of civil procedure is not punishable by an end of inadmissibility.

The cross-appeal relating to the head of the judgment by which the court referred the parties to better recourse, while Total Holdings and Total SE had not contested the jurisdiction of the court, the lack of the request for reversal of the judgment declaring the court incompetent, without specification, has no effect on the validity of the incidental appeal.

The interest of Total Holdings and Total SE in filing this appeal is not seriously contestable since they had not raised the incompetence of the court and had requested the rejected Commisimpex.

The cross-appeal does not aim exclusively at repairing the omission to rule in ignorance of article 542 of the code of civil procedure, but as indicated above at the invalidation of the head of the judgment by which the court, after declaring itself incompetent, sent the parties to seek further action, while Total Holdings and Total SE had requested the dismissal of the Commisimpex without first contesting the competence of the Nanterre commercial court in their regard.

Finally, the substantial modification of the judgment that its rectification would entail, is not likely to justify the inadmissibility of the cross-appeal, regarding a ground relating to the merits of the request for rectification of the alleged material error.

The cross-appeal is therefore admissible. The court notes in any event that Commisimpex does not request that the cross-appeal be declare inadmissible in the operative part of its writings which alone seizes the court in application of article 954 of the said Code, Commisimpex only asking to have the request for rectification of the judgement

## **On the Merits**

It appears from the referred judgment that the companies Total Holdings and Total SE, under the terms of their latest conclusions supported before the commercial court during the hearing on 10 November 2021, requested that the company Commisimpex reject the requests made to them meeting and his order to pay the sum of 500,000 euros under article 700 of the Code of Civil Procedure, as well as costs.

Thus, the companies Total Holdings and Total SE did not raise the incompetence of the court.

Since under the terms of the judgment, the court declared itself incompetent and sent "the parties" back to take better action, it follows that he also declared himself incompetent with regard to Total Holdings and Total SE.

Having thus ruled ultra petita, there is reason to overturn the judgment on this point by way of retrenchment.

## On the correction of material error

Total Holdings and Total SE request the rectification of the judgment, as soon as when the first judges, in the reasons for their decision, expressed their desire to dismiss Commisimpex of the requests made against them, while in the system, the court declared itself incompetent over them. The respondents maintain that he considered, at the reading of the establishment agreement, that the requests against them were therefore unfounded, that they were not debtors of the Republic of Congo and that after having noted that the dispute only pitted companies under foreign law against the Republic of Congo, he sent the parties to better recourse. They emphasize that if the court had raised its incompetence with regard to them, he would have designated the competent court, which he did not do because he decided the request made on the merits by Commisimpex against them. They contest the inadmissibility raised by the company Commisimpex, emphasizing that it does not matter whether the
 request for rectification comes from the respondent who must be able to obtain rectification of an error of the judgment even though he has no reason to appeal. They add that in any state cause, the court is seized of their cross-appeal.

Commisimpex maintains that the request for rectification is inadmissible for lack of graft on a claim tending to invalidate or reform the judgment. She concludes also to the inadmissibility of the request which would have the effect of significantly modifying the decision of the court by ruling on

the merits of the requests when the court has not ruled than on competence. She underlines that the appeal which aims exclusively at the repair of an error or omission of the first judge, pursuing an end not provided for by article 542 of the code of civil procedure, is inadmissible. On the merits, Commisimpex concludes that the case is unsuccessful of Total Holdings and Total SE, since the judgment of March 31, 2022 ruled solely on jurisdiction and did not dismiss its requests on the merits against these last.

Article 462 of the Code of Civil Procedure provides that: "Material errors and omissions which affect a judgment, even if it has become res judicata, can always be repaired by the court which rendered it or by the one to which it is referred, according to what the file reveals or, defect, what reason commands. The judge is seized by simple request from one of the parties, or by joint request; it can also be seized ex officio.

The judge rules after hearing the parties or those called upon. However, when entered by request, he rules without a hearing, unless he considers it necessary to hear the parties. The corrective decision is mentioned on the minute and on the judgment dispatches. She is notified as the judgment.
 If the amended decision has become final, the corrective decision cannot be attacked only by way of appeal to the Court of Cassation"

**On admissibility**

No legal provision requires that the request for rectification of the judgment be made together with a claim for its annulment. Furthermore, the argument that the rectification would have the effect of significantly changing the court's decision by ruling on the merits of the application relates to the merits of the application and not to its admissibility.
The grounds of inadmissibility raised by Commisimpex must therefore be rejected.

## <u>On the Merits</u>

El Chaer Law firm paul.s translation

It follows from reading the judgment that the decision is structured as follows:
- Statement of facts (p. 2)
- Procedure (p. 3)
- Submissions of the parties and reasons for the decision (p. 8) –
- On the request for incompetence (p. 8)
- Statement of Means (p. 8)
- Motivation (p. 14)
- On the admissibility of the objection of incompetence (p. 15)
-  On his merits (p. 16)
- On the application of section 700 of the CPC and costs (p. 19)
- By these reasons (p. 19).

