# GIBSON DUNN

Gregg J. Costa
Partner
T: +1 346.718.6649
M: +1 281.475.5902
gcosta@gibsondunn.com

October 28, 2025

VIA ELECTRONIC FILING

The Honorable Ronnie Abrams
United States District Court
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, NY 10007

Re:    *In re Application of Commissions Import-Export S.A. For Judicial Assistance Pursuant to 28 U.S.C. § 1782*, No. 25-MC-00463-RA (S.D.N.Y.)

Dear Judge Abrams:

We are counsel to TotalEnergies EP Congo ("TotalEnergies") and write to inform the Court that we intend to oppose Commissions Import-Export S.A.'s ("Commisimpex") discovery application under 28 U.S.C. § 1782 in the above-captioned action. That challenge could quickly become moot if the Court grants Commisimpex's application to obtain information from third-party custodians without first hearing TotalEnergies' substantial and meritorious objections. Accordingly, TotalEnergies respectfully requests the Court's leave to file a motion to intervene and to ultimately oppose the petition to protect its and its affiliates' confidential financial information from this abusive and meritless Section 1782 application.

This action purports to seek discovery in aid of proceedings against TotalEnergies in France. As TotalEnergies will explain in its briefing, Commisimpex's claims in that litigation are a sham—TotalEnergies disputes them entirely. As Commisimpex has conceded, the trial court in France actually dismissed the case for lack of jurisdiction. Although an intermediate appellate court reversed, France's high court—the Court of Cassation—is reviewing that decision and will decide by mid-2026 on the question of whether the French courts have jurisdiction in the first place. In the meantime, the trial court has been asked to stay proceedings on the merits and will issue its decision on that stay application by January 2026.

Notwithstanding that TotalEnergies vigorously contests its alleged liability under the supposed guaranty, Commisimpex's application should be denied because it is an overbroad and meritless fishing expedition that fails to satisfy the Section 1782 standard. At the very least, the Court should permit TotalEnergies to participate in the proceedings and make its case for why Commisimpex should not be allowed to rummage through TotalEnergies group's sensitive and nonpublic financial information and harass its U.S. business relations. Among other defects, which

TotalEnergies will document in its full opposition, the Petition should be denied for the following two clear reasons right off the bat.

*First*, Commisimpex's application is premature. As Commisimpex itself admits, the trial court in France actually *dismissed* this case for lack of jurisdiction—and although the intermediate appellate court reversed, the French high court is considering a further appeal and in a matter of months will decide whether to dismiss the case altogether given the jurisdictional defects. In the meantime, the trial court has been asked to stay the proceedings entirely and will issue its decision on that stay request by January 2026. Should the action be stayed and ultimately dismissed, there will be no basis for the discovery sought and the application will be moot. Commisimpex does not and cannot allege that there is an urgent need for the documents it seeks here given the early stage of the French proceedings. Accordingly, to conserve this Court's and the parties' resources, TotalEnergies respectfully submits that there is no need to grant Commisimpex's highly intrusive request at this time. At the very least, this proceeding should be stayed pending resolution of the impending Court of Cassation's decision.

*Second*, the discovery Commisimpex seeks is either accessible in the French case or entirely irrelevant. Indeed, "[t]he sheer breadth of the information requested, well beyond that which would be relevant to the [issues here] . . . suggests that Petitioners are on a fishing expedition and that the application is misusing the § 1782 device." *In re Palladian Partners, L.P.*, 2025 WL 2814719, at *10 (S.D.N.Y. Oct. 3, 2025) (quotation omitted). Among other things, Commisimpex seeks confidential, nonpublic financial information that TotalEnergies SE relied on in submitting its Form 20-F annual report documenting its financial health, documents and information it submitted in the course of its issuance of a $4.25 billion supplemental prospectus in 2024. But any such evidence would already be in the possession of parties to the French matter and thus available in that proceeding. Commisimpex can try to seek that information directly from parties in the Commercial Court of Nanterre, and it has not argued that it is unable to do so or that such discovery is otherwise unavailable. By contrast, the only things Commisimpex seeks that it *can't* get from parties to the French matter are internal communications from the various third parties Commisimpex is targeting—*i.e.*, the New York Stock Exchange and others. But those financial institutions' internal communications are completely irrelevant to the French case—and reflect nothing more than an attempt to harass by seeking discovery from prominent members of the U.S. financial system on the eve of TotalEnergies SE's anticipated listing on the NYSE. As courts in this district have repeatedly found when evaluating Section 1782 applications, "where a subpoena sweepingly pursues material with little apparent or likely relevance to the subject matter it runs the greater risk of being found overbroad and unreasonable . . . even where, as here, complying with the request has not been shown to be onerous." *In re Saul Klein*, 2023 WL 8827847, at *14 (S.D.N.Y. Dec. 21, 2023) (quotation omitted), *aff'd sub nom. Klein v. Altara RK Invs. Ltd.*, 2025 WL 560105 (2d Cir. Feb. 20, 2025).

Accordingly, TotalEnergies seeks leave to file a motion to intervene and to protect its group's confidential financial information from this abusive Section 1782 application. As the "party against whom the requested information is to be used," TotalEnergies "has

standing to challenge the validity of [the] subpoena on the ground that it is in excess of the terms of . . . § 1782." *Application of Sarrio, S.A.*, 119 F.3d 143, 148 (2d Cir. 1997) (quoting *In re Letter Rogatory from Justice Court, Montreal*, 523 F.2d 562, 564 (6th Cir. 1975)); *see also In re Ord. To Take Discovery for Use in a Foreign Proceeding Pursuant To 28 U.S.C. § 1782*, 2025 WL 1446876, at \*3 (S.D.N.Y. May 20, 2025) (granting the motion to intervene of a target of a Section 1782 application).

For these reasons, TotalEnergies requests the opportunity to be heard in connection with this Section 1782 application. Should the Court be amenable, we are prepared immediately to meet and confer with Petitioner's counsel, to arrive at a mutually convenient briefing schedule on the motion to intervene and, should intervention be granted, for a briefing schedule for TotalEnergies to oppose this Application. We thank the Court for its consideration.

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

/s Gregg Costa (*pro hac vice forthcoming*)

/s Lee R. Crain