It does not appear from the outline of the judgment that the court ruled on the request of the Total companies Holdings and Total SE seeking to have Commisimpex's requests dismissed trained against them.

Furthermore, reading the reasoning relating to the merit of the objection of incompetence establishes that the obligations of Total Holdings and Total SE with regard to Commisimpex have been examined for the sole purpose of determining whether they could qualify as defendants anchor. Indeed, after having studied the Guarantee of December 22, 1986, and the agreement of establishment, as well as its annexes, and concluded that it had not been demonstrated that the Total Holding and Total SE have debts owed to the Republic of Congo, the court concluded as follows: "As a result, and in view of the documents submitted to the debate, Commisimpex does not demonstrate that Total Holdings and Total SE are assigned as serious obligors of the obligations that she alleges".

The sentence of the judgment according to which the dispute only opposes companies incorporated under foreign law and the Republic of Congo is certainly ambiguous; nevertheless, it cannot be deduced, at least having regard to the above elements, which the first judges heard Commisimpex

reject requests made against Total Holding and Total SE, even if the latter had concluded in this sense.

Their request for the rectification of the judgment cannot therefore be successful.

It follows that subsequent applications for a declaration must also be rejected, the appeal against Total Holdings and Total SE is inadmissible, void and without subject matter, being noted that the latter do not raise any grounds of invalidity and no objection of invalidity has been raised in limine litis by the parties

## On costs and Article 700 of the Code of Civil Procedure

With respect to the outcome of the dispute, the judgment referred shall be set aside by the heads of costs and Article 700 of the Code of Civil Procedure.
TEP Congo company, which had raised the court's incompetence alone, succumbs. It shall therefore bear the costs of first instance relating to the judgment on the exception incompetence, including distraction to the benefit of Me Debray.

The costs of appeal, including those for Mr. Debray, will be borne by the TEP Congo, Total Holdings and Total SE.

The company TEP Congo will be ordered to pay the sum of 30,000 Euros for unrecoverable costs at first instance.

In respect of the unrecoverable costs incurred by Commisimpex in the appeal, the company TEP Congo will be condemned to pay him, alone, the sum of 30.000 euros and Total Holdings and Total SE ordered in solidum to pay him the sum of 60,000 euros.

# <u>FOR THESE REASONS</u>

The Court ruling by judgment delivered in default,

Rejects exhibits no. 172 to 201 submitted by the Commission Import Export;

Says there is no reason to reject the "documents and correspondence sent by the appellant's counsel at court";

Rejects the inadmissibility based on the inadmissibility of the notice of appeal and the summons on a fixed day;

Rejects the inadmissibility based on the inadmissibility of the appeal;

Rejects the request of Commission Import Export for annulment of the judgment;

Rejects the inadmissibility raised by the company Commission Import Export based on the inadmissibility of the request for rectification of a material error made by Total Energies Holdings and Total Energies SE;

Rejects the request of Total Energies Holdings and Total Energies SE for rectification of the judgment;

Overturn the judgment subject of appeal in all its provisions;

Adding to the judgment,

Rejects the plea of inadmissibility based on the inadmissibility of the objection of incompetence raised by Total Energies E&P Congo.

Ruling again on infirm heads and adding,

Rejects the objection of incompetence raised by the Total Energies E&P Congo;

Orders the company Total Energies E&P Congo to pay the costs of first instance relating to the judgment ruling on the objection of incompetence, including distraction for the benefit of Me Debray;

Condemns in solidum Total Energies E&P Congo, Total Energies Holdings and Total Energies SE, with costs of appeal, including the diversion to Mr. Debray;

Condemns Total Energies E&P Congo to pay Commission Import Export the sum of 30,000 euros for unrepeatable expenses incurred in the first instance and that of EUR 30,000 for the non-refundable costs incurred in the appeal;

Condemns in solidum Total Holdings and Total SE to pay to the company Commission Import Export the sum of 60,000 euros for the unrepeatable costs incurred in the appeal;

Rejects the request of Total Energies E&P Congo, Total Energies Holdings and Total Energies SE from their claims under Article 700 of the Code of Civil Procedure.

Delivered publicly by making the judgment available to the registry of the Court, the parties having been notified in advance under the conditions provided for in the second paragraph of Article 450 of the Code of civil procedure.

Signed by Florence DUBOIS-STEVANT, President, and Mr. Hugo BELLANCOURT, Registrar, to whom the minutes of the decision were handed over by the magistrate signatory.

      The Registrar                          The President